**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

|  |  |  |
|---|---|---|
| OHIO A. PHILIP RANDOLPH INSTITUTE, *et. al* | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:18-cv-00357-TSB-KNM-MHW |
| v. | ) ) ) | Judge Timothy S. Black Judge Karen Nelson Moore Judge Michael H. Watson |
| RYAN SMITH, Speaker of the Ohio House of Representatives, *et al.* | ) ) ) | Magistrate Judge Karen L. Litkovitz |
| Defendants. | ) ) ) | |

## STIPULATION AND PROTECTIVE ORDER

WHEREAS, Plaintiffs and Defendants (the "Parties") acknowledge that disclosure and discovery activity in this action are likely to involve production of the Parties' and third parties' confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted.

WHEREAS, the Parties hereby stipulate to and request that the Court enter the following Stipulated Protective Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles.

IT IS HEREBY STIPULATED BY THE PARTIES that the following provisions shall govern the production and use in the above-captioned action of records, documents and/or information produced by the Parties and by third parties in this action that may be protected by state and/or federal privacy laws or privileges, and otherwise might intrude upon the privacy or

1

competitive interests of individuals or organizations to whom such records, documents and/or information pertain.

    1.   **Definitions**

In this Stipulation and Protective Order, the words set forth below shall have the following meanings:

    a.   "Confidential Information" means non-public information in whatever form (including but not limited to documents and records, whether in written or electronic form, discovery responses, expert reports, and deposition, hearing, and trial testimony) that is in the possession of a Designating Party who believes in good faith that such information is entitled to confidential treatment under applicable law. Confidential Information includes not only the private and confidential information contained in source documents and databases, but also (i) testimony, conversations, or presentations by Parties and third parties or their counsel that reflect Confidential Information; (ii) any information copied or extracted from Confidential Information; and (iii) summaries, charts or other similar compilations or descriptions of such information prepared from and including private and confidential information; provided, however, that where the testimony, conversation, presentation, summary, chart or similar compilation or description does not reveal any individualized private or confidential information, it shall not be treated as Confidential Information. Information or documents that are available to the public may not be designated as highly confidential.

    b.   "Designating Party" means the party, including a third party, that is producing the documents, records, discovery responses, or other information that is claimed to be or contain Confidential Information, and any party asserting that the information is Confidential Information (even if not the producing party).

2

c.      "Receiving Party" means the party or parties to whom the Confidential Information is produced.

2.      **Designating/Marking "Confidential Information"**

The confidentiality rules in this Order will apply to all material designated "Confidential Information" in the manner set forth herein.

a.      The designation of material in the form of documents, discovery responses, or other tangible material other than depositions or other pre-trial testimony shall be made by the Designating Party by affixing the legend "CONFIDENTIAL INFORMATION" on each page containing information to which the designation applies.

b.      All material designated "Confidential Information" that is not reduced to documentary, tangible, or physical form or that cannot be conveniently designated in the manner set forth above shall be designated by the Designating Party by informing the Receiving Party of the designation in writing.

c.      With respect to deposition testimony, the Designating Party shall provide prompt notice that it will seek the protections of this Protective Order either at the deposition or within seven (7) days after receipt of the deposition transcript, in accordance with the provisions and restrictions of this Protective Order. Unless otherwise designated at or during the deposition, all deposition testimony shall be treated as if designated "Confidential Information" until the expiration of such seven (7) day period. No later than the seventh day after the transcript is delivered to the Designating Party, it shall serve a Notice of Designation to all parties of record and the court reporter for the deposition in question as to specific pages of the transcript that shall be designated Confidential Information. Thereafter, only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The court report shall

provide a final copy of the transcript that reflects any designations of pages as Confidential Information in the lower left-hand corner of each designated page.

        d.      The Parties agree that they shall designate as "Confidential Information" only such documents, electronically stored information, or other things that truly contain private, confidential or highly sensitive information relating to a party or to non-parties. Applying such marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. The Parties agree that the confidentiality designation is expected and intended to be applied narrowly and consistent with the presumption of open court proceedings. At this time, the Parties anticipate that the designation will be used for personal identifiers (such as birth dates and social security numbers) and membership lists (if requested in discovery).

