## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| OHIO A. PHILIP RANDOLPH INSTITUTE, *et al.*, | ) ) | No. 1:18cv357 |
| | ) | |
| Plaintiffs, | ) ) | ORDER GRANTING MOTION FOR INTERVENTION (DKT. 42) |
| v. | ) ) | |
| RYAN SMITH, *et al.*, | ) ) | |
| Defendants. | ) | |

**Before: Moore, Circuit Judge; Black and Watson, District Judges.**

Pending before this Court is a motion to intervene (Dkt. 42).  In accordance with our explanation below, we **GRANT** the motion.

## I.      BACKGROUND

The plaintiffs filed their Second Amended Complaint on July 11, 2018.  Dkt. 37 (2d Amend. Compl.) (Page ID #286–339).  On July 20, the defendants filed a motion to dismiss.  Dkt. 46 (Mot. to Dismiss) (Page ID #448–71).  That same day, a varied group of individuals and associations moved to intervene as a matter of right under Federal Rule of Civil Procedure 24(a) or, in the alternative, for permissive intervention under Rule 24(b).  Dkt. 42 (Mot. to Intervene) (Page ID #357–58).  The plaintiffs oppose the motion to intervene, but the defendants do not.  Dkt. 55 (Pl. Opp. to Mot. to Intervene) (Page ID #569–90); Dkt. 42 (Mot. to Intervene at 2) (Page ID #358).

The proposed intervenors can be divided into three categories. Dkt. 42 (Mot. to Intervene) (Page ID #357). The first is a group of ten Republican Congressmen who all plan to run for reelection: Steve Chabot (1st District), Brad Wenstrup (2nd District), Jim Jordan (4th District), Bob Latta (5th District), Bill Johnson, (6th District), Bob Gibbs (7th District), Warren Davidson (8th District), Michael Turner (10th District), Dave Joyce (14th District), and Steve Stivers (15th District). Dkt. 43 (Proposed Intervenors Mem. at 3–4) (Page ID #382–83). The second group is comprised of two county Republican parties: the Republican Party of Cuyahoga County and the Franklin County Republican Party. *Id.* at 4-5 (Page ID #383–82); Dkt. 42 (Mot. to Intervene) (Page ID #357). The last group is a collection of individual voters who are members of the Republican Party and intend to support the reelection of the current Republican Congressmen: Robert F. Bodi (Westlake, 16th District), Roy Palmer III (Toledo, 9th District), Charles Drake (Cleveland Heights, 11th District), and Nathan Aichele (Columbus, 3rd District). Dkt. 43 (Proposed Intervenors Mem. at 4) (Page ID #383).

## II. ANALYSIS

There are two types of intervention—intervention as of right and permissive intervention—and they are governed by different standards. *Compare* FED. R. CIV. P. 24(a), *with* FED. R. CIV. P. 24(b). The proposed intervenors have moved, in the alternative, under both provisions. Dkt. 42 (Mot. to Intervene) (Page ID #357–58). Because we conclude that the proposed intervenors satisfy the requirements for permissive intervention, we need not decide whether they can intervene as of right. *See Suhar v. N.H. Ins. Co.*, No. 4:08-CV-2280, 2009 WL 1314758, at *4 (N.D. Ohio May 11, 2009); *Lexington Streetsboro, LLC v. Geis*, No. 5:07CV02450, 2008 WL 5723491, at *3 (N.D. Ohio Feb. 22, 2008); *Grange Mut. Cas. Co. v. Corinthian Custom Homes, Inc.*, No. 3:07-0020, 2007 WL 3287343, at *1 (M.D. Tenn. Nov. 5, 2007).

Rule 24(b) grants to the district court the discretion to permit intervention if the proposed intervenor meets certain conditions. FED. R. CIV. P. 24(b). "To intervene permissively, a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact." *United States v. Michigan*, 424 F.3d 438, 445 (6th Cir. 2005). If the proposed intervenor establishes these two requirements, "the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether in the court's discretion, intervention should be allowed." *Id.* The district court's denial of permissive intervention is "reversed only for clear abuse of discretion." *Purnell v. City of Akron*, 925 F.2d 941, 951 (6th Cir. 1991).

