**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| **Ohio A. Philip Randolph Institute**, *et al*., | Case No.: 1:18-cv-00357-TSB |
| Plaintiffs, | |
| | Judge Timothy S. Black |
| vs. | Judge Karen Nelson Moore |
| | Judge Michael H. Watson |
| **Ryan Smith**, Speaker of the Ohio House of Representatives, *et al.*, | |
| | Magistrate Judge Karen L Litkovitz |
| Defendants. | |

**ANSWER OF INTERVENORS, REPUBLICAN CONGRESSIONAL DELEGATION, OHIO VOTERS, AND REPUBLICAN PARTY ORGANIZATIONS TO PLAINTIFFS' SECOND AMENDED COMPLAINT**

For their Answer to Plaintiffs' *Second Amended Complaint* (ECF No. 37, the "**SAC**"), Intervenors, Steve Chabot, Brad Wenstrup, Jim Jordan, Bob Latta, Bill Johnson, Bob Gibbs, Warren Davidson, Michael Turner, Dave Joyce, Steve Stivers, Robert F. Bodi, Charles Drake, Roy Palmer III, Nathan Aichele, the Republican Party of Cuyahoga County, and the Franklin County Republican Party (together, the "**Intervenors**") respond as follows:

1.      Intervenors deny that Ohio's current congressional redistricting plan and each of its components are an unconstitutional partisan gerrymander in violation of the First or Fourteenth Amendments, or Article I of the United States Constitution.

2.      Intervenors are currently without knowledge or information sufficient to form a belief as to the truth of the voting statistics contained in paragraph 2 of the SAC, and, therefore, deny the same.  Intervenors deny the remaining allegations in paragraph 2 of the SAC.

3.      Intervenors deny the allegations in paragraph 3 of the SAC.

4.      Intervenors deny the allegations in paragraph 4 of the SAC.

5.      Intervenors state that the boundaries of Ohio's First Congressional District speak for themselves. Intervenors deny the remaining allegations in paragraph 5 of the SAC.

6.      Intervenors state that Ohio's 2011 congressional district plan speaks for itself, and lack knowledge sufficient to form a belief as to the truth of the statistics and other allegations set forth in paragraph 6 of the SAC.

7.      Intervenors admit that the quote is from Governor Kasich's amicus brief filed with the U.S. Supreme Court in the *Gill* case but deny the remainder of the allegations in paragraph 7 of the SAC.

8.      The first sentence of paragraph 8 of the SAC contains a legal conclusion to which no response is required.  Intervenors deny the remainder of paragraph 8 of the SAC.

9.      Paragraph 9 contains only legal conclusions to which no response is required.  To the extent paragraph 9 is interpreted to contain any factual allegations, such allegations are denied.

10.      Intervenors deny the allegations in paragraph 10 of the SAC.

11.      Intervenors deny the allegations in paragraph 11 of the SAC.

12.      Intervenors admit only that Plaintiffs seek such a declaration, but deny they are entitled to any requested declaratory relief.

13.      Intervenors admit that this Court has jurisdiction over this matter, but deny that Plaintiffs are entitled to any relief, and deny the remainder of the allegations in paragraph 13 of the SAC.

14.      Intervenors admit the allegations in paragraph 14 of the SAC.

15.      Intervenors admit the allegations in paragraph 15 of the SAC.

16.     Intervenors admit that venue is proper in this Court.  Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 16 of the SAC.

17.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the SAC, and, therefore, deny the same.

18.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the SAC, and, therefore, deny the same.

19.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the SAC, and, therefore, deny the same.

20.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the SAC, and, therefore, deny the same.

21.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the SAC, and, therefore, deny the same.

22.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the SAC, and, therefore, deny the same.

23.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the SAC, and, therefore, deny the same.

24.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the SAC, and, therefore, deny the same.

25.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the SAC, and, therefore, deny the same.

26.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the SAC, and, therefore, deny the same.

27.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the SAC, and, therefore, deny the same.

28.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the SAC, and, therefore, deny the same.

29.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the SAC, and, therefore, deny the same.

30.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the SAC, and, therefore, deny the same.

31.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the SAC, and, therefore, deny the same.

32.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the SAC, and, therefore, deny the same.

33.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the SAC, and, therefore, deny the same.

34.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the SAC, and, therefore, deny the same.

