IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| OHIO A. PHILIP RANDOLPH INSTITUTE, LEAGUE OF WOMEN VOTERS OF OHIO, THE OHIO STATE UNIVERSITY COLLEGE DEMOCRATS, NORTHEAST OHIO YOUNG BLACK DEMOCRATS, HAMILTON COUNTY YOUNG DEMOCRATS, LINDA GOLDENHAR, DOUGLAS BURKS, SARAH INSKEEP, CYNTHIA LIBSTER, KATHRYN DEITSCH, LUANN BOOTHE, MARK JOHN GRIFFITHS, LAWRENCE NADLER, CHITRA WALKER, TRISTAN RADER, RIA MEGNIN, ANDREW HARRIS, AARON DAGRES, ELIZABETH MYER, BETH HUTTON, TERESA THOBABEN, and CONSTANCE RUBIN, | No. 1:18-cv-00357-TSB |
| Plaintiffs, | Judge Timothy S. Black |
| | Judge Karen Nelson Moore |
| v. | Judge Michael H. Watson |
| | Magistrate Judge Karen L. Litkovitz |
| RYAN SMITH, Speaker of the Ohio House of Representatives, LARRY OBHOF, President of the Ohio Senate, and JON HUSTED, Secretary of State of Ohio, in their official capacities, | |
| Defendants. | |

**DEFENDANTS' POSITION STATEMENT REGARDING DEPOSITIONS**

The Court ordered the parties to confer about, among other things, the applicability of the parties' Rule 26(f) report to the intervenors. The parties' principal area of disagreement involves the number of depositions for each side.

Prior to the Court's order, intervenors had attempted to open discussions about the number of depositions. Plaintiffs responded "on this point there is really no room for compromise." (M. Baker email, 8/31/18). During the subsequent Court-ordered meet and confer,

intervenors proposed a reasonable plan—leaving the number of hours for all depositions for each side the same (*i.e.* 175 hours), but increasing the maximum number of depositions for each side from 25 to 35. Plaintiffs did not budge from their earlier position and rejected the proposal. Plaintiffs did not offer any compromise or alternative in return.

To the extent the Court deems this issue ready for decision now, intervenors' proposal makes sense for several reasons. First, after *Gill v. Whitford*, 138 S. Ct. 1916, 1929 (2018), each plaintiff has an affirmative obligation to prove facts establishing standing. Plaintiffs need to prove through facts and evidence that their claims seek to vindicate an "individual legal interest" and not a "collective political interest." *Id*. at 1932. This Court made it clear in its order on defendants' motion to dismiss that while plaintiffs could survive a motion to dismiss based on their allegations, plaintiffs still need to prove with facts that they have standing. (Dkt. 61) (Order Denying Motion to Dismiss at 13 n.4) (Page ID #665).

Thus, *Gill* has effectively made a deposition of each individual or organizational plaintiff an essential part of discovery. Here there are 22 plaintiffs. This leaves defendants, and now intervenors, with only three remaining fact depositions to split among themselves. *Gill* does not place a comparable practical restraint on how plaintiffs use their depositions. So, as the schedule stands, plaintiffs have 25 depositions to use as they choose, while defendants have constraints on defendants' depositions that are unique to redistricting litigation.

Second, the depositions of the individual plaintiffs are likely to be reasonably short depositions. With intervenors' proposal, defendants are encouraged to keep it that way, to allow some time for a few additional depositions of key witnesses. Importantly, the parties may be able to schedule more than one plaintiff deposition on any single day, and the overall schedule under intervenors' proposal will not change.

Third, when defendants and plaintiffs discussed the number of depositions during the expedited Rule 26(f) process, defendants were not aware of the extensive number of individuals that plaintiffs would later disclose as having discoverable information. Over a week after agreeing to 25 depositions, plaintiffs disclosed over *80 such individuals*. (Plaintiffs' Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1) (July 13, 2018)). Importantly, despite seven years to prepare their case, plaintiffs did not disclose during the parties' discussions about the discovery plan that they would later identify so many potential witnesses. *See Martin v. Trott Law, P.C.*, No. 15-12838, 2016 WL 9444403 (E.D. Mich. Dec. 20, 2016) (increasing number of depositions following opposing party's initial disclosures). Also, as discovery has progressed, and as defendants have gathered facts and documents, defendants have learned that various individuals played important roles in the development of the 2011 maps that were a compromise between political parties. Typically, in most cases, there is much more time to gather facts and make strategic decisions about depositions and witnesses. Here, in contrast, defendants are working uphill on an expedited schedule, having had only a fraction of the seven-year span plaintiffs have had to plan their case.

