IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| OHIO A. PHILIP RANDOLPH INSTITUTE, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> RYAN SMITH, Speaker of the Ohio House of Representatives, *et al.* <br><br> Defendants. | No. 1:18-cv-00357-TSB-KNM-MHW <br><br> Judge Timothy S. Black <br> Judge Karen Nelson Moore <br> Judge Michael H. Watson <br> Magistrate Judge Karen L. Litkovitz |

## PLAINTIFFS' STATEMENT REGARDING MATTERS FROM DISCOVERY STATUS CONFERENCE

Pursuant to the Court's Notation Order of September 11, 2018, Plaintiffs hereby submit their statement regarding the ongoing disagreement with Defendants and Intervenors regarding the number of fact depositions permitted "per side." While the parties have conferred telephonically and exchanged correspondence,[1] they have not been able to bridge their disagreement on this issue, requiring guidance from the Court.[2]

Plaintiffs' position is that the deposition limit should remain as set forth in the July 6, 2018 Rule 26(f) Report. That Report set the limit at 25 fact depositions per side. (This limit does not include expert depositions or depositions focused solely on the admissibility of documents.)

---

[1] The respective September 5, 2018 letters of Plaintiffs and Intervenors on the subject that followed the August 31, 2018 Conference with the Court are attached as Exhibits A and B hereto. Defendants participated in a September 4, 2018 telephone meet and confer but did not provide a letter stating the reasons for their position.

[2] Plaintiffs initially wrote to Intervenors on this point on August 20. They did not receive a response until August 30, at which time Intervenors protested Plaintiffs' proposal that the matter be discussed with the Court. Now, this issue has been under discussion for three weeks. Plaintiffs do not believe further delay is consistent with the expedited schedule in this case.

All parties agree that the Defendants and Intervenors together constitute one "side."  Therefore, Plaintiffs believe that Defendants and Intervenors together may notice 25 fact depositions.

The position of the Intervenors and the Defendants is that their "side" should be permitted to take 35 depositions, instead of 25, subject to a cap of 175 total hours.  In their September 5, 2018 letter on the subject, Intervenors appear to propose that Plaintiffs should still be subject to the 25 deposition limit.  *See* Exh. B.  Plaintiffs believe that Intervenors' position is inappropriate for the following reasons.

**(1) The question of deposition limits is not being determined on a blank slate.**  In their September 5, 2018 letter, Intervenors argue that the previously agreed upon 25 fact deposition limit should not apply to them because they were not a party to the agreement, memorialized in the Rule 26(f) Report presented to this Court.  Instead, they read the Order granting their intervention as a license to broaden the scope of discovery.  In their words:

> Your [Plaintiffs'] position on this issue avoids the merits and instead focuses on an agreement you reached with Defendants.  **But Intervenors were not a party to the agreement.**  That Intervenors may seek to take additional fact depositions not contemplated by Defendants is a prime example of how Intervenors' interests are not adequately represented by Defendants in this case, and why Intervenors were granted intervention to present evidence to protect those interests. . .

Exh. B (emphasis added).  At the August 31, 2018 Status Conference, the Court appeared to express a different view of the discovery limitations established in this case:

> The Court could not be more clear on the intervention order that: Don't be broadening this out and expanding.  We're glad to have you here, but Baker and Hostetler needs to get that.

August 31, 2018 Transcript at 13.

Plaintiffs' view is that Intervenors need to play by the rules that were carefully established before they intervened.  For them to amplify the case by an additional ten depositions is hardly consistent with that approach.  Moreover, to add ten extra depositions only for one side,

2

would be not just inconsistent with the Intervention Order, but unfair.  To be fair, Plaintiffs would need to be afforded an additional ten depositions resulting in an increase of 20 depositions in this case.  There is clearly not time in the calendar, nor is there the need, for 20 more depositions— a magnification of 40% beyond what was agreed upon over two months ago.

**(2) Intervenors' contention that they need more depositions so that they can depose Democrats is a red herring**.  The central theme of Intervenors' September 5 letter is that they need extra depositions in order to depose Democratic state legislators.  This contention is flawed for three reasons.

First, and most importantly, it misses the point that all sides in this case are constrained to make strategic judgments and set priorities.  That is the nature of an expedited schedule.  And it is consistent with the Federal Rules which set limits on depositions (as Defendants stressed prior to the Rule 26(f) Report).  As Intervenors' September 5 letter observes, Plaintiffs identified 87 witnesses in their Rule 26 Disclosure.  Plaintiffs nonetheless agreed to abide by the 25 deposition limit.  Intervenors and Defendants must similarly prioritize their case.

