Phil Strach                                                                                       September 5, 2018
Ogletree Deakins

Steven Voigt
Nicole Koppitch
Office of the Ohio Attorney General

Patrick Lewis
Katherine McKnight
Robert Tucker
Baker Hostetler

*Sent via email*


Counsel:

We write to follow up on Tuesday's meet-and-confer.

First, we have considered Intervenor's proposal regarding the number of depositions permitted for each side.  As a preliminary matter, we welcome the fact that you have agreed that Defendants and Intervenors are part of the same "side" for purposes of calculating the number of depositions.  We also welcome the fact that you are willing to live with the discovery topics as set forth in the joint Rule 26 Report, and we have agreed that discovery from Democratic legislators on the topics identified falls within the scope.

While we have considered your proposal to increase the number of depositions (per side) from 25 to 35 (subject to an hours cap of 175 hours), we cannot agree to that amendment.  In fact, we believe that adding an additional 20 depositions to the case will materially burden the schedule and is contrary to Intervenors' representations to the Court not to do so.

The reasons you have advanced in support of this increase in the number of depositions do not make sense to us.

> First, you have stressed the number of plaintiffs.  In that regard, we note that the number of plaintiffs was set at 22 on June 26, ten days before the parties submitted their Rule 26 Report to the Court on July 6.  Defendants apparently did not believe that this warranted more than 25 fact depositions.

> Second, you have noted the need to depose Democratic legislators.  But the role of the Democrats in the legislature has hardly been a secret and indeed is discussed in the Complaint in this case.  Democratic legislators and former legislators were also identified in Plaintiffs' Rule 26(a)(1) initial disclosures.  Moreover, on August 8, 2018, the Legislative defendants identified at least one Democrat as a potential witness.

> Third, in that same August 8, 2018 supplemental interrogatory response, the Legislative Defendants identified a total of 14 witnesses.  When added to the 22 plaintiffs that brought the

total number of potential deponents for your "side" to 36.  Yet at no time did the Defendants seek more depositions than the 25 provided for in the joint Rule 26 Report.

Fourth, while Plaintiffs initially did propose 30 depositions when negotiating the Rule 26 Report with Defendants, during the course of the negotiations both sides took a hard look at what was needed to get the work done on an expedited basis.  For example, Defendants increased the number of fact depositions per side from 10 to 25; Plaintiffs similarly compromised.  There is no basis for upsetting this good-faith negotiated Report to the Court.

While Intervenors might wish to expand the scope of discovery beyond that sought by Defendants, we believe this to be contrary to the Order granting intervention.  Accordingly, Plaintiffs' position remains that Defendants and Intervenors, being on the same side, share a combined limit of 25 fact depositions (not including certain categories of depositions that are specified in the Rule 26 Report.)

With respect to Plaintiffs' production schedule, we understood Legislative Defendants' position to be that they would like Plaintiffs' production to be completed by September 21, more than two weeks earlier than the October 8 date to which we have committed.  Completing production by October 8 already requires us to work very fast, but our speed and diligence cannot make up for the late date of your requests.  The fact is that Legislative Defendants did not serve discovery until July 26 (nearly six weeks after our discovery requests were served).  We timely responded with our answers and objections, and began to produce documents just 4 days after that. (This contrasts with Defendants, who took two weeks after service of their response before beginning production).  This relative speed is notable given that we represent 22 Plaintiffs, compared to the 3 Defendants.

Nonetheless, in the interest of accommodating your stated desire to begin depositions in "early October," we propose the following:  We can commit to completing the document production from half (11) of the Plaintiffs by September 28, with production for the rest of the Plaintiffs to be completed by October 8.  Please let us know if this production schedule is acceptable to you, or if we must have the court resolve this for us instead.

We look forward to your response on both matters.

Best,
Freda


Freda Levenson
ACLU of Ohio

Theresa Lee
Emily Rong Zhang
ACLU Voting Rights Project

Robert Fram
Michael Baker
Covington & Burling LLP