

Baker&Hostetler LLP

Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214

T 216.621.0200
F 216.696.0740
www.bakerlaw.com

Patrick T. Lewis
direct dial: 216.861.7096
plewis@bakerlaw.com

September 5, 2018

**VIA E-MAIL (flevenson@acluohio.org, rfram@cov.com, mbaker@cov.com)**

Freda J. Levenson, Esq.
Legal Director
ACLU of Ohio
3506 Chester Avenue
Cleveland, Ohio 44103

Robert D. Fram, Esq.
Covington & Burling LLP
One Front Street
San Francisco, CA 94111-5356

Michael Baker, Esq.
Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956

Re:   *Ohio A. Philip Randolph Institute, et al. v. Smith, et al.*
       *U.S. District Court, S.D. Ohio, Case No. 1:18-cv-00357*

Dear Counsel:

We write regarding the August 31, 2018 telephonic status conference with the Court, our telephonic meeting of September 3, 2018, and your letter of today's date. During the conference with the Court, Judge Black asked that we meet and confer regarding the number of depositions allotted each side in this matter, and the scope of discovery.

To begin on a point of agreement, the first substantive paragraph of your September 5 letter accurately summarizes the position of Intervenors and Plaintiffs concerning the "topics" of discovery set forth on Question 3 of the Rule 26(f) Report of the Parties (ECF No. 35).

But we are disappointed in your response to our request for a small number of additional depositions, and our compromise to cap the duration of all depositions to the amount of time to which Plaintiffs already have agreed. Mr. Baker's email of August 31, 2018 refused to meet-and-confer on the number of depositions, stating that "on this point there is really no room for compromise." Instead, Plaintiffs prematurely raised this issue with the Court, and, therefore, the Court ordered the parties to meet-and-confer to attempt to find resolution—a process that rightfully should have occurred in the first instance. But despite our efforts to compromise, your letter indicates no change of position, and Plaintiffs have offered zero compromise to date.

Moreover, Plaintiffs' reasons for refusing to compromise are untenable. To begin, Intervenors never indicated they would not seek to "expand the scope of discovery beyond that sought by Defendants." (Ltr. at 2). On the contrary, Intervenors argued that their intervention was needed because they planned to offer different evidence and arguments than those of Defendants. (Mem. in Support Mot. to Intervene, ECF No. 43, at 3, PageID #382; Reply in Support Mot. to Intervene, ECF No. 59, at 19-20, PageID# 639-640). Intervenors agreed only that they would not require "prolonged discovery" and would complete their discovery within the case schedule. (*Id.* at 18, PageID #638).[1] Our position remains the same.

Your position on this issue avoids the merits and instead focuses on an agreement you reached with Defendants. But Intervenors were not a party to the agreement. That Intervenors may seek to take additional fact depositions not contemplated by Defendants is a prime example of how Intervenors' interests are not adequately represented by Defendants in this case, and why Intervenors were granted intervention to present evidence to protect those interests.

Plaintiffs' position effectively prohibits Intervenors from obtaining that additional evidence, despite such evidence being a basis for the motion to intervene that the Court granted. Defendants have allotted 22 of the 25 depositions to deposing the Plaintiffs, a necessary requirement given the burden to demonstrate standing that Plaintiffs face in this case. Accordingly, Defendants and Intervenors must share a total of three remaining deposition "slots" for any other fact depositions in the case (excepting the carve-outs in the Rule 26(f) Report).[2]

The 2011 Ohio congressional plan, 129 Sub. H.B. 369, was a compromise plan between Republicans and Democrats. Plaintiffs' Rule 26(a)(1) Initial Disclosures, dated July 13, 2018, disclose 87 individuals as persons who may possess discoverable information and suggest there

---

[1] Your letter falsely asserts that Intervenors seek to expand the scope of discovery contrary to the Court's order on intervention, which merely indicated that the Court would hold Intervenors to their representations that they were "prepared to proceed on the current case management schedule" and would "avoid duplicative discovery." (Order Granting Motion to Intervene, ECF No. 64, pg. 8). Intervenors fully intend to comply with both representations.

[2] Plaintiffs may argue that Defendants and Intervenors could forgo deposing Plaintiffs. Doing so would be counterproductive to judicial economy. Our experience from litigating redistricting cases is that plaintiffs' testimony can often be designated from depositions in lieu of live testimony, freeing up valuable trial time. Not taking Plaintiffs' depositions would require each of the 22 Plaintiffs to testify live at trial, consuming a significant amount of trial time and jeopardizing the ten day trial schedule.

could yet be many more individuals. Indeed, the list could well exceed 100 or more, but we will not know until more discovery has occurred.[3]

But Plaintiffs' discovery is one-sided: Plaintiffs have issued at least 35 subpoenas to Republican-affiliated persons or entities, but have issued zero (0) subpoenas to their Democratic counterparts. As you have agreed, the scope of discovery in this case includes discovery of Democrats' involvement in the 2011 Ohio congressional plan. But Plaintiffs seek to impede Intervenors' ability to take that discovery. Intervenors must be allowed to obtain such discovery and prohibiting them from doing so is not only unfair to the parties and the general public, but misleading to the Court. The role of Democratic-affiliated persons, organizations, and interests in the 2011 Ohio congressional redistricting process is just as important a subject of discovery as the role of their counterparts in the Republican Party.

To ensure the Court is presented the complete story, but in an effort to work with Plaintiffs to resolve this dispute, Intervenors made two substantial compromises. First, Intervenors did not ask for 25 depositions of their own, but instead agreed to share an allotment of depositions with Defendants and asked for only ten additional depositions. Second, Intervenors proposed to impose a total time limit of 175 hours for Defendant/Intervenor depositions, with no one deposition exceeding seven (7) hours. In other words, Defendants and Intervenors agreed to take 35 depositions in the same amount of time allowed for 25 depositions under the Federal Rules. We are willing to discuss other compromises on time limits, but have received no such proposals from Plaintiffs, only a blanket unwillingness to compromise in any way.

Your letter falsely suggests that this would result in 20 additional depositions. It would not. At most it would result in up to ten additional depositions, but no additional deposition time. And your letter does not identify how these additional depositions could not be conducted within the more than 90 days remaining in the discovery period, particularly given the large number of attorneys and the impressive resources Plaintiffs have brought to bear in this case.

Intervenors' compromise proposal will not extend discovery beyond the deadline or prejudice any party. For a case that has the potential to upend the entire state's congressional plan, displacing 16 members of congress and affecting over 11 million Ohioans, taking up to ten additional depositions of potentially necessary fact witnesses is patently reasonable to ensure that this litigation is decided on the basis of a complete factual record.

If Plaintiffs can identify a specific basis for prejudice from our proposal, please let us know and we can discuss it. In addition, if you have a compromise proposal you would like to suggest, please provide it and we will review. We stand ready to work with you in good faith to resolve this disagreement.

---

[3] Which makes Plaintiffs' position, asserted today, that an 87-person list of individuals identified on July 13, 2018 should have informed an agreement made on July 6 without Intervenors present, even more disingenuous.

Sincerely,

/s/ *Patrick T. Lewis*


cc: Phillip J. Strach, Esq.
      Steven T. Voigt, Esq.
      Theresa Lee, Esq.
      Alora Thoma, Esq.
      Emily Rong Zhang, Esq.