IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| OHIO V. PHILIP RANDOLPH INSTITUTE, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>RYAN SMITH, Speaker of the Ohio House of Representatives, et al.,<br><br>Defendants. | Case No.: 1:18-cv-00357-TSB<br><br>Judge Timothy S. Black<br>Judge Karen Nelson Moore<br>Judge Michael H. Watson<br><br>Magistrate Judge Karen L. Litkovitz |
| IN RE: SUBPOENAS SERVED ON EDWARD GILLESPIE AND JOHN MORGAN | Transferred from the United States District Court for the District of Columbia,<br><br>Civil Action No. 1:18-mc-00105-RC |

**EDWARD GILLESPIE AND JOHN MORGAN'S SUPPLEMENTAL BRIEF
IN OPPOSITION TO MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS**

As Edward Gillespie and John Morgan explained in their initial opposition to Plaintiffs' motion to compel, Plaintiffs have misconstrued the central question in this matter by erroneously believing a dispute over the sufficiency of Messrs. Gillespie's and Morgan's searches is somehow a dispute about the relevancy and burden of the underlying document requests. These are legally distinct questions. In this case, Messrs. Gillespie and Morgan *have* complied with Plaintiffs' requests (with only two exceptions), and neither Plaintiffs nor this Court have authority to control the document searches of subpoena targets without some strong basis to suspect they were deficient. Courts in the footprint of the Sixth Circuit emphatically agree with Messrs. Gillespie and Morgan on this point, holding that "speculation, standing alone, is not a sufficient basis for granting a motion to compel" more searches after counsel has certified compliance. *Little Hocking Water Assn., Inc. v. E.I. Du Pont De Nemours & Co.*, No. 2:09-CV-

1

1081, 2013 WL 608154, at *10 (S.D. Ohio Feb. 19, 2013) (citations omitted); *see also Alomari v. Ohio Dep't of Pub. Safety*, No. 2:11-CV-00613, 2013 WL 5874762, at *4 (S.D. Ohio Oct. 30, 2013) ("[I]n the event Defendants indicate that, after a reasonable inquiry, particular types of documents Plaintiff seeks do not exist, the Court will accept Defendants' efforts as complete.").

Likewise, decisions of district courts in this Circuit support Messrs. Gillespie and Morgan's position that documents created prior to 2011—before the data to redistrict even existed—and documents unrelated to Ohio redistricting are not relevant, holding that courts should "impose a reasonable restriction on how far back discovery may extend," *Wesley Corp. v. Zoom T.V. Prod., LLC*, No. 17-10021, 2018 WL 372700, at *2 (E.D. Mich. Jan. 11, 2018), and criticizing "overbroad discovery requests that seek irrelevant information." *Howell v. Buckeye Ranch, Inc.*, No. 2:11-CV-1014, 2012 WL 5265170, at *1 (S.D. Ohio Oct. 1, 2012). Thus, the applicable law is in all ways consistent with the authority Messrs. Gillespie and Morgan cited in their original briefing, and the Court should deny Plaintiffs' motion in full.

## ARGUMENT

### I. Messrs. Gillespie and Morgan Conducted Adequate Searches Under the Law of Courts in this Circuit

The central premise of Plaintiffs' motion to compel is that Messrs. Gillespie and Morgan "unilaterally applied their own search terms and parameters" rather than submit to terms and parameters Plaintiffs would like to impose. *See* Movant's Reply in Further Supp. of Their Mot. to Compel Compliance with Subpoenas Served on Edward Gillespie and John Morgan ("Reply ISO Mot. to Compel") at 5-6, In re Subpoenas Served on Edward Gillespie and John Morgan ("In re Subpoenas"), No. 1:18-MC-00105-RC, (D.D.C. Sept. 27, 2018), ECF No. 6. But, as Messrs. Gillespie and Morgan explained in their prior briefing, the law entitles them to apply their own search terms and parameters—which were thorough and reasonable—and ignore

