# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| OHIO A. PHILIP RANDOLPH INSTITUTE, LEAGUE OF WOMEN VOTERS OF OHIO, THE OHIO STATE UNIVERSITY COLLEGE DEMOCRATS, NORTHEAST OHIO YOUNG BLACK DEMOCRATS, HAMILTON COUNTY YOUNG DEMOCRATS, LINDA GOLDENHAR, DOUGLAS BURKS, SARAH INSKEEP, CYNTHIA LIBSTER, KATHRYN DEITSCH, LUANN BOOTHE, MARK JOHN GRIFFITHS, LAWRENCE NADLER, CHITRA WALKER, TRISTAN RADAR, RIA MEGNIN, ANDREW HARRIS, AARON DAGRES, ELIZABETH MYER, BETH HUTTON, TERESA THOBABEN, and CONSTANCE RUBIN<br><br>    Plaintiffs,<br><br>v.<br><br>RYAN SMITH, Speaker of the Ohio House of Representatives, LARRY OBHOF, President of the Ohio Senate, and JON HUSTED, Secretary of State of Ohio, in their official capacities<br><br>    Defendants. | No. 1:18-cv-357<br><br>Judge Timothy S. Black<br>Judge Karen Nelson Moore<br>Judge Michael H. Watson<br>Magistrate Judge Karen L. Litkovitz |
| IN RE SUBPOENAS SERVED ON THE REPUBLICAN NATIONAL COMMITTEE, THE NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE, AND ADAM KINCAID | No. 18-mc-140 (transferred from D.D.C.) |

**MOVANTS' SUPPLEMENTAL REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS SERVED ON THE REPUBLICAN NATIONAL COMMITTEE, THE NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE, AND ADAM KINCAID**

The cases within the Sixth Circuit that have considered the question of First Amendment privilege were cited in Plaintiffs' opening brief. Mem. of Law in Supp. of Mot. to Compel Compliance with Subpoenas at 9, 10, 14, ECF No. 1-1 (D.D.C.) ("Mem. Law"). The Republican National Committee ("RNC"), the National Republican Congressional Committee ("NRCC"), and Adam Kincaid (collectively, the "Respondents") cited these same cases in their Opposition to Plaintiffs' Motion to Transfer to this Court on the grounds that they were case law within the Sixth Circuit and were non-binding precedent. Opp'n to Transfer at 15, ECF No. 9 (D.D.C.). Following the transfer, Respondents claimed to this Court that they now needed time to research Sixth Circuit precedent—even though they had already made representations to the District Court of the District of Columbia concerning the scope of that precedent. Tr. of Nov. 5, 2018 Hearing at 16-17. They now cite those very same cases to this Court, further distorting their application to the instant case, while acknowledging that the analysis is the same between the two Circuits. Plaintiffs agree that the analysis of the assertion of First Amendment privilege in the Sixth Circuit is the same as that in the D.C. Circuit. Plaintiffs cited the cases considering this issue within this Circuit in their opening brief, Mem. of Law at 9, 10, 14, and rebuffed Respondents' attack on their recognition of these cases in their Reply Brief, at 7 n.4, ECF No. 14 (D.D.C.). These same arguments still apply now.

## ARGUMENT

**I.     The Information Sought Is Crucial to Plaintiffs' Case and Cannot Be Obtained From Other Sources**

As this Court is aware, Plaintiffs have alleged that national and Ohio Republicans acted in concert to construct a congressional redistricting plan that would provide for and maintain Republican control in the congressional delegation, with a 12-4 split. Second Am. Compl. ¶¶ 44-61, ECF No. 37. Contrary to Respondents' assertions, Suppl. Opp'n at 4, ECF No. 96, Plaintiffs

have demonstrated that the information sought is crucial to their case, not merely relevant.  By Respondents' own admissions and by other documents known to Plaintiffs, the RNC, NRCC, and Mr. Kincaid are inextricably intertwined with those directly involved with the drawing of Ohio's congressional map.  Adam Kincaid, Respondent and NRCC's Redistricting Coordinator at the time, and Tom Whatman, the Executive Director for Team Boehner, which according to Respondents was inextricably linked to the NRCC and the RNC, Opp'n at 12-13, ECF No. 11 (D.D.C.), were intimately involved in drafting and approving any changes to the Ohio congressional map in 2011.  Second Am. Compl. ¶¶ 49, 55.

