**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| OHIO A. PHILIP RANDOLPH INSTITUTE ET AL., | No. 1:18-cv-00357 |
| **Plaintiffs,** | ORDER FOR IN CAMERA REVIEW |
| v. | |
| RYAN SMITH ET AL., | |
| **Defendants.** | |

**Before: Moore, Circuit Judge; Black and Watson, District Judges.**

The Republican National Committee ("RNC"), the National Republican Congressional Committee ("NRCC"), and Adam Kincaid (collectively, "Respondents") received from the Plaintiffs subpoenas that requested the production of various documents and communications related to the 2011 Ohio congressional redistricting. In response, the Respondents have asserted that various documents and communications are covered by the First Amendment privilege, the attorney-client privilege, and the work product doctrine. *See* Case No. 18-mc-00031, R. 11-2 (Ex. A, Privilege Log) (Page ID #446–50). After receiving the privilege log, the Plaintiffs informed the Respondents that they were no longer seeking documents corresponding to some of the entries in the privilege log.[1] The Plaintiffs, however, argue that the remaining documents are neither subject to attorney-client nor First Amendment privilege, nor are they subject to work product protection, and that the documents are relevant to prove partisan intent. Therefore, they have made

---

[1] These are entries REV_00023196 to REV_00023199, and entries REV_00023258 to REV_00023652. *See* Reply Mem. at 13 n.8.

1

a motion to compel compliance with the subpoenas. Case No. 18-mc-00031, R. 1 (Mot. to Compel) (Page ID #1–2).

A party responding to a subpoena must "describe the nature of the withheld documents [and] communications . . . in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim." FED. R. CIV. P. 45(e)(2). Whether a privilege applies is often "a fact-intensive inquiry that must be applied document-by-document," and in camera review is often appropriate to assist a court in this inquiry. *See, e.g.*, *Ajose v. Interline Brands, Inc.*, No. 3:14-cv-1707, 2016 WL 6893866, at *7 (M.D. Tenn. Nov. 23, 2016) (Order); *see also Perry v. Schwarzenegger*, 591 F.3d 1147, 1153–54 (9th Cir. 2010) (noting the use of in camera review when the First Amendment privilege is asserted). The Court must assess the privilege claims as they relate to the remaining contested documents in the privilege log, and the Court determines that it cannot do so without viewing the documents.

Accordingly, **IT IS ORDERED** that the Respondents immediately produce to the Court the following documents for in camera judicial review:

- Entries REV_00023166 through REV_00023195. *See* Case No. 18-mc-00031, R. 11-2 (Ex. A, Privilege Log) (Page ID #446).

- Entries REV_00023200 through REV_00023257. *See* Case No. 18-mc-00031, R. 11-2 (Ex. A, Privilege Log) (Page ID #447–48).

The Respondents shall produce these documents to each of the undersigned judges' chambers by overnight delivery.

ENTERED: **12/3/18**

S/ Karen Nelson Moore
Signed for and on behalf of the panel:

HONORABLE KAREN NELSON MOORE
United States Circuit Judge

HONORABLE TIMOTHY S. BLACK
United States District Judge

HONORABLE MICHAEL H. WATSON
United States District Judge