IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| OHIO A. PHILIP RANDOLPH INSTITUTE, *et. al* | )<br>)<br>) |
| Plaintiffs, | ) No. 1:18-cv-00357-TSB-KNM-MHW |
| v. | ) Judge Timothy S. Black<br>) Judge Karen Nelson Moore<br>) Judge Michael H. Watson<br>) Magistrate Judge Karen L. Litkovitz |
| RYAN SMITH, Speaker of the Ohio House of Representatives, *et al.* | ) |
| Defendants. | ) |

**MEMORANDUM IN OPPOSITION TO THE OHIO ATTORNEY GENERAL'S AND E. MARK BRADEN'S MOTION TO STAY THE COURT'S DECEMBER 15, 2018 ORDER PENDING APPEAL, OR IN THE ALTERNATIVE A MOTION FOR PROTECTIVE ORDER**

Though characterized as being (at least in part) a "motion to stay," Mr. Braden has effectively conceded that no stay is in order. He concedes that his deposition can proceed with the documents as long as the protective order is modified. In a nutshell, this is a motion seeking a modification of the protective order. No such modification is warranted here, as the existing (and carefully negotiated) Protective Order fully protects Mr. Braden's interest in this dispute. Plaintiffs' Opposition to Mr. Braden's motion can be succinctly stated in six points.

1. **Mr. Braden's Suggestion that He Will Prevail on Appeal is Incorrect.**

The Court issued a reasoned opinion on the merits of this dispute and found that neither the attorney-client privilege nor the work-product doctrine protect these factual documents from production. Mr. Braden continues to insist that the Plaintiffs seek attorney communications or mental impressions. But this is not correct, as the Plaintiffs solely request draft maps, data, and spreadsheets attached to the communications. *See Upjohn Co. v. United States*, 449 U.S. 383,

395-96 (1981) ("[T]he privilege only extends to *communications* and not to facts. A fact is one thing and a communication concerning that fact is an entirely different thing") (emphasis in original) (internal quotation mark omitted).  Mr. Braden has provided no evidence that these factual documents were prepared because of litigation.  *See United States v. Roxworthy*, 457 F.3d 590, 593 (6th Cir. 2006) ("[D]ocuments prepared in the ordinary course of business . . . or for other nonlitigation purposes, are not covered by the work product privilege").

2. **A Stay is Inconsistent with the Case's Expedited Schedule.**

Mr. Braden's deposition is scheduled for tomorrow, Monday December 17, 2018, at 10:30 AM.  Discovery in this case is set to end two days later, on Wednesday December 19, 2018.  Plaintiffs are prepared to review the factual documents relevant to this dispute this afternoon and proceed with the deposition.  Further delay regarding the production of these documents raises the need of seeking to depose Mr. Braden a second time (and indeed after the discovery cut-off).

3. **Mr. Braden Effectively Concedes that the Documents Can be Provided to Counsel and that the Deposition Can Proceed with Them.**

Mr. Braden's motion requests a modification of the protective order if the Court denies the motion to stay.  This is an admission that a motion to stay is not necessary, and that the deposition can proceed with the documents.  As described more fully below, the existing protective order is wholly adequate, and no modification is appropriate.

4. **The Existing Protective Order is Wholly Adequate.**

Plaintiffs do not object to designating the documents under the protective order as confidential pending an appeal.  But no further designation is required.  In fact, the existing Protective Order already achieves this level of security for documents. In particular, the Protective Order provides that

> All Confidential Information disclosed pursuant to this Stipulation and Protective Order shall be used for the sole purpose of preparing for or conducting this litigation, including, but not limited to, investigation, consultation, discovery, depositions, expert reports, trial preparation, motions, trial, appeal, settlement, mediation, monitoring (if ordered by the Court), or uses incidental to the proceedings in the case.

*See* Stipulation and Protective Order, ECF No. 57 at 5. The Protective Order was carefully negotiated between the parties -- with counsel from the Attorney General's Office participating -- to provide sufficient protection for confidential information while also ensuring that both parties have adequate means to pursue their respective litigation ends. An eleventh hour modification of the Protective Order upends these carefully considered terms and undermines Plaintiffs' means of effectively reviewing Mr. Braden's factual documents.

