IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |
|---|---|
| OHIO A. PHILIP RANDOLPH INSTITUTE, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> LARRY HOUSEHOLDER, Speaker of the Ohio House of Representatives, *et al.* <br><br> Defendants. | No. 1:18-cv-00357-TSB-KNM-MHW <br><br> Judge Timothy S. Black <br> Judge Karen Nelson Moore <br> Judge Michael H. Watson <br> Magistrate Judge Karen L. Litkovitz |

**[JOINT PROPOSED] FINAL PRETRIAL ORDER**

This matter came before the Court at a Final Pretrial Conference held on February 11, 2019, pursuant to Fed. R. Civ. P. 16.

### I. APPEARANCES[1]

For Plaintiffs:

    From ACLU of Ohio Foundation:

      Freda J. Levenson (Trial Attorney)

      Elizabeth Bonham

      David J. Carey

    From American Civil Liberties Union Foundation:

      T. Alora Thomas-Lundborg

      Theresa J. Lee

      Emily Rong Zhang

      Dale E. Ho

    From Covington & Burling LLP:

      Robert D. Fram

      Nitin Subhedar

---

[1] Other attorneys not listed below who file a notice of appearance in this action may appear on behalf of the parties at trial.

       Jeremy Goldstein

       Robert S. Day

       Perrin Cooke

       Isaac Wood

For Defendants:

   From Ogletree, Deakins, Nash, Smoak & Stewart, P.C.:

       Phillip J. Strach (Trial Attorney)

       Michael D. McKnight

       Brodie D. Erwin

       Alyssa Riggins

   From the Ohio Attorney General's Office:

       Steven T. Voigt

       Nicole M. Koppitch

       Ann Yackshaw

For Intervenors:

   From Baker Hostetler LLP:

       Patrick T. Lewis (Trial Attorney)

       E. Mark Braden (motion for leave to appear *pro hac vice* forthcoming)

       Katherine L. McKnight

       Richard B. Raile

       Robert J. Tucker

       Erika Dackin Prouty

**II.**    **NATURE OF ACTION AND JURISDICTION**

   A.    This is an action for injunctive and declaratory relief, challenging the Ohio congressional map as an unconstitutional partisan gerrymander in violation of the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, of the right to vote guaranteed by the First and Fourteenth Amendments, and of Article I, § 4.

   B.    Plaintiffs invoke the jurisdiction of the Court under 28 U.S.C. §§ 1331, 1343, 1357, and 42 U.S.C. § 1983, and jurisdiction to grant declaratory relief under 28 U.S.C. §§ 2201, 2202. Defendants and Intervenors deny that the Court has jurisdiction to hear the case or to grant the declaratory relief Plaintiffs seek.

   C.    The jurisdiction of the Court is disputed. The parties dispute whether Plaintiffs' claims are justiciable and whether Plaintiffs have standing to bring this action.

    D.      The parties have not consented to entry of final judgment by the United States Magistrate Judge.

## III. TRIAL INFORMATION

    A.      The estimated length of trial is 10 days.

    B.      Trial to the court has been set for March 4, 2019.

## IV. AGREED STATEMENT AND LISTS

### A. General Nature of the Parties' Claims

(1) Plaintiffs' Claims:

In Claim 1, Plaintiffs allege that Ohio's congressional map violates their First Amendment rights to associate with and advocate for a political party, to vote for their candidate of choice, to express their political views, and to participate in the political process,

In Claim 2, Plaintiffs allege that Ohio's congressional map violates their right to vote under the First and Fourteenth Amendment. Partisan gerrymandering substantially burdens the right to vote. A voter is "deprive[d] . . . of the opportunity to cast a meaningful ballot" since the legislature constrains voters' ability to "vote for the candidate of their choice." *Burdick v. Takushi*, 504 U.S. 428, 447 (1992) (Kennedy, J., dissenting)

In Claim 3, Plaintiffs allege that Ohio's congressional map violates their right to Equal Protection under the Fourteenth Amendment. Each individual Plaintiff was placed in a district where their vote carries less weight or consequence than it would under a neutrally drawn map. The districts were each drawn to privilege partisan outcomes at the expense of all other criteria. Each district was constructed to disfavor Democratic voters on the basis of their political affiliation, with no legitimate, let alone compelling, reason to do so. The map and its individual districts also have the "invidiously discriminatory" effect of "minimiz[ing] or cancel[ing] out the voting strength of . . . political elements of the voting population." *Gaffney v. Cummings*, 412 U.S. 735, 751 (1973).