        e.      An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

        f.      Any party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality

designation by electing not to mount a challenge promptly after the original designation is disclosed.

        g.      The Challenging Party shall initiate the meet and confer dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.

        h.      If the Parties and/or any third party cannot resolve a challenge without Court intervention, the Challenging Party shall schedule a telephone conference with all counsel and the Court, per the Court's standing orders. After such conference, the Challenging Party shall file and serve a motion challenging the Designating Party's confidentiality designation, if needed. If the Challenging Party files any Confidential Information, or intends to refer to the content of any Confidential Information in a manner that would disclose the Confidential Information, in support of its motion, it shall follow the procedures set forth in Section 6 of this Protective Order. All parties shall continue to treat the subject material as confidential until the court rules on the challenge.

        3.      **Limitation on Use of Confidential Information**

All Confidential Information disclosed pursuant to this Stipulation and Protective Order shall be used for the sole purpose of preparing for or conducting this litigation, including, but not limited to, investigation, consultation, discovery, depositions, expert reports, trial preparation, motions, trial, appeal, settlement, mediation, monitoring (if ordered by the Court), or uses incidental to the proceedings in the case.

5

4.    **Persons To Whom Confidential Information May Be Disclosed**

Except with the prior written consent of the Designating Party, Confidential Information may be disclosed only to the following:

      a.    Parties and counsel for Parties, and persons employed in the offices of such counsel;

      b.    Independent consultants or experts and their staff not employed by or affiliated with a party who are retained either as consultants or expert witnesses for the purpose of this litigation, as long as they agree to be bound by the terms of this Protective Order or the Court's order(s) as if they were parties;

      c.    Employees of any party who may provide actual assistance in the conduct of the litigation in which the information is disclosed, but only to the extent necessary to allow them to provide that assistance;

      d.    Any deposition, trial, or hearing witness in the proceeding who previously had access to the Confidential Information, including the author or recipient of a document containing the information;

      e.    Any deposition, trial, or hearing witness in the proceeding who previously did not have access to the Confidential Information; provided, however, that each such witness given access to Confidential Information shall be advised that such information is being disclosed pursuant to, and is subject to, the terms of this Stipulation and Protective Order;;

      f.    Copy or imaging services retained by counsel to assist in the duplication or processing of Confidential Information, and only insofar as necessary for them to provide that assistance;

        g.      The Court, Court personnel, and professional court reporters to the extent that Confidential Information is disclosed at a deposition or hearing which they are transcribing.

        h.      Other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as my be agreed or ordered, but such consent shall not be unreasonably withheld.

    5.      **Protection of Confidential Information**

Any party receiving or obtaining Confidential Information pursuant to this Stipulation and Protective Order, including counsel for any receiving party, must maintain such Confidential Information in a manner designed to prevent disclosure to persons not authorized under this Stipulation and Protective Order.

    6.      **Filing of Confidential Information**

A party intending to file any document(s) containing any information designated as Confidential Information by the other party or any nonparty must provide five days' notice to the Designating Party, who shall then determine whether to seek leave of Court to have the Confidential Information filed under seal pursuant to Local Rule 5.2.1. In accordance with Sixth Circuit precedent, the motion to file under seal shall be granted only if the Designating Party establishes compelling reasons for the seal that outweigh the public's interest in access to court records, and further establishes that the seal is narrowly tailored to those compelling reasons.

7.    **Changes/Additional Relief**

This Stipulation and Protective Order may be amended by the written agreement of counsel for the Parties in the form of a stipulation that shall be filed with the Court for approval and amended Order.

8.    **Unauthorized Disclosure**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

9.    **Use of Confidential Information at Trial**

Nothing in this Order shall be construed to limit the use of any document at any trial or hearing provided that the Parties take necessary advance precautions to avoid the public disclosure of Confidential Information. A party that intends to present or anticipates that another party may present Confidential Information at a hearing or trial shall bring that issue to the Court's and Parties' attention sufficiently in advance of the proceeding without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents at trial.

10.   **Action by the Court**

Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any Orders that may be appropriate with respect to the use and disclosure

8

of any documents produced or used in discovery or at trial, including the ability to order removal of a confidentiality designation.