## A. Timeliness

In determining whether a motion to intervene was timely filed, this Court must consider all "relevant circumstances." *United States v. Tennessee*, 260 F.3d 587, 592 (6th Cir. 2001). The Sixth Circuit has articulated five factors that are relevant to this evaluation:

> (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Id.* (quoting *Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989)); *see also Serv. Emps. Int'l Union Local 1 v. Husted*, 515 F. App'x 539, 541 (6th Cir. 2013).

Here, an analysis of these five factors and consideration of all relevant circumstances demonstrates that the proposed intervenors' motion is timely. First, although this lawsuit is being handled in an expedited manner, with a trial scheduled for March 2019, it is still in its preliminary stages, as discovery is ongoing and this Court has not yet issued any dispositive rulings. *Cf. Kirsch*

*v. Dean*, — F. App'x —, 2018 WL 2068691, at *5 (6th Cir. May 3, 2018); *DiLuzio v. Vill. of Yorkville*, No. 2:1-cv-1102, 2013 WL 12180485, at *3 (S.D. Ohio Dec. 10, 2013). Thus, this "critical factor," *Stupak-Thrall v. Glickman*, 226 F.3d 467, 475 (6th Cir. 2000), weighs in favor of the proposed intervenors.

Second, the proposed intervenors' stated purpose is to protect their asserted rights with respect to the central merits issue in this case. The Sixth Circuit "ha[s] been somewhat inconsistent in [its] approach to this second inquiry, at times focusing on whether the movants have asserted a legitimate purpose for intervention, and at other times asking whether the motion to intervene was timely in light of the stated purpose for intervening." *Kirsch*, 2018 WL 2068691, at *6 (internal citations and quotation marks omitted). Under the first iteration of the relevant analysis, this factor points towards finding timeliness. *See* Section II.B–C *infra*. Viewed through the lens of the second formulation, this factor also weighs in favor of finding that the proposed intervenors timely filed. They are asserting rights with respect to the entire litigation—including the merits and any proposed remedy—and have moved to intervene almost at the beginning of the litigation.

Next, the proposed intervenors filed their motion to intervene less than two months after the plaintiffs initiated this lawsuit. Dkt. 1 (Compl.) (Page ID # 1–44); Dkt. 42 (Mot. to Intervene) (Page ID #357–58). Although this factor "is one of the least important" of the relevant circumstances, *Stupak-Thrall*, 226 F.3d at 475, it still weighs in favor of timeliness. *See In re 2016 Primary Election*, No. 1:16-mc-5, 2016 WL 1392498, at *2 (S.D. Ohio Apr. 8, 2016).

In considering the fourth factor, this Court analyzes the prejudice, if any, caused to the parties from any delay in the intervention, and not the prejudice arising from the intervention itself. *United States v. City of Detroit*, 712 F.3d 925, 933 (6th Cir. 2013). The proposed intervenors filed their motion to intervene promptly, as explained *supra*, and have represented to the Court that "if

granted intervention in this case, [they will] be prepared to proceed on the current case management schedule." Dkt. 43 (Proposed Intervenors Mem. at 7) (Page ID #386); Dkt. 59 (Reply in Support of Mot. to Intervene at 1) (Page ID #621).

Lastly, this Court considers whether there are "unusual circumstances militating against or in favor of intervention." *Tennessee*, 260 F.3d at 592 (citation omitted). The plaintiffs argue that the expedited nature of this case is an "unusual circumstance" that favors denying intervention. Dkt. 55 (Pl. Opp. to Mot. to Intervene at 3) (Page ID #571). Certainly not all cases are expedited and thus this factor weighs slightly against the proposed intervenors. But the expedited nature of this case is not such an "unusual circumstance" that it alone "militat[es] against . . . intervention." *Tennessee*, 260 F.3d at 592 (citation omitted); *accord Blankenship v. Blackwell*, 341 F. Supp. 2d 911, 918 (S.D. Ohio 2004) (finding the motion to intervene timely and specifically noting that "the proposed intervenors have complied with the expedited schedule"); *Wilkins v. Daniels*, No. 2:12-cv-1010, 2012 WL 6015884, at *2 (S.D. Ohio Dec. 3, 2012) (holding that the motion to intervene was timely because the case, even though expedited, was "still in its early stages").