35.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the SAC, and, therefore, deny the same.

36.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the SAC, and, therefore, deny the same.

37.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the SAC, and, therefore, deny the same.

38.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the SAC, and, therefore, deny the same.

39.     Intervenors admit the allegations in paragraph 39 of the SAC.

40.     Intervenors admit the allegations in paragraph 40 of the SAC.

41.     Intervenors admit the allegations in paragraph 41 of the SAC.

42.     Intervenors admit the allegations in paragraph 42 of the SAC.

43.     Intervenors admit the allegations in paragraph 43 of the SAC.

44.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the SAC.

45.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the SAC.

46.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the SAC.

47.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the SAC.

48.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the SAC.

49.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the SAC.

50.     Intervenors admit the allegations in paragraph 50 of the SAC.

51.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the SAC.

52. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the SAC.

53. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the SAC.

54. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the SAC.

55. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 of the SAC.

56. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 56 of the SAC.

57. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 of the SAC.

58. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58 of the SAC.

59. Intervenors deny the allegations in the first sentence of paragraph 59 of the SAC. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 59 of the SAC.

60. Intervenors deny the allegations in paragraph 60 of the SAC.

61. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the SAC.

62. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the SAC.

63.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the SAC.

64.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the SAC.

65.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the SAC.

66.     Intervenors admit the allegations in paragraph 66 of the SAC.

67.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the SAC.

68.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the SAC.

69.     Intervenors admit the allegations in paragraph 69 of the SAC.

70.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 of the SAC.

71.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the SAC.

72.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72 of the SAC.

73.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 of the SAC.

74.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the SAC.

75.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 75 of the SAC.

76.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76 of the SAC.

77.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 of the SAC.

78.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78 of the SAC.

79.     Intervenors admit that HB 369 was introduced on November 3, 2011.  Intervenors deny that HB 319 had a "partisan skew" and that it "entrenched" any congressional representatives in office.  Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 79 of the SAC.

80.     Intervenors deny that HB 319 or HB 369 were gerrymandered maps.  Intervenors further answer that HB 369 speaks for itself.  Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 80 of the SAC.

81.     Intervenors admit that HB 369 was introduced in the House Rules Committee, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 81 of the SAC.

82.     Intervenors admit that the Ohio House of Representatives voted on HB 369 on December 14, 2011. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 82 of the SAC.

83.    Intervenors admit that HB 369 was introduced in the Ohio Senate on December 14, 2011 by Senator Keith Faber.  Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 83 of the SAC.

84.    Intervenors are without information sufficient to form a belief as to whether there were any protests of HB 369, but admit the remaining allegations in paragraph 84 of the SAC.

85.    Intervenors deny the allegations in paragraph 84 of the SAC.

86.    Intervenors are currently without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 86 of the SAC.

87.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 87 of the SAC.

88.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the statistics contained in paragraph 88 of the SAC.  Intervenors deny the remaining allegations in paragraph 88 of the SAC.

89.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the statistics contained in paragraph 89 of the SAC.  Intervenors deny the remaining allegations in paragraph 88 of the SAC.

90.    Intervenors deny the allegations in paragraph 90 of the SAC.

91.    Intervenors state that the shape of Ohio's Third Congressional District speaks for itself.  Intervenors are without knowledge or information sufficient to form a belief as to whether Plaintiff Inskeep lives in the Third Congressional District.  Intervenors deny the remainder of paragraph 91 of the SAC.

92.    Intervenors state that the shape of Ohio's Ninth Congressional District speaks for itself.

93.     Intervenors are without knowledge or information sufficient to form a belief as to whether Plaintiffs Walker and Rader reside in Ohio's Ninth Congressional District. Intervenors further state that the boundaries of Ohio's Ninth Congressional District speak for themselves. Intervenors deny the remaining allegations in paragraph 93 of the SAC.

94.     Intervenors state that the shape of Ohio's Eleventh Congressional District speaks for itself.

95.     Intervenors are without knowledge or information sufficient to form a belief as to whether Plaintiff Harris resides in Ohio's Eleventh Congressional District. Intervenors further state that the boundaries of Ohio's Eleventh Congressional District speak for themselves. Intervenors deny the remaining allegations in paragraph 95 of the SAC.