Lastly, restricting defendants to deposing only three non-plaintiff fact witnesses puts defendants at a significant disadvantage at trial. Under plaintiffs' 25-deposition plan, plaintiffs will most likely have the opportunity to depose every single defense witness who will be called at trial. In contrast, with only three depositions to spare, defendants will likely see most of plaintiffs' witnesses at trial for the first time. This prejudices defendants and will slow down the trial. If defendants will be limited to a fixed time to put on their case, defendants will need to spend precious time establishing basic foundational points.

Fundamental in our system of dispute resolution is the opportunity to take meaningful discovery.  *See Bell Data Network Communs. v. Symbol Techs.*, No. 96-1064, 1997 WL 289685 , *2 (6th Cir. May 29, 1997) (reversing because one party was not afforded an "adequate opportunity for discovery"); *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 232 (6th Cir. 1994) (*quotation and citation omitted)* (stating that an "adequate opportunity to conduct discovery" is essential).  Adequate discovery also avoids many problems, including unfair surprise, and it promotes efficient trials.

**CONCLUSION**

This Court should allow defendants and intervenors to take additional depositions based on the request by intervenors.

This the 12th day of September, 2018.

    MICHAEL DEWINE
Ohio Attorney General

By: /s/Phillip J. Strach
Phillip J. Strach*
N.C. State Bar No. 29456
*Lead and Trial Counsel*
Michael McKnight
N.C. State Bar No. 36932
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
4208 Six Forks Road, Suite 1100
Raleigh, NC 27609
Tel: 919-787-9700 | Fax: 919-783-9412
phil.strach@ogletree.com
michael.mcknight@ogletree.com

/s/Steven T. Voigt
Steven T. Voigt (0092879)
Principal Assistant Attorney General
Constitutional Offices Section
30 E. Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: 614- 466-2872 | Fax: 614-728-7592
steven.voigt@ohioattorneygeneral .gov

*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I, Phillip J. Strach, hereby certify that I have this day served the foregoing upon the following persons via electronic mail:

T. Alora Thomas-Lundborg
Dale E. Ho
Theresa J. Lee
Emily Rong Zhang
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
athomas@aclu.org
dho@aclu.org
tlee@aclu.org
erzhang@aclu.org

Freda J. Levenson (0045916)
American Civil Liberties Union of Ohio Fdtn.
4506 Chester Avenue
Cleveland, OH 44103
Tel.: (216) 472-2220
Facsimile: (216) 472-2210
flevenson@acluohio.org

Paul Moke (0014099)
Cooperating Attorney for ACLU of Ohio
Wilmington College*
1252 Pyle Center
Wilmington, OH 45177
Tel.: 937-725-7501
paul.moke@gmail.com
* Institutional affiliation for the purpose of identification only

Robert Fram
Nitin Subhedar
Jeremy Goldstein
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
Tel.: (415) 591-6000
rfram@cov.com
nsubhedar@cov.com
jgoldstein@cov.com

Michael Baker
Perrin Cooke
Peter Rechter
Isaac Wood
Covington & Burling LLP
850 Tenth Street, NW
Washington, DC 20001
Tel.: (202) 662-6000
mbaker@cov.com
pcooke@cov.com
prechter@cov.com
iwood@cov.com

*Attorneys for Plaintiffs*

Respectfully submitted, this the 12th day of September 2018.

MIKE DeWINE
Ohio Attorney General

By: /s/Phillip J. Strach
Phillip J. Strach*
N.C. State Bar No. 29456
*Lead and Trial Counsel*
Michael McKnight
N.C. State Bar No. 36932
phil.strach@ogletreedeakins.com
michael.mcknight@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4208 Six Forks Road, Suite 1100
Raleigh, North Carolina 27609
Telephone: (919) 787-9700
Facsimile: (919) 783-9412

Steven T. Voigt
Ohio State Bar No. 0092879
Nicole M. Koppitch
Ohio State Bar No. 0082129
Ohio Attorney General's Office
Constitutional Offices Section
30 E. Broad St., 16th Floor
Columbus, OH 43215
614-466-2872
Fax: 614-728-7592
Email: steven.voigt@ohioattorneygeneral.gov
Email: nicole.koppitch@ohioattorneygeneral.gov

35560860.1

35560860.1