Second, the need for strategic decisions and priorities was well understood by the parties back in June.  In particular, on June 26, Plaintiffs filed their Amended Complaint, listing the 22 plaintiffs presently in the case.  Defendants stated that they wished to depose all 22 plaintiffs, but nonetheless joined in the July 6 Rule 26(f) Report, agreeing to a 25 deposition (with certain exceptions) per side limit.  Then, on August 8, Defendants served their Supplemental Interrogatory Responses, identifying a total of 13 persons involved in the redistricting process, bringing the total number of their potential deponents to 35.  Yet Defendants at no point suggested that they needed more than the 25 fact depositions.

Third, the fact that some Democrats might need to be deposed is hardly new information. Democratic involvement in the legislative process was discussed as early as in the original Complaint. *See* Complaint ¶¶ 72-77, 79-80; *see also* Second Amended Complaint ¶¶ 75-79, 82-83. The Legislative Defendants themselves disclosed a Democratic state legislator in their August 8, 2018 Supplemental Interrogatory response. Put simply, the role of Democrats in the process that led to the challenged map was obvious, and factored in, at the time that the July 6, 2018 Rule 26(f) Report was negotiated and submitted to the Court.

**(3) The "hours limit" does not in any way ameliorate Intervenors and Defendants' proposal.** In their September 5 letter, Intervenors contend that because they are seeking the same number of deposition hours that they could maximally obtain under a 25 deposition limit (7 x 25 = 175) that they are not really changing the deposition limit. But as every litigator knows, the work entailed by a deposition is not defined by the number of transcript hours, but is also a function of time spent preparing each witness, planning, reviewing documents, traveling, and more. This is particularly true when defending the deposition of a client. It would be naïve or disingenuous to claim otherwise.

**(4) Plaintiffs' pre-Rule 26(f) Report proposal of thirty depositions should not set the minimum number of depositions permitted per side in this case.** During a meet and confer telephone call on September 4, counsel for Defendants asserted that since the Plaintiffs had made an initial proposal of 30 depositions per side during the negotiation of the Rule 26(f) Report, that number should set a floor on the number of depositions now permitted per side. At that time, Defendants rejected Plaintiffs' proposal and contended that the deposition limit should be capped at ten. The parties then worked to negotiate a compromise of twenty-five per side. With this deposition limitation in place, the parties negotiated the rest of the expedited schedule set forth in

the Rule 26(f) Report.  During the following months, as this case proceeded, and up until the Intervenors raised the issue, Defendants never indicated any desire to unwind this carefully negotiated agreement.  Nor should Intervenors be permitted to upset this carefully negotiated compromise.[3]

| September 12, 2018 | Respectfully submitted, |
|---|---|
|  | */s/ Freda J. Levenson*, trial attorney |
| T. Alora Thomas-Lundborg | Freda J. Levenson (0045916) |
| Dale E. Ho | American Civil Liberties Union of Ohio Fdtn. |
| Theresa J. Lee | 4506 Chester Avenue |
| Emily Rong Zhang | Cleveland, OH 44103 |
| American Civil Liberties Union Foundation | Tel.: (216) 472-2220 |
| 125 Broad Street, 18th Floor | Facsimile: (216) 472-2210 |
| New York, NY 10004 | flevenson@acluohio.org |
| Tel.: (212) 549-2500 |  |
| athomas@aclu.org | Paul Moke (0014099) |
| dho@aclu.org | Cooperating Attorney for ACLU of Ohio |
| tlee@aclu.org | Wilmington College* |
| erzhang@aclu.org | 1252 Pyle Center |
|  | Wilmington, OH 45177 |
|  | Tel.: 937-725-7501 |
|  | paul.moke@gmail.com |
|  | * Institutional affiliation for the purpose of identification only |
|  |  |
| Robert Fram | Michael Baker |
| Nitin Subhedar | Perrin Cooke |
| Jeremy Goldstein | Covington & Burling LLP |
| Covington & Burling LLP | 850 Tenth Street, NW |
| One Front Street | Washington, DC 20001 |
| San Francisco, CA 94111 | Tel.: (202) 662-6000 |
| Tel.: (415) 591-6000 | mbaker@cov.com |
| rfram@cov.com | pcooke@cov.com |
| nsubhedar@cov.com |  |
| jgoldstein@cov.com |  |

---

[3] Plaintiffs note that this point was raised by Defense counsel during a telephone call and that it is the only reason that Defendants have articulated to support their position on this point. Defendants declined to provide a letter or other correspondence explaining their position. Should Defendants state further reasons, Plaintiffs reserve the right to request an opportunity to rebut any such undisclosed arguments.

5

## **CERTIFICATE OF SERVICE**

I, Freda J. Levenson, hereby certify that Plaintiffs' Statement Regarding Matters from Discovery Status Conference was served upon all counsel of record in this case via ECF.

*/s/ Freda J. Levenson*
Trial Attorney for Plaintiffs