2

Plaintiffs'. Unsurprisingly, courts in this Circuit agree: "The district court should generally not play a role in dictating the design of a search, choosing search tools, selecting search terms, or designating custodians, unless a responding party's choice 'is *manifestly unreasonable* or the requesting party demonstrates that the resulting production is deficient.'" *Commins v. NES Rentals Holdings, Inc.*, No. 3:16CV-00608-GNS, 2018 WL 3186983, at *3 (W.D. Ky. June 28, 2018) (quoting *Mortgage Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.*, 15 CV 0293, 2017 WL 2305398, at *2 (S.D.N.Y. May 18, 2017)). "The party seeking discovery bears the burden of proving that a discovery response is inadequate." *Id*.

A counsel's certification as to completeness remains sufficient to satisfy the party's response obligation. *Firneno v. Nationwide Mktg. Servs., Inc.*, No. 14-CV-10104, 2017 WL 9471685, at *9 (E.D. Mich. Mar. 20, 2017), *report and recommendation adopted*, No. 2:14-CV-10104, 2017 WL 1381105 (E.D. Mich. Apr. 18, 2017) ("Because the attestation of counsel is to be relied on, there is no reasonable basis to compel production of any documents . . . ."). "[I]n the event Defendants indicate that, after a reasonable inquiry, particular types of documents Plaintiff seeks do not exist, the Court will accept Defendants' efforts as complete." *Alomari v. Ohio Dep't of Pub. Safety*, No. 2:11-CV-00613, 2013 WL 5874762, at *4 (S.D. Ohio Oct. 30, 2013); *Firneno*, 2017 WL 9471685, at *9 ("Because the attestation of counsel is to be relied on, there is no reasonable basis to compel production of any documents . . . ."); *Averett v. Honda of Am. Mfg., Inc.*, No. 2:07-CV-1167, 2009 WL 799638, at *3 (S.D. Ohio Mar. 24, 2009) ("There is no question that a written response by trial counsel is a certification that counsel and client, together, have made a diligent search for responsive documents."). Here, that certification has occurred, so the presumption is that Messrs. Gillespie and Morgan have no further obligations to search for documents.

Plaintiffs therefore had the burden of rebutting that presumption. Precedent in this Circuit, as in others, is clear: "this Court will not grant a motion to compel based on the mere suspicion that the producing party possesses additional information that it has not disclosed." *Little Hocking Water Assn., Inc. v. E.I. Du Pont De Nemours & Co.*, No. 2:09-CV-1081, 2013 WL 608154, at *14 (S.D. Ohio Feb. 19, 2013) (citing *In re Porsche Cars N. Am., Inc.,* No. 2:11–md–2233, 2012 WL 4361430, at *9 (S.D. Ohio Sept. 25, 2012) ("Plaintiffs' speculation that additional emails must exist, that the lack of privileged documents is a sign that Defendants' production must be inadequate, and that [Defendant] is a technologically advanced company that surely maintains all of its documents in electronic form will be insufficient to compel judicial involvement unless Plaintiffs provide evidence that Defendants are improperly withholding documents.")); *Alomari*, 2013 WL 5874762, at *4 ("Plaintiff's speculation that additional documents must exist will be insufficient to compel judicial involvement unless he offers evidence that Defendants are improperly withholding documents."); *John B. v. Goetz*, 531 F.3d 448, 460 (6th Cir. 2008) ("mere skepticism that an opposing party has not produced all relevant information is not sufficient to warrant drastic electronic discovery measures) ((citing *McCurdy Group, LLC v. Am. Biomedical Group, Inc.,* 9 Fed. Appx. 822, 831 (10th Cir. 2001)) (granting relief from two discovery orders).