Plaintiffs are entitled to disclosure because the information sought goes to the heart of their case.  Respondents concede that the information sought is relevant but argue that it is not "crucial."  Suppl. Opp'n at 4-5.  But in order to prove both their Fourteenth Amendment and First Amendment claims, Plaintiffs have to show that the map was drawn with the intent to favor or disfavor a particular political party.  *Common Cause v. Rucho*, 318 F. Supp. 3d 777, 861, 929-30 (M.D.N.C. 2018); *Whitford v. Gill*, 218 F. Supp. 3d 837, 884 (W.D. Wis. 2016), *vacated and remanded,* 138 S. Ct. 1916 (2018).  The information sought is crucial to the intent element of Plaintiffs' claim: documents demonstrating that the RNC, NRCC, and Mr. Kincaid worked to create a congressional map that favors Republicans would establish an essential element of their claim.  Nor was the participation of the RNC, NRCC, and Mr. Kincaid separate from the Republicans in Ohio who were also working on the Ohio congressional maps: it is evident from the documents known to Plaintiffs that Mr. Kincaid and Mr. Whatman of the NRCC were two of the map drawers, Mem. Law at 5-7, and the RNC's privilege log demonstrates that the RNC was engaged with the Ohio legislature in real time too.  RNC Privilege Log at REV_00023203 (email between Ohio House Majority Counsel Mike Lenzo and RNC's Tom Hofeller).

Each of the cases Respondents cite to support their assertion of the First Amendment privilege is vastly distinguishable from the instant case. In contrast to the information sought here, which goes to an essential element of Plaintiffs' case,[1] the information sought in *Tree of Life Christian School v. City of Upper Arlington* was attenuated from proving an element of a claim. No. 2:11-cv-00009, 2012 WL 831918, at *4 (S.D. Ohio Mar. 12, 2012). There, defendants sought the identity of plaintiffs' largest donor in a Religious Land Use and Institutionalized Persons Act case. *Id.* at *1. Revealing the donor's identity would have allowed the defendant to ask the donor *if* he would be willing to donate to another property. *If* the donor would be willing to donate to another property, then the defendant "might be able to show" that it had not imposed a substantial burden on plaintiffs' religious exercise. *Id.* at *4. The court rejected the request for discovery on First Amendment privilege grounds because while the information sought was relevant, it was not crucial, especially in light of other sources of information about plaintiffs' financing that were acquired. *Id.* The court also rejected defendants' argument that the donor's deposition could show that plaintiff would be unable to continue making payments on the property as "purely speculative." *Id.*

*Ohio Organizing Collaborative v. Husted* also dealt with vastly different information sought than is at issue here. No. 2:15-cv -01802, 2015 WL 7008530 (S.D. Ohio Nov. 12, 2015). In that case, which dealt with a challenge to a statute that limited access to the polls to only voters, the defendants sought from the Democratic Party, plaintiffs in the action, all financial

---

[1] In *Tree of Life Christian School v. City of Upper Arlington*, the Court considered whether the information sought was "highly relevant to the claims or defenses in the litigation." 2:11-cv-00009, 2012 WL 831918, at *3 (S.D. Ohio Mar. 12, 2012). Here, in a case where Plaintiffs seek to prove that Ohio and national Republicans worked together to create a map that would favor Republicans and disfavor Democrats, the information sought is clearly "highly relevant" to Plaintiffs' claims.

information, all documents relating to effect of challenged provisions on Democratic Get Out the Vote drives and other voting initiatives, and all internal and external communications relating to the challenged provisions. *Ohio Org. Collaborative*, 2015 WL 7008530, at *2. All of this information was sought in an apparent effort only to challenge the political party's standing. *Id.* The Court held that the information sought went "far beyond the issue of standing or even the merits of this action." *Id.* at *3. And in that case, the Democratic Party already turned over all information regarding their past election related activities. *Id.* at *2. The information sought here plainly goes to the heart of Plaintiffs' claims that Ohio and national Republicans intended to create a map that disfavored Democratic voters. It is not far afield of the issues of the case, as the information was in *Ohio Organizing Collaborative*. Rather, it is goes to the heart of the case: Plaintiffs are seeking documents related to congressional redistricting in a case challenging just that redistricting, from parties known to have been involved at the time.