**5. The Attorneys' Eyes Only Restriction is Not Appropriate in this Case.**

Mr. Braden's modifications to the Protective Order include a burdensome provision that designates all documents produced relevant to the Court's motion to compel as "attorneys' eyes only." Mr. Braden intends this phrase to mean that documents "may only be shared with attorneys representing the Parties to this case or consulting or testifying experts, so long as those experts agree to be bound by this protective order." *See* Motion to Stay, ECF No. 122 at 6 (modification two). This restriction is not appropriate.

The parties already negotiated who can review confidential information under the original Protective Order. Notably, the original Protective Order does not include an "attorneys' eyes only" restriction. Though "attorneys' eyes only" restriction are common in such orders, the parties did not negotiate such a restriction into the Protective Order here.

**6. Mr. Braden's Attempt to Inject a Poison Pill Should be Rejected.**

Mr. Braden's modifications to the Protective Order also include an obligation on the part of the Plaintiffs to destroy any work product regarding these documents. *See* Motion to Stay,

ECF No. 122 at 6-7 (modifications three and four).  This modification is impractical and prejudicial.  If an appeal moves forward, it may take a substantial amount of time, during which Plaintiffs will conduct a significant amount of pretrial and trial work.  It is untenable to force Plaintiffs to parse and then delete all of the work product created during this time period concerning these forty-three factual documents.  Even worse, this obligation awards Mr. Braden improper over-claim of the attorney-client and work-product protections by imposing an onerous burden on Plaintiffs' counsel merely because they asserted their legal rights to discover these materials.[1]

*********************

For the foregoing reasons, Plaintiffs request that the Court require that Mr. Braden produce the forty-three documents described in the Court's December 15, 2018 order.


Dated December 16, 2018                    */s/ Robert Fram*


| | |
|---|---|
| Michael Baker | Robert Fram |
| Perrin Cooke | Jeremy Goldstein |
| Robert Day | Nitin Subhedar |
| Peter Rechter | Alexia Romero |
| Covington & Burling LLP | Covington & Burling LLP |
| 850 Tenth Street, NW | One Front Street |
| Washington, DC 20001 | San Francisco, CA 94111 |
| Tel.: (202) 662-6000 | Tel.: (415) 591-6000 |
| mbaker@cov.com | rfram@cov.com |
| pcooke@cov.com | nsubhedar@cov.com |
| rday@cov.com | jgoldstein@cov.com |
| prechter@cov.com | aromero@cov.com |

---

[1] Plaintiffs note that this objection is to the destruction of our work-product only. Plaintiffs will return and/or destroy any documents that are determined to be privileged and not discuss them in our filings.

T. Alora Thomas-Lundborg
Dale E. Ho
Theresa J. Lee
Emily Rong Zhang
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
athomas@aclu.org
dho@aclu.org
tlee@aclu.org
erzhang@aclu.org

Freda J. Levenson (0045916)
Elizabeth Bonham (0093733)
David Carey (0088787)
American Civil Liberties Union of Ohio Fdtn.
4506 Chester Avenue
Cleveland, OH 44103
Tel.: (614) 586-1958
Facsimile: (216) 472-2210
flevenson@acluohio.org
ebonham@acluohio.org
dcarey@acluohio.org

Paul Moke (0014099)
Cooperating Attorney for ACLU of Ohio
Wilmington College*
1252 Pyle Center
Wilmington, OH 45177
Tel.: 937-725-7501
paul.moke@gmail.com
* Institutional affiliation for the purpose of identification only

*Attorneys for Movants*

**CERTIFICATE OF SERVICE**

I, Jeremy Michael P. Goldstein, hereby do certify that a copy of the foregoing Memorandum of Law was served on all counsel of record via the Court's CM/ECF system.

/s/ *Jeremy Goldstein*
Jeremy Michael P. Goldstein

*Counsel for Movants*