In Claim 4, Plaintiffs allege that since Ohio's map has both the intent and effect of a partisan gerrymander, it exceeds the state's power under Article I of the Constitution.

(2) Defendants' Claims:

Ohio's current congressional districting plan comports fully with the Constitution. Defendants do not assert any affirmative counterclaims in this matter but oppose all of Plaintiffs' claims and reassert the defenses asserted in their Answer to Plaintiffs' Second Amended Complaint. (D.E. 37).

(3) Intervenors' Claims:

Intervenors reassert all defenses and denials contained in their Answer to Plaintiffs' Second Amended Complaint. Intervenors further assert that Plaintiffs are not entitled to any relief as asserted in Count I under the First Amendment for the following reasons:

3

   a. Plaintiffs lack standing to bring this claim
   b. Plaintiffs' claim is non-justiciable
   c. Plaintiffs cannot show a violation under First Amendment standards for the type of claim they assert
   d. The evidence does not show a violation of the First Amendment

Intervenors assert that Plaintiffs are not entitled to any relief as asserted in Count II under the Fourteenth Amendment's guarantee of the right to vote for the following reasons:

   a. Plaintiffs lack standing to bring this claim
   b. Plaintiffs' claim is non-justiciable
   c. Plaintiffs cannot show a violation under Fourteenth Amendment standards for the type of claim they assert
   d. The evidence does not show a violation of the Fourteenth Amendment

Intervenors assert that Plaintiffs are not entitled to any relief as asserted in Count III under the Fourteenth Amendment's guarantee of equal protection for the following reasons:

   a. Plaintiffs lack standing to bring this claim
   b. Plaintiffs' claim is non-justiciable
   c. Plaintiffs cannot show a violation under Fourteenth Amendment standards for the type of claim they assert
   d. The evidence does not show a violation of the Fourteenth Amendment

Intervenors assert that Plaintiffs are not entitled to any relief as asserted in Count IV under Article I, which empowers state legislatures to redistrict, for the following reasons:

   a. Plaintiffs lack standing to bring this claim
   b. Plaintiffs' claim is non-justiciable
   c. Plaintiffs cannot show a violation under Article I standards for the type of claim they assert
   d. The evidence does not show a violation of Article I

Intervenors, as an affirmative defense, assert that Plaintiffs' claims are barred by the doctrine of laches because they waited inexcusably for years to bring this case, prejudicing Intervenors who reasonably relied on the districts created by the 2012 plan remaining in place for 10 years.

B. **Uncontroverted Facts**

The parties have entered into certain stipulations as to document authenticity. This includes (1) a stipulation as to the authenticity of the H.B. 369 sponsor testimony; (2) a stipulation regarding the authenticity of emails and their attachments at LWVOH_0052431, LWVOH_0052437, and LWVOH_0052438.

The parties have agreed in principle to a stipulation regarding the home addresses of the individual Plaintiffs and members of organizational Plaintiffs.

The parties have exchanged sets of proposed uncontroverted facts. To confirm that such facts are indeed uncontroverted, counsel for Plaintiffs, Defendants, and Intervenors have agreed to confer following the filing of this Joint Pretrial Order. The parties will provide the Court will a single list of agreed-upon uncontroverted facts by February 6, 2019.

Plaintiffs' Proposed Uncontroverted Facts are attached as Appendix A.

Defendants' and Intervenors' Proposed Uncontroverted Facts are attached as Appendix B.

C. **Issues of Fact and Law**

The parties have identified and exchanged sets of contested facts.

(1) Plaintiffs:

Plaintiffs respectfully submit that, despite Defendants and Intervenors' pending motion for summary judgment, there are genuinely disputed issues of material facts.