11. **No Waiver Regarding Admissibility**

A party, upon the providing of Confidential Information or documents pursuant to this Stipulation and Protective Order, does not waive any objection to the admissibility of said information or documents or any portion thereof at trial on the grounds of relevance, privilege, prejudice or competency.

12. **Databases**

Should the Parties become aware of privacy issues concerning such databases, which issues are not addressed in this Protective Order, the Parties shall work in good faith with the custodians of such databases to address those issues, including if necessary by requesting additional protective orders or revisions to this Protective Order.

13. **No Waiver of Objections**

The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any party with respect to the discovery of matters, including but not limited to any party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any party's right to contest any such assertion.

14. **Application to Non-Parties**

This provision applies with equal force whether Confidential Information is produced by a party or a non-party. The Parties shall share a copy of this Order with any third party who has already received a subpoena, and shall attach a copy of this Order to any future subpoena or other document request.

15.    **Order Remains in Force**

This Stipulation and Protective Order shall continue to be binding after the conclusion of this proceeding and all subsequent proceedings arising from this proceeding, except that a party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding is terminated.

16.    **Return/Destruction of Confidential Information**

Except as otherwise prohibited by federal law or the law of Ohio, at the conclusion of the litigation, all documents (whether paper or in electronic form) containing Confidential Information shall be returned to the party who produced them or securely destroyed by the party who received them within thirty (30) days of that date, except as otherwise agreed by the Designating Party. "Conclusion" in this paragraph includes the conclusion of any appeals and the termination of any monitoring ordered by the Court or agreed to by the Parties as part of a settlement. Counsel for each Receiving Party will provide the Designating Party with assurances sufficient to show that all documents containing Confidential Information produced by that party has been returned and/or permanently and irretrievably destroyed. To the extent all Confidential Information has been redacted from a document, this paragraph does not apply to the redacted document.

This paragraph applies to all documents that have been designated as containing Confidential Information, with the exception of one complete set of all documents filed with the Court, including those filed under seal. Such documents shall continue to be protected by this Order.

10

Respectfully submitted,
July 30, 2018

Steven T. Voigt (0092879)
Principal Assistant Attorney General
Nicole M. Koppitch
Assistant Attorney General
Constitutional Offices Section
30 East Broad Street, 16th Floor
Columbus, Ohio 43215
Tel.: (614) 466-2872
Facsimile: (614) 728-7592
steven.voigt@ohioattorneygeneral.gov
nicole.koppitch@ohioattorneygeneral.gov
*Attorneys for Defendants*

Phillip J. Strach**
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
4208 Six Forks Road, Suite 1100
Raleigh, NC 27609
Tel.: (919) 787-9700
Facsimile: (919) 783-9412
phillip.strach@ogletree.com
*Attorney for Defendants Smith & Obhof*

**pro hac vice* to be submitted

*/s/ Freda J. Levenson*, trial attorney
Freda J. Levenson (0045916)
American Civil Liberties Union of Ohio Fdtn.
4506 Chester Avenue
Cleveland, OH 44103
Tel.: (216) 472-2220
Facsimile: (216) 472-2210
flevenson@acluohio.org

T. Alora Thomas
Dale E. Ho
Theresa J. Lee
Emily Rong Zhang
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
athomas@aclu.org
dho@aclu.org
tlee@aclu.org
erzhang@aclu.org

Paul Moke (0014099)
Cooperating Attorney for ACLU of Ohio
Wilmington College*
1252 Pyle Center
Wilmington, Ohio 45177
Tel.: 937-725-7501
paul.moke@gmail.com
* Institutional affiliation for the purpose of
identification only

Robert Fram
Nitin Subhedar
Jeremy Goldstein
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
Tel.: (415) 591-6000
rfram@cov.com
jgoldstein@cov.com
nsubhedar@cov.com

Michael Baker
Perrin Cooke
Peter Rechter
Isaac Wood
Covington & Burling LLP
850 Tenth Street, NW
Washington, DC 20001
Tel.: (202) 662-6000
mbaker@cov.com
pcooke@cov.com
prechter@cov.com
iwood@cov.com

*Attorneys for Plaintiffs*

Dated:    August 9 , 2018

**IT IS HEREBY ORDERED,** that the above Stipulation and Protective Order shall stand as the Order of this Court.

_____
The Honorable Timothy S. Black
U.S. District Court Judge

12