Finding that the weight of all relevant factors points towards timeliness, we conclude that the motion was timely filed.

### B. Common Question of Law or Fact

The proposed intervenors argue that they are "alleg[ing] at least one common question of law or fact." Dkt. 43 (Proposed Intervenors Mem. at 15) (Page ID #395) (quoting *Michigan*, 424 F.3d at 445). They contend that they are seeking to intervene to address the central issue in this case: the constitutionality of the 2011 Ohio congressional map. *Id.*

The Sixth Circuit has mainly described in the negative what constitutes a common question of law or fact for the purposes of permissive intervention. Thus, the Sixth Circuit has stated that a proposed intervenor is not required to show that its asserted intervention has "a strong nexus of common fact or law." *Meyer Goldberg, Inc. v. Fisher Foods, Inc.*, 823 F.2d 159, 164 (6th Cir. 1987). On the other hand, if a proposed intervenor seeks to raise only "orthogonal concerns" that arise from any collateral consequences that the parties' claims may have on the proposed intervenor's interests, this is insufficient to establish a common question of law or fact. *Kirsch*, 2018 WL 2068691, at *9; *see also City v. Herriman v. Bell*, 590 F.3d 1176, 1184 (10th Cir. 2010) ("[T]o intervene under Rule 24(b) the proposed intervenor must have a claim or defense that shares at least some aspect with a claim or defense presented in the main action."). Furthermore, merely "pleading similar responses" does not establish that a proposed intervenor shares a common question of law or fact. *Bay Mills Indian Cmty. v. Snyder*, 720 F. App'x 754, 757 (6th Cir. 2018). "[I]f that were true, any party wishing to intervene to support one side of a lawsuit could simply reiterate the pleadings of that side and thus meet the 'common question' requirement. Permissive intervention cannot be interpreted so broadly." *Id.* at 757–58.

Here, the plaintiffs do not contest that the proposed intervenors are raising common questions of law or fact. Dkt. 55 (Pl. Opp. to Mot. to Intervene at 18–20) (Page ID #586–88). Having been presented no argument to the contrary, we conclude that the proposed intervenors are alleging at least one "defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B); *compare, e.g.*, Dkt. 46 (Mot. to Dismiss at 2–3) (Page ID #451–52), *with* Dkt. 42-1 (Proposed Answer of Intervenors at 18) (Page ID #377); *cf. Liberte Capital Grp. v. Capwill*, 126 F. App'x 214, 220 (6th Cir. 2005).

### C.  Potential Undue Delay and Prejudice

The plaintiffs oppose the proposed intervenors' motion for permissive intervention on the basis that "the entry of 16 additional parties into this case will substantially increase the likelihood of delay."  Dkt. 55 (Pl. Opp. to Mot. to Intervene at 18) (Page ID #586).  The plaintiffs argue that the proposed intervenors should instead participate in this case as *amici curiae*.  *Id.* at 19 (Page ID #587).

"Additional parties always take additional time that may result in delay and that thus may support the denial of intervention.  But delay in and of itself does not mean that intervention should be denied."  7C CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE & PROCEDURE § 1913 (3d ed. April 2018 update) (footnote omitted).  Instead, the key consideration is whether the intervention will cause "undue delay."  *Id.*; *cf. Penick v. Columbus Educ. Ass'n*, 574 F.2d 889, 890–91 (6th Cir. 1978) (affirming the district court's denial of permissive intervention because the proposed intervenors moved to intervene "only at a late stage, following a decision on the question of liability, in proceedings which were already complex" and thus intervention would cause undue delay in the remaining proceedings).