96.     Intervenors are without knowledge or information sufficient to form a belief as to whether Plaintiff Myer resides in Ohio's Thirteenth Congressional District. Intervenors further state that the boundaries of Ohio's Thirteenth Congressional District speak for themselves. Intervenors deny the remaining allegations in paragraph 96 of the SAC.

97.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the statistics contained in paragraph 97 of the SAC. Intervenors deny the remaining allegations in paragraph 97 of the SAC.

98.     Intervenors admit that no Democratic candidate won the general election for Ohio's First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, Tenth, Twelfth, Fourteenth, Fifteenth, and Sixteenth Congressional Districts in 2012, 2014, and 2016. Intervenors deny the remaining allegations in paragraph 98 of the SAC.

99.     Intervenors deny the allegations in paragraph 99 of the SAC.

100.    Intervenors are without knowledge or information sufficient to form a belief as to whether Plaintiff Goldenhar resides in Ohio's First Congressional District.  Intervenors further state that the boundaries of Ohio's First Congressional District speak for themselves.  Intervenors deny the remaining allegations in paragraph 100 of the SAC.

101.    Intervenors state that the boundaries of District 1 speak for themselves.

102.    Intervenors state that the boundaries of District 1 speak for themselves and deny the remainder of paragraph 102 of the SAC.

103.    Intervenors are without knowledge or information sufficient to form a belief as to whether Plaintiff Libster resides in Ohio's Fourth Congressional District.  Intervenors further state that the boundaries of Ohio's Fourth Congressional District speak for themselves. Intervenors deny the remaining allegations in paragraph 103 of the SAC.

104.    Intervenors are without knowledge or information sufficient to form a belief as to whether Plaintiffs Booth and Thobaben reside in Ohio's Sixth Congressional District. Intervenors further state that the boundaries of Ohio's Sixth Congressional District speak for themselves.  Intervenors deny the remaining allegations in paragraph 104 of the SAC.

105.    Intervenors state that the boundaries of Ohio's Sixth Congressional District speak for themselves and deny the remainder of the allegations in paragraph 105 of the SAC.

106.    Intervenors state that the boundaries of Ohio's Sixth Congressional District speak for themselves and deny the remainder of the allegations in paragraph 106 of the SAC.

107.    Intervenors state that the boundaries of Ohio's Fifteenth Congressional District speak for themselves and deny the remainder of the allegations in paragraph 107 of the SAC.

108.     Intervenors admit that Democratic voters in southeastern Ohio have had the opportunity to elect a congressional candidate of their choice, but deny the remaining allegations in paragraph 108 of the SAC.

109.     Intervenors are without knowledge or information sufficient to form a belief as to whether Plaintiff Rubin resides in Ohio's Sixteenth Congressional District.  Intervenors further state that the boundaries of Ohio's Sixteenth Congressional District speak for themselves. Intervenors deny the remaining allegations in paragraph 109 of the SAC.

110.     Intervenors admit that the current congressional plan in Ohio splits Cuyahoga, Summit and Stark Counties, but deny the remainder of paragraph 110 of the SAC.

111.     Intervenors admit that Cuyahoga County is split among four congressional districts, and state that the boundaries of Ohio's congressional districts contained within Cuyahoga County speak for themselves.  Intervenors deny the remainder of paragraph 111 of the SAC.

112.     Intervenors deny that Ohio's Ninth and Eleventh Congressional Districts are "packed" but are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 112 of the SAC, and, therefore, deny the same.

113.     Intervenors admit that Summit County is split among four congressional districts. Intervenors further state that the boundaries of Ohio's congressional districts contained within Summit County speak for themselves.  Intervenors deny the remainder of paragraph 113 of the SAC.

114.     Intervenors deny the allegations in paragraph 114 of the SAC.

115.     Intervenors state that the boundaries of Ohio's congressional districts in Summit County speak for themselves, and deny the remainder of paragraph 115 of the SAC.

116.    Intervenors admit that Stark County is split into three different congressional districts – 7, 13 and 16. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 116 of the SAC, and, therefore, deny the same.  Intervenors deny the remainder of paragraph 116 of the SAC.

117.    Intervenors admit that Franklin County, which contains Columbus, is split into three congressional districts, but deny the reminder of paragraph 117 of the SAC.

118.    Intervenors admit that Franklin County is split into three congressional districts and that the boundaries of such districts speak for themselves.  Intervenors deny the remainder of paragraph 118 of the SAC.