But suspicion is all Plaintiffs offer. Plaintiffs' lead argument that the search terms they can dream up are themselves the evidence that more documents simply must exist, see Reply ISO Mot. to Compel 6-7 (litany of search terms), is simply another way of saying that *they* get to decide how the searches are conducted, when the law assigns that role to the *targets* of the subpoena. Similarly, their amazement that Mr. Morgan has only eleven documents and a data set responsive to their subpoena, Reply ISO Mot. to Compel 9, is suspicion, not evidence, of an

4

improper search.[1] And their arguments, for example, that Mr. Gillespie "failed to show any burden" in connection with running his searches as Plaintiffs would prefer, Reply ISO Mot. to Compel 8, reveals the pervasive problem with all their arguments: they misapprehend the governing standard, as if this were a dispute about burden or relevancy, when the question is the sufficiency of the search. Messrs. Gillespie and Morgan do not have to show that Plaintiffs' ideas are burdensome; Plaintiffs must present evidence that Messrs. Gillespie and Morgan have not conducted adequate searches. They have not met that burden.[2]

## II. The Relevancy Objections of Messrs. Gillespie and Morgan Are Supported by the Law in This Circuit

That leaves only two discrete issues: (1) whether Plaintiffs are entitled to documents created even before redistricting could begin using 2010 Census data and a year and more before the allegedly unlawful map was enacted into law and (2) whether Plaintiffs are entitled to an open season fishing expedition into political documents unrelated to Ohio. The law of courts in this Circuit supports Messrs. Gillespie and Morgan on these questions.

"[T]he Court has the duty to deny discovery directed to matters not legitimately within the scope of Rule 26, and to use its broad discretionary power to protect a party or person from harassment or oppression that may result even from a facially appropriate discovery request." *Hendricks v. Hazzard*, No. 2:11-CV-399, 2013 WL 4052873, at *2 (S.D. Ohio Aug. 12, 2013) (citing *Herbert v. Lando,* 44l U.S. 153 (1979)). "[T]he proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Doe v.*

---

[1] And, as Mr. Morgan's briefing and related affidavit indicate, the volume of responsive documents he produced is not surprising considering the amount and type of services he provided in Ohio in 2011 and the way he provided those services. Edward Gillespie and Morgan's Brief in Opp'n to Pls.' Mot. to Compel Compliance with Subpoenas and Declaration of John Morgan, In re Subpoenas, No. 1:18-MC-00105-RC, (D.D.C. Sept. 27, 2018), ECF Nos. 4 and 4-3.

[2] The sufficiency of searches performed by Messrs. Gillespie and Morgan is detailed in their brief in opposition to the Motion to Compel, and in their accompanying sworn affidavits. *See, id.* at ECF No. 4 at pp. 3-8, 10-17, and ECF Nos. 4-1 and 4-3.

*Ohio State Univ.*, No. 2:16-CV-171, 2018 WL 4958958, at *2 (S.D. Ohio Oct. 15, 2018) (quoting *Guinn v. Mount Carmel Health Sys.*, No. 2:09-cv-226, 2010 WL 2927254, at *5 (S.D. Ohio July 23, 2010)); *Hendricks*, 2013 WL 4052873, at *3 (same).

**Time Frame.** Setting a time limit on discovery is a paradigmatic example of a court's duty to curtail the outer bounds of relevancy. "[D]iscovery is most obviously and appropriately directed to providing context" around a key event within the litigation, with a court "impos[ing] a reasonable restriction on how far back discovery may extend." *Wesley Corp. v. Zoom T.V. Prod., LLC*, No. 17-10021, 2018 WL 372700, at *2 (E.D. Mich. Jan. 11, 2018). In *Wesley Corp.*, the Court determined limiting discovery to "approximately *three months* before the [key event within litigation] should sufficiently set the stage for Plaintiffs' claims." *Id*. (emphasis added). The key event here is the creation and enactment of the 2011 map, and that process could not even begin until *after* Census data was released in March 2011. The map drawing did not actually occur until July and August of that year, so documents created in 2010 are extremely remote. *See also Goree v. United Parcel Serv., Inc.,* No. 14-CV-2505-SHL-TMP, 2015 WL 11120571, at *6 (W.D. Tenn. Sept. 29, 2015) (limiting discovery time frame to relevant period).