Plaintiffs have sought information from other sources and been unable to obtain the documents now sought. In addition to all of the efforts recited in their other filings, Mem. Law at 20-21, Reply Br. at 10-13, Plaintiffs have now taken the depositions of Ohio legislators and staffers who were leading the redistricting in the General Assembly. An astonishing level of memory loss leads Plaintiffs to continue to pursue these documents from the RNC, NRCC, and Mr. Kincaid.[2] Throughout the depositions of Heather Blessing (Mann), Ray DiRossi, Troy Judy, Mike Lenzo, Tom Niehaus, and Larry Obhof, deponents answered "I don't remember," or one of its synonyms, 752 times.[3]

---

[2] Mr. Kincaid is scheduled to be deposed on December 4, 2018. Plaintiffs need the information now sought prior to that date.

[3] As previously faced, the deposition transcripts are all at varying levels of designation under the Protective Order, and there is insufficient time for the Designating Parties to follow the terms of (continued…)

4

**II.     The Documents Still Sought from the RNC's Privilege Log Are Not Privileged[4]**

In its third bite at the apple,[5] the RNC still fails to support its blanket claims[6] of attorney-client and work product privilege, applied to each and every document in the privilege log. Accepting the RNC's argument regarding the scope of attorney-client privilege (and its continuing protection even though third parties are present) would make it so that the presence of any Republican, regardless of their role (of lack thereof) in the various organizations at issue would not defeat attorney-client privilege. This cannot stand in the face of ample precedent regarding the presence of third parties defeating attorney-client privilege.[7] There is no all-encompassing attorney-client privilege between a Republican lawyer and another Republican. Contrary to the cases the RNC cites regarding agents and contractors, here Plaintiffs have not sought such communications. A Republican does not simply turn into an agent or contractor for purposes of attorney-client privilege at the say so of the RNC. As noted in our previous briefing, the RNC's reliance on this line of cases is simply misplaced. Reply Br. at 14. And Mr. Lenzo and Mr. Braden did not even work for the state *Republican Party*, they worked for the state

---

that Order before this filing is due. Reply Br. at 12 n.7. To the extent the Court would like to see these transcripts, Plaintiffs are willing to file them with the Court, and seek leave to file the more recently received transcripts under seal until the time for designating confidential information ends.

[4] As previously noted, Plaintiffs are not seeking the documents corresponding to entries REV00023196 to REV00023199 and REV00023258 to REV00023652.

[5] The RNC has already attempted to shore up their claimed privilege in the declarations submitted at the time of document production and in the Affidavit of Mr. Sheehy submitted with their original Opposition. They now submit the affidavit of Mr. Oldham in an attempt to provide further justification.

[6] Every single document in the privilege log is marked "Attorney/Client; Work Product; First Amendment Privilege."

[7] Even now, the RNC fails to provide the carbon copy (CC:) field for each of the documents listed in their log. There is a likelihood of more third parties present on these emails. The burden here is the RNC's, and by failing to include this relevant information, the RNC has not met it.

government. It strains credulity that there was an attorney-client relationship between such public servants and the national Republican Party.

Likewise, Mr. Oldham's affidavit does no more to demonstrate work-product privilege over each document in the log than did Mr. Sheehy's. A referendum is not litigation. And Mr. Oldham cites a single e-mail from the log, which says in its description, that it was "in anticipation of litigation." RNC Privilege Log at REV_00023214. The vast majority of the documents in the log are not described this way. RNC Privilege Log (169 of 183 entries are not so described).

Finally, the work product privilege is not absolute. It can be overcome where the party seeking the documents shows "a substantial need" for the material and an inability to procure equivalent information "without undue hardship." Fed. R. Civ. P. 26(b)(3)(A)(ii); *United States v. Deloitte*, 610 F.3d 129 at 135 (D.C. Cir. 2010). Plaintiffs have already met both of these requirements in demonstrating the lack of applicability of a First Amendment privilege.

## CONCLUSION

For all of the reasons above and in Plaintiffs' opening and reply briefs, Plaintiffs respectfully request that the Court grant their Motion, and compel the RNC, NRCC, and Mr. Kincaid to produce their files within seven days.

Dated: November 16, 2018          Respectfully submitted,

                                             */s/* Theresa J. Lee
                                             Theresa J. Lee
                                             Emily Zhang
                                             T. Alora Thomas
                                             Dale E. Ho
                                             American Civil Liberties Union Foundation, Inc.
                                             125 Broad Street, 18th Floor
                                             New York, NY 10004
                                             Tel.: 212.549.2500
                                             tlee@aclu.org

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2018, a true and correct copy of the foregoing was served by email to Shawn Sheehy, counsel for Respondents at ssheehy@hvjt.law.  Mr. Sheehy has agreed to accept service by email on behalf of Respondents.  This document was also served upon all counsel of record in this case via ECF.

*/s/* Theresa J. Lee