Issues of Fact:

Plaintiffs present their Issues of Fact in Plaintiffs' Statement of Contested Facts, attached as Appendix C.

Issues of Law:

Plaintiffs also identify contested issues of law in addition to those implicit in the foregoing issues of fact, including:

a. Elements:
   - Are partisan gerrymandering claims justiciable?
   - What are the elements of partisan gerrymandering claims under the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, the right to vote guaranteed by the First and Fourteenth Amendments, and Article I, § 4?
   - What standard applies to the parties' relative burdens of proof?

b. Discriminatory Intent:
   - What if any discriminatory intent must be shown to sustain a claim that partisan gerrymandering violates the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, the right to vote guaranteed by the First and Fourteenth Amendments, or Article I, § 4?

c. Discriminatory Effect:
   - What if any discriminatory effect must be shown to sustain a claim that a redistricting scheme violates the First Amendment, the Equal Protection Clause of the Fourteenth Amendment, the right to vote guaranteed by the First and Fourteenth Amendments, or Article I, § 4?

d. Justification:
   - What facts if any would justify a partisan gerrymander?

(2) <u>Defendants and Intervenors</u>:

As set forth in Defendants' pending Motion for Summary Judgment and Proposed Statement of Undisputed Material Facts ("PUMF"), Defendants and Intervenors respectfully submit that there are not genuinely disputed material facts and that Defendants and Intervenors are entitled to judgment as a matter of law on Plaintiffs' claims.

In the event the Court does not grant Defendants' summary judgment motion, Defendants and Intervenors anticipate that the following may potentially be contested issues of fact and law:[2]

Issues of Law:

a. Do Plaintiffs' claims fail to state a claim upon which relief may be granted?
b. Are Plaintiffs' claims justiciable?
c. Do the allegations by Plaintiffs in the Second Amended Complaint demonstrate only generalized grievances about legislative decisions?
d. Do Plaintiffs lack standing?
e. Should Plaintiffs' claims be dismissed on the grounds of estoppel and laches?
f. Should Plaintiffs' claims be dismissed and/or the relief sought in the Second Amended Complaint be denied under Purcell v. Gonzalez, 549 U.S. 1 (2006)?
g. Do Plaintiffs fail to identify a manageable standard for determining a Constitutional violation?
h. Do Plaintiffs' gerrymandering theories fail to constitute evidence of individualized injury under the First Amendment, Fourteenth Amendment, or Article I of the United States Constitution?
i. Does the 2012 Plan violate Plaintiffs' rights under the First Amendment of the United States Constitution?
j. Does the 2012 Plan violate Plaintiffs' rights under the Fourteenth Amendment of the United States Constitution?
k. Does the 2012 Plan violate Plaintiffs rights under Article I of the United States Constitution?
l. Has any Plaintiff demonstrated an injury under the 2012 Plan?
m. Is any injury demonstrated by Plaintiffs fairly traceable to the 2012 Plan?
n. Is any injury demonstrated by Plaintiffs redressable?
o. Is any injury demonstrated by Plaintiffs redressable by Plaintiffs' Proposed Remedial Plan?
p. Have Plaintiffs submitted or defined a judicially manageable standard to assess whether the 2012 Plan violates the United States Constitution?
q. Did the overwhelming bipartisan support for the 2012 Plan violate the United States Constitution?

---

[2] Some issues of law listed below may also involve issues of fact and some issues of fact may also involve issues of law. Accordingly, the heading under which a potential issue is listed in this section is not intended to mean that a potential issue falls solely under the category in which it is listed.

    r. If Plaintiffs have submitted or defined a judicially manageable standard to assess whether the 2012 Plan violates the United States Constitution, then does the 2012 Plan violate any such standard in light of the overwhelming bipartisan legislative support for the Plan and the numerous nonpartisan factors that influenced individual districts in the 2012 Plan?