Here, the proposed intervenors have represented to the Court that "if granted intervention in this case, [they will] be prepared to proceed on the current case management schedule."  Dkt. 43 (Proposed Intervenors Mem. at 7) (Page ID #386); Dkt. 59 (Reply in Support of Mot. to Intervene at 1, 17–19) (Page ID #621, 637–39).  They have also stated that they will avoid duplicative discovery.  Dkt. 59 (Reply in Support of Mot. to Intervene at 17) (Page ID #637).

We will hold the proposed intervenors to their representations.[1]  If it becomes clear that the proposed intervenors are failing to comply with the current case management schedule, we retain the discretion to limit the proposed intervenors' scope of intervention by, for example, restricting anything that is duplicative or that seeks to expand the litigation to include collateral or additional matters.  *Accord Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 373 (1987) (describing limitations imposed on the intervenors for the purpose of "minimiz[ing] any delay and confusion"); *Dep't of Fair Emp't & Hous. v. Lucent Techs., Inc.*, 642 F.3d 728, 741 (9th Cir. 2011) ("The district court's discretion under Rule 24(b)[] to grant or deny an application for permissive intervention includes discretion to limit intervention to particular issues." (alterations and internal quotation marks omitted)); *Columbus-Am. Discovery Grp. v. Atl. Mut. Ins. Co.*, 974

---

[1] The Court relies upon the following representations of the proposed intervenors and their counsel, who are officers of the Court:

- "The Intervenor Applicants will, if granted intervention in this case, be prepared to proceed on the current case management schedule." Dkt. 43 (Proposed Intervenors Mem.at 7) (Page ID #386).
- "[T]he Intervenor Applicants' admission in this case will not materially disrupt the existing parties' litigation strategies." *Id.*
- "[T]his case will be tried on March 4, 2019 . . . ." *Id.* at 14 (Page ID #393).
- "Trial is still seven months away.  And Intervenor Applicants are prepared to proceed on the current case schedule." Dkt. 59 (Reply in Support of Mot. to Intervene at 1) (Page ID #621)
- "[A]llowing intervention will not prejudice the original parties to this case or cause delay."  *Id.* at 17 (Page ID #637).
- "The parties have nearly five months to complete written discovery, document production and depositions.  Intervenor Applicants have already indicated they plan to abide by the current case schedule and will work to ensure that any discovery they seek of Plaintiffs will not duplicate that of other Defendants.
  **Similarly, even with Intervenor Applicants' participation, a ten-day trial is more than adequate. Pre-trial motions can be made jointly, and expert witnesses can often be shared. Evidence and witness testimony can be presented through declarations and/or deposition transcripts, and questing [sic] of necessary live witnesses, including experts, can be coordinated. Moreover, this Panel can control both the discovery process and structure of trial, including elimination of cumulative evidence to ensure the case proceeds on a timely track."** *Id.* (emphasis added).
- "[T]he parties here can certainly work together to present this case in a concise fashion . . . ." *Id.* at 18 (Page ID #638).
- "Here, Applicants will not need any prolonged discovery and have indicated they will comply with the discovery deadline."  *Id.* at 18–19 (Page ID #638–39).
- "[P]laintiffs now complain that intervention will delay these proceedings and disrupt the case schedule, even though **Intervenor Applicants have indicated no such intention.**"  *Id.* at 19 (Page ID # 639) (emphasis added).

F.2d 450, 469 (4th Cir. 1992) ("When granting an application for permissive intervention, a federal district court is able to impose almost any condition, including the limitation of discovery."); WRIGHT & MILLER, *supra*, § 1922; *cf. Friends of Tims Ford v. Tenn. Valley Auth.*, 585 F.3d 955, 963 n.1 (6th Cir. 2009) ("Federal courts have the authority to apply appropriate conditions or restrictions on an intervention as of right.").

### III.   CONCLUSION

For the foregoing reasons, we **GRANT** the proposed intervenor's motion for permissive intervention (Dkt. 42) in accordance with our explanation above.


ENTERED:  8/16/18

S/ Karen Nelson Moore
Signed for and on behalf of the panel:

HONORABLE KAREN NELSON MOORE
United States Circuit Judge

HONORABLE TIMOTHY S. BLACK
United States District Judge

HONORABLE MICHAEL H. WATSON
United States District Judge