119.    Intervenors deny that any voters are "cracked" but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 119 of the SAC, and, therefore, deny the same.

120.    Intervenors deny the allegations in paragraph 120 of the SAC.

121.    Intervenors deny the allegations in the first sentence of paragraph 121 of the SAC. In response to the second sentence of paragraph 121 of the SAC, Intervenors state that the decisions in *Whitford* and *Rucho* speak for themselves.

122.    Intervenors deny the allegations in paragraph 122 of the SAC.

123.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 of the SAC.

124.    Intervenors admit that some scholars have recognized a so-called "efficiency gap" which purports to measure the difference between wasted votes between two political parties in a given election.  Intervenors deny that the efficiency gap is an appropriate measure of whether a

congressional districting plan is a partisan gerrymander, and deny the remainder of paragraph 124 of the SAC.

125.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 of the SAC, and, therefore, deny the same.

126.     Intervenors admit that some scholars have recognized a test called the "mean-median difference" and that it purports to show the partisan skew of a districting plan by subtracting one political party's mean vote percentage from its median vote percentage in a given election.  Intervenors deny that the "mean-median difference" is an appropriate measure of whether a congressional districting plan is a partisan gerrymander, and deny the remainder of paragraph 126 of the SAC.

127.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 of the SAC, and, therefore, deny the same.

128.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 of the SAC.

129.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 of the SAC, and, therefore, deny the same.

130.     Intervenors deny the allegations in paragraph 130 of the SAC.

131.     Intervenors admit that Ballot Issue 1, amending the method by which Ohio passes a congressional district map, was approved with 74.89% of the vote on May 8, 2018.  Intervenors deny the remaining allegations in paragraph 131 of the SAC.

132.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 of the SAC.

133.    Intervenors state that the language of Ballot Issue 1 speaks for itself.  Intervenors deny any allegations in paragraph 133 of the SAC inconsistent with the language of Ballot Issue 1.

134.    Intervenors state that the language of Ballot Issue 1 speaks for itself.  Intervenors deny any allegations in paragraph 134 of the SAC inconsistent with the language of Ballot Issue 1.

135.    Intervenors admit the allegations in paragraph 135 of the SAC.

**Count I: First Amendment**

136.    Intervenors incorporate their responses to paragraphs 1-135 of the SAC as if fully re-stated herein.

137.    Paragraph 137 of the SAC contains only legal conclusions to which no response is required.  To the extent paragraph 137 is interpreted to contain any factual allegations, such allegations are denied.

138.    Paragraph 138 of the SAC contains only legal conclusions to which no response is required.  To the extent paragraph 138 is interpreted to contain any factual allegations, such allegations are denied.

139.    Paragraph 139 of the SAC contains only legal conclusions to which no response is required.  To the extent paragraph 139 is interpreted to contain any factual allegations, such allegations are denied.

140.    Intervenors deny the allegations in paragraph 140 of the SAC.

141.    Paragraph 141 of the SAC contains only legal conclusions to which no response is required.  To the extent paragraph 141 is interpreted to contain any factual allegations, such allegations are denied.

142.     Paragraph 142 of the SAC contains only legal conclusions to which no response is required.  To the extent paragraph 142 is interpreted to contain any factual allegations, such allegations are denied.

143.     Intervenors deny the allegations in paragraph 143 of the SAC.

144.     Intervenors deny the allegations in paragraph 144 of the SAC.

145.     Intervenors deny the allegations in paragraph 145 of the SAC.

146.     Intervenors deny the allegations in paragraph 146 of the SAC.

147.     Intervenors deny the allegations in paragraph 147 of the SAC.

148.     Intervenors deny the allegations in paragraph 148 of the SAC.

## Count II: Right to Vote

149.     Intervenors incorporate their responses to paragraphs 1-148 of the SAC as if fully re-stated herein.

150.     Paragraph 150 of the SAC contains only legal conclusions to which no response is required.  To the extent paragraph 150 is interpreted to contain any factual allegations, such allegations are denied.

151.     Paragraph 151 of the SAC contains only legal conclusions to which no response is required.  To the extent paragraph 151 is interpreted to contain any factual allegations, such allegations are denied.