Even if pre-2011 documents were relevant, Plaintiffs' demands for them are disproportionate to their needs. The factors stated in Messrs. Gillespie and Morgan's initial brief, Edward Gillespie and Morgan's Brief in Opp'n to Pls.' Mot. to Compel Compliance with Subpoenas ("Opp. Br.") at 20-21, In re Subpoenas, No. 1:18-MC-00105-RC, (D.D.C. Sept. 27, 2018), ECF No. 4, mirror the factors used in Sixth Circuit courts, as does the analysis stated there. *Compare Brown v. Mohr*, No. 2:13-CV-0006, 2017 WL 2832631, at *1 (S.D. Ohio June 30, 2017), *aff'd*, No. 2:13-CV-06, 2017 WL 10056799 (S.D. Ohio Nov. 6, 2017), *with Oxbow Carbon & Minerals LLC v. Union Pac. R.R. Co.*, 322 F.R.D. 1, 6 (D.D.C. 2017). Thus,

6

production of pre-March 2011 documents remains disproportionate and necessitates denying the motion to compel.

**Non-Ohio Documents.** Plaintiffs' request for documents unrelated to Ohio redistricting remain overbroad and irrelevant under Sixth Circuit precedent. As this Court has recognized, "a litigant has no right to serve overbroad discovery requests that seek irrelevant information." *Howell v. Buckeye Ranch, Inc.*, No. 2:11-CV-1014, 2012 WL 5265170, at *1 (S.D. Ohio Oct. 1, 2012). As identified in Messrs. Gillespie and Morgan's Opposition Brief, the information Plaintiffs' seek, see Mot. to Compel, Ex. G. at 7–8, "covers all states 'including,' but not limited to, Ohio." Opp. Br. at 21. This litigation concerns Ohio redistricting. Material concerning the other forty-nine States is irrelevant and the request is patently overbroad because it reaches the entire nation.

Indeed, Plaintiffs' request is a classic, impermissible "fishing expedition." "In considering the scope of discovery, the Court may balance Plaintiffs' right to discovery with the need to prevent 'fishing expeditions.'" *Askin v. Ocwen Loan Servicing, LLC*, No. 2:16-CV-325, 2017 WL 4404487, at *2 (S.D. Ohio Oct. 4, 2017) (internal quotations and citations omitted) (denying motion to compel interrogatories). As previously discussed, Plaintiffs' requests appear to target "fundraising strategy and donor information," which strongly implies an abusive purpose and certainly an abusive reach, Opp. Br. at 21, with no apparent relation to their claim.

Finally, Mr. Gillespie's burden argument stands in conformity with the law applied in the footprint of the Sixth Circuit, and the motion should be denied for this independent reason.

## CONCLUSION

For the foregoing reasons, and those provided in the initial opposition brief of Messrs. Gillespie and Morgan, Plaintiffs' Motion should be denied.

...
...
...

Dated: Nov. 7, 2018                                         Respectfully submitted,

/s/ Katherine L. McKnight
Katherine L. McKnight (*pro hac vice*)
Email: kmcknight@bakerlaw.com
BAKER & HOSTETLER LLP
Washington Square, Suite 1100
1050 Connecticut Avenue, N.W.
Washington, DC  20036-5403
(202) 861-1500 / Fax (202) 861-1783

Patrick T. Lewis (0078314)
Email: plewis@bakerlaw.com
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, Ohio 44114
(216) 861-7096 / Fax (216) 696-0740

*Counsel to Edward Gillespie and John Morgan*

## CERTIFICATE OF SERVICE

I certify that on Nov. 7, 2018, a true and correct copy of the foregoing was filed via the Court's CM/ECF system and served via electronic filing upon all counsel of record in this case.

/s/ Patrick T. Lewis
*Counsel to Edward Gillespie and John Morgan*

013253.000001 4813-8206-9882

8