Issues of Fact:

    a. That any Plaintiff lives in a "packed" or "cracked" district.

    b. That the 2012 Plan has placed a burden on any Plaintiff's right to vote.

    c. That the 2012 Plan has diluted the vote of any Plaintiff.

    d. That any Plaintiff lacks an equal or fair opportunity to elect the Congressperson of their choice.

    e. That any Plaintiff lacks an equal or fair opportunity to meaningfully influence congressional elections.

    f. That any Plaintiff has been prohibited from meaningfully participating in the political process.

    g. That any Plaintiff has been inhibited by the 2012 Plan in voting, volunteering for any candidate, fundraising, donating to a candidate, engaging others to vote, or otherwise participating in electioneering activities, etc.

    h. That the 2012 Plan is unconstitutionally biased in favor of the Republican Party.

    i. That the 2012 Plan was designed to create a 12 to 4 Republican advantage.

    j. That there was a plan to consider drawing a map with a 13-3 Republican advantage.

    k. That any version of the map had to be approved by any national Republicans.

    l. That any particular district was drawn with the intent to make it a Republican District or a Democratic District.

    m. That Redmap had any involvement or impact on Ohio's congressional redistricting in 2011.

    n. How any political indices impacted the drawing of the congressional lines in 2011.

    o. What role politics played in the drawing of the congressional lines in 2011.

    p. That Democratic Party legislators, constituents, or representatives lacked political leverage in the redistricting process.

    q. That any partisan tilt or so-called "bias" in the 2012 Plan is the result, solely or otherwise, of partisan intent.

    r. That any partisan tilt or so-called "bias" in the 2012 Plan is the result of anything other than geography and legitimate redistricting factors.

    s. That any measure Plaintiffs provide of measuring partisan tilt or so-called "bias" is reliable, accurate, or meaningful.

    t. That the 2012 Plan is unfair as measured by any manageable standards of assessing fairness.

    u. That the 2012 Plan can be considered too partisan under any manageable standard when the legislature intended to pair two sets of Democratic and two sets of Republican incumbents.

    v. That the 2012 Plan can be considered too partisan under any manageable standard when a majority of Democratic members of the legislature voted for it.

    w. That the 2012 Plan can be considered too partisan under any manageable standard when the legislature intended to protect Democratic incumbents along with Republican incumbents.

    x. That the 2012 Plan can be considered too partisan under any manageable standard when the legislature chose not to attempt to create a 13-3 Republican advantage, which was possible.

D. **Witnesses**

(1) Plaintiffs will call or will have available for testimony at trial the witnesses listed at Appendix D. Plaintiffs reserve the right to call at trial any witness listed by any other party in this case.

(2) Defendants will call or will have available for testimony at trial the witnesses listed at Appendix E. Defendants reserve the right to call at trial any witness listed by any other party in this case.

(3) Intervenors will call or will have available for testimony at trial the witnesses listed at Appendix F. Intervenors reserve the right to call at trial any witness listed by any other party in this case.

The parties reserve the right to call non-listed rebuttal witnesses whose testimony could not reasonably be anticipated without prior notice to opposing counsel.

The parties reserve the right to call foundation witness testimony if stipulations regarding document authenticity cannot be reached.

E. **Expert Witnesses**

The parties are limited to the following number of expert witnesses, including treating physicians, whose names have been disclosed to opposing counsel:

(1) <u>Plaintiffs</u>:

  Dr. Wendy K. Tam Cho

  Mr. William S. Cooper

  Dr. Lisa Handley

  Dr. David Niven

Dr. Christopher Warshaw

Further information regarding these witnesses is contained in Appendix D.

(2) <u>Defendants</u>:

Dr. M.V. (Trey) Hood III

Dr. Douglas Johnson

Dr. Janet Thornton

Mr. Sean P. Trende

Further information regarding these witnesses is contained in Appendix E.

(3) <u>Intervenors</u>:

Dr. Thomas Brunell

Further information regarding this witness is contained in Appendix F.

F. **Exhibits**

Counsel for Plaintiffs, Defendants, and Intervenors have agreed to confer regarding each party's exhibit list and objections on January 30, 2019 to determine if they can agree to stipulations that would streamline the objections process and eliminate the need to elicit foundation testimony for certain documents.  The parties will inform the Court of any stipulations reached by the parties prior to the February 11, 2019 pretrial conference.