152.     Intervenors deny the allegations in the first sentence of paragraph 152 of the SAC. The remainder of paragraph 152 of the SAC contains only legal conclusions to which no response is required.  To the extent the remainder of paragraph 152 is interpreted to contain any factual allegations, such allegations are denied.

153.　Paragraph 153 of the SAC contains only legal conclusions to which no response is required.  To the extent paragraph 153 is interpreted to contain any factual allegations, such allegations are denied.

154.　Intervenors deny that Ohio's congressional districting plan places any burden on the fundamental right to vote.  The remainder of paragraph 154 of the SAC contains only legal conclusions to which no response is required.  To the extent the remainder of paragraph 154 is interpreted to contain any factual allegations, such allegations are denied.

155.　Intervenors deny the allegations in paragraph 155 of the SAC.

**<u>Count III: Equal Protection</u>**

156.　Intervenors incorporate their responses to paragraphs 1-155 of the SAC as if fully re-stated herein.

157.　Paragraph 157 of the SAC contains only legal conclusions to which no response is required.  To the extent paragraph 157 is interpreted to contain any factual allegations, such allegations are denied.

158.　Intervenors deny the allegations in paragraph 158 of the SAC.

159.　Paragraph 159 of the SAC contains only legal conclusions to which no response is required.  To the extent paragraph 159 is interpreted to contain any factual allegations, such allegations are denied.

160.　Intervenors deny the allegations in paragraph 160 of the SAC.

161.　Intervenors deny the allegations in paragraph 161 of the SAC.

162.　Intervenors deny the allegations in paragraph 162 of the SAC.

163.　Intervenors deny the allegations in paragraph 163 of the SAC.

164.　Intervenors deny the allegations in paragraph 164 of the SAC.

## Count IV: Article I

165.    Intervenors incorporate their responses to paragraphs 1-164 of the SAC as if fully re-stated herein.

166.    Paragraph 166 of the SAC contains only legal conclusions to which no response is required.  To the extent paragraph 166 is interpreted to contain any factual allegations, such allegations are denied.

167.    Paragraph 167 of the SAC contains only legal conclusions to which no response is required.  To the extent paragraph 167 is interpreted to contain any factual allegations, such allegations are denied.

168.    Intervenors deny the allegations in paragraph 168 of the SAC.

169.    Intervenors deny the allegations in paragraph 169 of the SAC.

170.    Intervenors deny each and every allegation of the SAC not expressly admitted herein as true.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs lack standing to pursue the claims asserted in the SAC.

2.    One or more of Plaintiffs' claims fail to state a claim upon which relief can be grated.

3.    Plaintiffs' claims are barred by the doctrines of estoppel, laches, and waiver.

4.    One or more of Plaintiffs' claims are non-justiciable.

5.    The current Ohio congressional district map complies with the requirements of the United States Constitution.

WHEREFORE, having fully answered the Second Amended Complaint, Intervenors request that Plaintiffs' Second Amended Complaint be dismissed with prejudice, with costs taxed to Plaintiffs.

Dated: July 20, 2018                         Respectfully submitted,

                                             **BAKERHOSTETLER LLP**

                                             /s/ Patrick T. Lewis
                                             Patrick T. Lewis (0078314)
                                             *Trial Attorney*
                                             Email: plewis@bakerlaw.com
                                             127 Public Square, Suite 2000
                                             Cleveland, OH  44114-1214
                                             (216) 621-0200 / Fax (216) 696-0740

                                             Robert J. Tucker (0082205)
                                             Email: rtucker@bakerlaw.com
                                             200 Civic Center Drive, Suite 1200
                                             Columbus, OH  43215-4138
                                             (614) 228-1541 / Fax (614) 462-2616

                                             Katherine L. McKnight(*)
                                             Email: kmcknight@bakerlaw.com
                                             Richard B. Raile(*)
                                             Email: rraile@bakerlaw.com
                                             Washington Square, Suite 1100
                                             1050 Connecticut Avenue, N.W.
                                             Washington, DC  20036-5403
                                             (202) 861-1500 / Fax (202) 861-1783
                                             (*) pro hac vice motions pending

                                             *Counsel for Intervenors*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 28, 2018, a true and correct copy of the foregoing was filed via the Court's CM/ECF system and served via electronic filing upon all counsel of record in this case.

/s/ Patrick T. Lewis  
Patrick T. Lewis (0078314)  
*Counsel for Intervenors*