Counsel for Plaintiffs, Defendants, and Intervenors also have agreed to confer regarding a stipulation on the form and admissibility of exhibits displaying information contained in Maptitude computer files.

(1) Plaintiffs' Exhibit List is attached as Appendix G.  Plaintiffs reserve the right to introduce or rely upon any exhibit listed by any other party in this case.

(2) Defendants' Exhibit List is attached as Appendix H.  Defendants reserve the right to introduce or rely upon any exhibit listed by any other party in this case.

(3) Intervenors' Exhibit List is attached as Appendix I.  Intervenors reserve the right to introduce or rely upon any exhibit listed by any other party in this case.

The parties reserve the right to submit demonstrative exhibits at trial, at a date to be set by the Court at the Pretrial Conference.

The parties reserve the right to submit exhibits for the purpose of impeachment at trial.

G. **Depositions**

Testimony of the following witnesses will be offered by deposition/video tape.

(1) <u>Plaintiffs</u>:

| | | |
|---|---|---|
| William Batchelder | Clark Bensen | Heather Blessing |
| Luann Boothe | Mark Braden | Ray DiRossi |
| Keith Faber | Ann Henkener | Matthew Huffman |
| Sarah Inskeep | Gabrielle Jackson | Chris Jankowski |
| Rep. Bill Johnson | Rep. Jim Jordan | Troy Judy |
| Adam Kincaid | Michael Lenzo | Cynthia Libster |
| Keary McCarthy | John Morgan | Lawrence Nadler |
| Tom Niehaus | Alexis Oberdorf | Larry Obhof |
| Tristan Rader | Randall Routt | Constance Rubin |
| Matt Schuler | Jim Slagle | Rep. Steve Stivers |
| Teresa Anne Thobaben | Catherine Turcer | Chitra Walker |
| Tom Whatman | | |

(2) <u>Defendants and Intervenors</u>:

| | | |
|---|---|---|
| Heather Blessing | Steve Chabot | Keith Faber |
| Christopher Glassburn | Matt Huffman | Bill Johnson |
| Jim Jordan | Mike Lenzo | Keary McCarthy |
| Tom Neihaus | Larry Obhof | Randall Routt |
| Matt Schuler | Steve Stivers | Matthew Szollosi |

All Individual Plaintiffs and Rule 30(b)(6) Designees of Organizational Plaintiffs

H. **Discovery**

Discovery has nearly been completed. Plaintiffs have the second deposition of Adam Kincaid pending, as he did not appear on the subpoenaed date of January 17, 2019.

I. **Pending Motions**

Currently pending before the Court is Defendants' Motion for Summary Judgment, joined by Intervenors, which was filed on January 8, 2019.

Also pending before the Court are the motions in limine and *Daubert* motions filed on January 18, 2019.

J. **Miscellaneous Orders**

This Court entered the governing Stipulation and Protective Order on August 9, 2018. It considers the use of Confidential Information at trial in paragraph 9.

## V. MODIFICATION

This Final Pretrial Order may be modified at the trial of this action, **or prior** thereto, to prevent manifest injustice. Such modification **may** be made by application of counsel, or on motion of the Court.

## VI. SETTLEMENT EFFORTS

The parties have made a good faith effort to negotiate a settlement and believe no settlement can be reached.

_____
UNITED STATES DISTRICT JUDGE


/s/ Freda J. Levenson
Freda J. Levenson (0045916) (Trial Attorney)
American Civil Liberties Union of Ohio Foundation
4506 Chester Avenue
Cleveland, Ohio 44103
Tel.: (614) 586-1958
flevenson@acluohio.org
*Counsel for Plaintiffs*

/s/Philip J. Strach
Phillip J. Strach (Trial Attorney)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
4208 Six Forks Road, Suite 1100
Raleigh, NC 27609
Tel.: (919) 787-9700
phil.strach@ogletree.com
*Counsel for Defendants*

/s/Patrick T. Lewis
Patrick T. Lewis (0078314) (Trial Attorney)
Baker Hostetler LLP
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Tel.: (216) 621-0200
plewis@bakerlaw.com
*Counsel for Intervenors*