## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| OHIO A. PHILIP RANDOLPH INSTITUTE, | ) | |
| LEAGUE OF WOMEN VOTERS OF OHIO, | ) | |
| THE OHIO STATE UNIVERSITY COLLEGE | ) | |
| DEMOCRATS, NORTHEAST OHIO YOUNG | ) | |
| BLACK DEMOCRATS, HAMILTON COUNTY | ) | |
| YOUNG DEMOCRATS, LINDA GOLDENHAR, | ) | |
| DOUGLAS BURKS, SARAH INSKEEP, | ) | |
| CYNTHIA LIBSTER, KATHRYN DEITSCH, | ) | |
| LUANN BOOTHE, MARK JOHN GRIFFITHS, | ) | |
| LAWRENCE NADLER, CHITRA WALKER, | ) | |
| TRISTAN RADER, RIA MEGNIN, | ) | |
| ANDREW HARRIS, AARON DAGRES, | ) | |
| ELIZABETH MYER, BETH HUTTON, | ) | |
| TERESA THOBABEN, | ) | |
| and CONSTANCE RUBIN, | ) | No. 1:18-cv-00357-TSB |
|  | ) | |
| Plaintiffs, | ) | Judge Timothy S. Black |
|  | ) | Judge Karen Nelson Moore |
| v. | ) | Judge Michael H. Watson |
|  | ) | Magistrate Judge Karen L. Litkovitz |
| LARRY HOUSEHOLDER, Speaker of the | ) | |
| Ohio House of Representatives, LARRY OBHOF, | ) | |
| President of the Ohio Senate, and | ) | |
| FRANK LAROSE, Secretary of State of Ohio, | ) | |
| in their official capacities, | ) | |
|  | ) | |
| Defendants. | ) | |
| _____ | ) | |

## DEFENDANTS' MOTION TO STAY TRIAL (EXPEDITED BRIEFING REQUESTED)

Defendants, by and through their attorneys, respectfully move this Court to stay the trial of this case pending the final decisions of the United States Supreme Court in *Common Cause v. Rucho* (Sup. Ct. #18-422) and *Benisek v. Lamone* (Sup. Ct. #18-726).

In support of this motion, Defendants rely on the facts, law, and arguments set forth in their accompanying Brief in Support.  The undersigned counsel sought concurrence to the relief

requested in this motion prior to filing. Counsel for plaintiffs oppose the requested relief. Counsel for Intervenors consent to the requested relief.

Defendants also request expedited briefing of this motion in light of the upcoming trial date of March 4, 2019. Counsel for defendants conferred with counsel for plaintiffs regarding the filing of an expedited response. Counsel for plaintiffs consent to filing an expedited response. Counsel for Intervenors do not intend to file a response to the motion.

WHEREFORE, Defendants respectfully move the Court to stay the trial of this case pending final decisions of the United States Supreme Court in *Common Cause v. Rucho* (Sup. Ct. 18-422) and *Benisek v. Lamone* (Sup. Ct. 18-726).

Respectfully submitted

DAVE YOST
Ohio Attorney General


By: /s/Phillip J. Strach
Phillip J. Strach*
N.C. State Bar No. 29456
phil.strach@ogletree.com
*Lead and Trial Counsel*

By: /s/Michael D. McKnight
Michael McKnight
N.C. State Bar No. 36932
michael.mcknight@ogletree.com

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
4208 Six Forks Road, Suite 1100
Raleigh, NC 27609
Tel.: (919) 787-9700
Facsimile: (919) 783-9412
*Attorneys for Defendants Householder & Obhof*


/s/Steven T. Voigt
Steven T. Voigt (0092879)
Principal Assistant Attorney General

2

Ohio State Bar No. 0092879
Nicole M. Koppitch

Ohio State Bar No. 0082129
Ann Yackshaw
Ohio State Bar No. 0090623
Ohio Attorney General's Office
Constitutional Offices Section
30 E. Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: (614) 466-2872
Fax: (614) 728-7592
steven.voigt@ohioattorneygeneral.gov
*Attorneys for Defendants*

Date:  January 28, 2019

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO**

|  |  |  |
|---|---|---|
| OHIO A. PHILIP RANDOLPH INSTITUTE, | ) | |
| LEAGUE OF WOMEN VOTERS OF OHIO, | ) | |
| THE OHIO STATE UNIVERSITY COLLEGE | ) | |
| DEMOCRATS, NORTHEAST OHIO YOUNG | ) | |
| BLACK DEMOCRATS, HAMILTON COUNTY | ) | |
| YOUNG DEMOCRATS, LINDA GOLDENHAR, | ) | |
| DOUGLAS BURKS, SARAH INSKEEP, | ) | |
| CYNTHIA LIBSTER, KATHRYN DEITSCH, | ) | |
| LUANN BOOTHE, MARK JOHN GRIFFITHS, | ) | |
| LAWRENCE NADLER, CHITRA WALKER, | ) | |
| TRISTAN RADER, RIA MEGNIN, | ) | |
| ANDREW HARRIS, AARON DAGRES, | ) | |
| ELIZABETH MYER, BETH HUTTON, | ) | |
| TERESA THOBABEN, | ) | |
| and CONSTANCE RUBIN, | ) | No. 1:18-cv-00357-TSB |
| | ) | |
| Plaintiffs, | ) | Judge Timothy S. Black |
| | ) | Judge Karen Nelson Moore |
| v. | ) | Judge Michael H. Watson |
| | ) | Magistrate Judge Karen L. Litkovitz |
| LARRY HOUSEHOLDER, Speaker of the Ohio | ) | |
| House of Representatives, LARRY OBHOF, | ) | |
| President of the Ohio Senate, and | ) | |
| FRANK LAROSE, Secretary of State of Ohio, | ) | |
| in their official capacities, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY TRIAL**

**INTRODUCTION**

On January 4, 2019, the United States Supreme Court announced that, in March of 2019, it will consider dispositive issues associated with claims identical to the claims in this case in *Common Cause v. Rucho* (Sup. Ct. #18-422) and *Benisek v. Lamone* (Sup. Ct. 18-726).  On January 8, 2019, the Supreme Court ordered that appellants' briefs on the merits are to be filed on or before February 8, 2019, and appellees' briefs on the merits are to be filed on or about March 4, 2019, in each case.  The specific dispositive legal issues common to both *Rucho* and *Benisek* are also dispositive issues currently before the Court in the instant case; namely, whether these redistricting disputes are justiciable and, if so, then what standards must courts apply when resolving these disputes.

Just this past Friday, January 25, 2019, as described below, Plaintiffs in this case expressly relied upon *Rucho* and *Benisek*, and relied upon them heavily.  Plaintiffs' own briefing demonstrates that the outcome in *Rucho* and *Benisek* will be dispositive of this case.  Indeed, this Court's denial of the Defendants' Motion to Dismiss in this case relied in part on the lower court decision in *Rucho* that is now on review to the Supreme Court. Order Den'g Mot. Dismiss [ECF No. 61].  In light of the Supreme Court's expedited review in *Rucho* and *Benisek*, Defendants now seek to stay trial in this matter until these cases are decided.

This action should therefore be immediately stayed pending the Supreme Court's final decisions in *Rucho* and *Benisek.*  On January 4, 2019, the Supreme Court took several actions in *Rucho* and *Benisek* which warrant a stay here.  First, and most importantly, the Supreme Court agreed to hear both cases on March 26, 2019, shortly after trial in this matter.  *Rucho* and *Benisek* involve the same claims before the Court in this case.  The Supreme Court is likely to resolve currently unanswered questions regarding the justiciability, legal standards, factual

1

inquiries and appropriate remedy in these cases. Furthermore, it is critical to note that the Supreme Court notified the parties that it would postpone consideration of its jurisdiction over the plaintiffs' claims in *Rucho* and *Benisek* until the hearing on the merits.

Staying the proceedings in the instant case in light of *Rucho* and *Benisek* is in the best interests of the parties and the Court alike. If the Supreme Court finds that these redistricting claims are nonjusticiable, then this upcoming trial will constitute a waste of time, money and resources of the litigants, the Court, and the taxpayers of Ohio. But if the Supreme Court recognizes these claims are justiciable, its opinions in *Rucho* and *Benisek* will provide guiding and controlling principles attendant to the case at hand and may alter the factual and legal claims and presentations necessary to maintain or defend the case.

Moreover, if this Court proceeds to trial and rules against Defendants, then any remedy it attempts to impose will likely be stayed while the Supreme Court considers, and ultimately issues opinions in *Rucho* and *Benisek*. There would be no possible benefit to anyone in proceeding with the scheduled trial and attempting to apply standards that do not yet exist, only to receive guidance from the Supreme Court on those standards after-the-fact of the trial. For these reasons, and as explained below, the Court should enter an order immediately staying the scheduled trial pending the Supreme Court's final decisions in *Rucho* and *Benisek*.

**STANDARD OF REVIEW**

This Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones,* 520 U.S. 681, 706 (1997). This includes the power to consider the implications of judicial economy and the time and effort involved with counsel and litigants. *See Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936).

The Court considers four factors in determining whether "another case's imminent disposition" warrants a stay. *Caspar v. Snyder*, 77 F. Supp. 3d 616, 644 (E.D. Mich. 2015) (summarizing Sixth Circuit and Supreme Court precedent). In determining whether to stay a case pending the outcome in other litigation, courts within the Sixth Circuit weigh "the potentiality of another case having a dispositive effect on the case to be stayed, the judicial economy to be saved by waiting on a dispositive decision, the public welfare, and the hardship/prejudice to the party opposing the stay, given its duration." *Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004) (citing *Landis,* 299 U.S. at 255).

## ARGUMENT

It is well-established practice to stay a case where the dispositive issue in that case is simultaneously pending before a higher court. *United Steel, Paper & Forestry, Rubber, Mfg. Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO-CLC v. Kelsey-Hayes Co.,* 795 F. 3d 525 (6th Cir. 2015) (noting consideration of a petition for rehearing was stayed "pending the Supreme Court's Decision in *M & G Polymers USA, LLC v. Tackett"*); *United States v. Prisel*, 316 F. App'x 37, 383 (6th Cir. 2008) (noting the "court granted Prisel's motion to stay proceedings pending the Supreme Court's decision in *Gall v. United States*"); *Cooey v. Strickland,* 479 F.3d 412, 415 (6th Cir. 2007) ("We later granted a stay pending the Supreme Court's decision in *Hill v. McDonough*"); *Buckeye Cablevision, Inc. v. United States*, 438 F. 2d 948, 950 (6th Cir. 1971) (noting review of an FCC order was stayed "pending the Supreme Court decision in *United States v. Southwestern Cable Co.*"); *Thibault v. Wierszwski*, No. 15-CV-11358, 2017 WL 5195893, at *1 (E.D. Mich. Oct. 4, 2017) (staying proceedings pending outcome of certiorari petition); *Arab Am. Civil Rights League v. Trump*, No. 17-10310, 2017 WL 2501060, at *3 (E.D. Mich. Jun 9, 2017) (staying case pending outcome of a petition for

certiorari in *Int'l Refugee Assistance Project v. Trump*); *United States v. Wells*, No. 98-80994, 2017 U.S. Dist. LEXIS 12902 (E.D. Mich. Jan. 31, 2017) (holding case in abeyance after grant of certiorari and the Sixth Circuit's decision in *In re: Embry*, 831 F.3d 377 (6th Cir. 2016) asking district courts to hold cases pending the outcome of the Supreme Court case); *Pierson v. DHL Holdings USA, Inc.*, 2014 U.S. Dist. LEXIS 27045 (E.D. Mich. Mar. 4, 2014) (staying proceedings pending outcome of certiorari petition); *United States v. Conception,* No. 88-80523, 2013 WL 1788589, at *1 (E.D. Mich. Apr. 26, 2013) (noting the court stayed proceedings pending the grant of certiorari in *Chaidez v. United States*).

In this case, we know for certain the Supreme Court will decide two cases as to dispositive issues that are squarely before this Court in the instant case. As a result of this certainty, along with the fact all four relevant considerations strongly favor a stay, the Court should stay this matter pending the Supreme Court's final decisions in *Rucho* and *Benisek*.

### 1. The Dispositive Nature of *Rucho* and *Benisek* Warrants a Stay

With respect to the application of the first factor, there is no doubt the outcomes of the dispositive issues in *Rucho* and *Benisek* will be dispositive here. In this case, the Court, in ruling on Defendants' motion to dismiss, explained:

> [T]he plaintiffs propose three metrics that could be incorporated alone or together into a viable legal standard to adjudicate partisan gerrymandering claims. . . . . ***At this stage of the litigation, we cannot decide whether these proposed frameworks are meritorious,*** and we will not hold that the plaintiffs' claims are nonjusticiable merely on the possibility that their proposed tests may ultimately prove unworkable. We therefore hold that all of the plaintiffs' claims are justiciable.

Doc. 61, PageID 658-59 (emphasis added) (citing *Common Cause v. Rucho*, 279 F. Supp. 3d 587, 636 (M.D.N.C.)). At the same time, The Court explained:

> ***Until the Supreme Court either adopts a manageable test for the constitutionality of a partisan gerrymander or definitively states that no such***

> ***test exists***, it is incumbent on the trial courts to continue evaluating whether standards proposed by litigants are manageable.

Doc. 61, PageID 659 n.3 (emphasis added).

Similarly, in their response to Defendants' Motion for Summary Judgment, plaintiffs' rely heavily on *Rucho* and *Benisek*. Plaintiffs cite these cases dozens of times. *See generally* Doc. 177. Moreover, they use these cases expressly to argue that these claims are justiciable. Doc. 177, PageID 8279-85. Thus, plaintiffs' claims will rise or fall on the Supreme Court's ruling on these two pending cases.

The Supreme Court is very likely to answer the basic questions that this Court noted remain open and that plaintiffs have relied upon in their summary judgment response. In *Rucho* and *Benisek*, the Supreme Court will almost certainly either "adopt[] a manageable test for the constitutionality of a partisan gerrymander" or "definitively state[] that no such test exists." Following the Supreme Court's forthcoming decision, trial courts like this will be relieved of their obligation to continue evaluating such standards themselves.

There can be no dispute that *Rucho* and *Benisek* squarely present the same fundamental questions also confronting this Court in this litigation. In the appellants' Jurisdictional Statement in *Rucho*, for example, the appellants characterize the questions presented for the Supreme Court as:

1. Whether plaintiffs have standing to press their partisan gerrymandering claims.

2. Whether plaintiffs' partisan gerrymandering claims are justiciable.

3. Whether North Carolina's 2016 congressional map is, in fact, an unconstitutional partisan gerrymander.

Jurisdictional Statement, *Rucho et al. v. Common Cause et al.*, No. 18-422 (S.Ct.), at p. i. The first two questions before the Supreme Court are thus identical to the primary questions

presented here. *See, e.g.*, Defs.' SJ Mem. at 1-10 (arguing plaintiffs' claims are nonjusticiable), 11-30 (arguing plaintiffs lack standing).

    The Supreme Court will thus review the underpinning of these cases in the next 90 days. If *Rucho* and *Benisek* are reversed simply in part, then even that outcome will have a significant impact on this Court's consideration of this matter. Significantly, the Supreme Court has indicated it has doubts about whether the federal courts had jurisdiction in either case now before it by postponing the question of jurisdiction. There would be no purpose of proceeding with a trial here in these circumstances. *See Garland v. Orlans PC,* No. 18-11561, 2018 WL 6074933, at *2 (E.D. Mich. Nov. 11, 2018) (staying case where "if the Court were to move forward, there is approximately a 50% chance that doing so will be for no purpose").

    **2.  The Goal of Judicial Economy Warrants a Stay**

    With respect to the second factor, judicial economy is best served by staying any further proceedings in this case until after the Supreme Court issues its opinions in *Rucho* and *Benisek*. Those cases are set to be heard on March 26, 2019, and opinions will issue no later than June 30, 2019, but given the similar litigation pending elsewhere around the country,[1] the likelihood remains strong that the Supreme Court will issue its opinion sooner than later.  This Court should stay the trial in this matter and permit time for the Court, the parties, and counsel involved in this case to better address these matters upon receipt of guidance from the Supreme Court, if necessary at all.  There is little point to holding a trial that could last the better part of two weeks, put the Court, parties and counsel through trial preparation and the expenses that comes with it, and then require post-trial briefing literally as the Supreme Court is hearing and considering two

---

[1] Similar claims are pending in federal court in Michigan and Wisconsin.  The Michigan Intervenors filed a motion to stay similar to this motion.  *See* Congressional and Legislative Defendants-Intervenors' Emergency Motion to Stay Trial, *League of Women Voters v. Johnson*, Civil Action No. 17-cv-14148 (E.D. Mich).

cases that will be controlling on this Court's analysis of the facts and law. *See Garland,* 2018 WL 6074933, at *2 (staying case where pending Supreme Court ruling will determine what law is controlling and where the ruling risks "requiring the parties and the Court to unnecessarily expend significant resources").

Holding a trial where the elements of the claim, the relevant factual issues, and the federal courts' basic jurisdiction over the case are currently being reviewed by the Supreme Court potentially means this Court might decide a case over which it lacks jurisdiction, or the parties could be presenting facts and legal analysis that are about to be altered by the forthcoming Supreme Court opinions.

### 3. The Public Welfare Concerns Generated by a Trial Warrant a Stay

This trial will be a highly publicized proceeding with Ohio taxpayers spending significant resources. There can be no doubt that awaiting guidance from the Supreme Court before conducting such a proceeding while the Supreme Court is reviewing controlling and potentially dispositive cases bests serves the public welfare.

If the Supreme Court determines that federal courts do not have jurisdiction over these claims or that judicially manageable standards do not exist, this case can be dismissed without trial and without posing any risk to the public welfare. If, on the other hand, these proceedings need not be dismissed following the Supreme Court's decision, the parties will be able to proceed informed by whatever standards the Supreme Court will adopt for cases such as this one. Absent a stay, this case would likely proceed – with a very significant expenditure of time and taxpayer money – only to produce a result that must be vacated, either because plaintiffs' claims are nonjusticiable or because the Court and the parties did not apply whatever standards the

Supreme Court will adopt for such claims. An expensive, time-consuming, but ultimately pointless trial is not in the public interest.

### 4. The Lack of Hardship to Plaintiffs Warrants a Stay

With respect to the relative hardships of the parties, it is important to note that plaintiffs slept on their rights and waited seven years and three election cycles before bringing this action. Census day 2020 is fourteen months away, new data will be released in early 2021, and a wholly new process for drawing maps in Ohio will be in place for the 2020 redistricting cycle. There is no additional hardship on plaintiffs if this Court resolves this matter in the second half of 2019 rather than the first half, and certainly no additional hardship that plaintiffs have not endured during the last seven years when they were sleeping on their so-called rights.

In any event, the Supreme Court will issue its decision in *Rucho and Benisek* at the latest on June 30, 2019—the last day of this term. The Secretary of State has determined that a map needs to be finalized by September 20, 2019 to accommodate the administrative obligations associated with the 2020 election. *See* P. Wolfe Decl., Exh. A. Thus, based on the election calendar, the outstanding issues in this case can be resolved by September 20, 2019.

Under these circumstances, there is no good reason to proceed with the scheduled trial, and many good reasons not to.

### CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Defendants respectfully request that the Court grant the motion and stay trial of this case pending the United States Supreme Court's decisions on the dispositive issues in *Common Cause v. Rucho* (Sup. Ct. #18-422) and *Benisek v. Lamone* (Sup. Ct. 18-726).

Respectfully submitted

DAVE YOST
Ohio Attorney General


By: /s/Phillip J. Strach
Phillip J. Strach*
N.C. State Bar No. 29456
phil.strach@ogletree.com
*Lead and Trial Counsel

By: /s/Michael D. McKnight
Michael McKnight
N.C. State Bar No. 36932
michael.mcknight@ogletree.com

Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
4208 Six Forks Road, Suite 1100
Raleigh, NC 27609
Tel.: (919) 787-9700
Facsimile: (919) 783-9412
*Attorneys for Defendants Householder & Obhof*


/s/Steven T. Voigt
Steven T. Voigt (0092879)
Principal Assistant Attorney General
Ohio State Bar No. 0092879
Nicole M. Koppitch

Ohio State Bar No. 0082129
Ann Yackshaw
Ohio State Bar No. 0090623
Ohio Attorney General's Office
Constitutional Offices Section
30 E. Broad Street, 16th Floor
Columbus, Ohio 43215
Tel: (614) 466-2872
Fax: (614) 728-7592
steven.voigt@ohioattorneygeneral.gov
*Attorneys for Defendants*


Date:  January 28, 2019

## <u>CERTIFICATE OF SERVICE</u>

I, Michael D. McKnight, hereby certify that I have this day filed the foregoing document with the CM/ECF system which will provide notice to all counsel of record in this matter including the following:

T. Alora Thomas-Lundborg
Dale E. Ho
Theresa J. Lee
Emily Rong Zhang
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
athomas@aclu.org
dho@aclu.org
tlee@aclu.org
erzhang@aclu.org

Freda J. Levenson (0045916)
American Civil Liberties Union of Ohio Fdtn.
4506 Chester Avenue
Cleveland, OH 44103
Tel.: (216) 472-2220
Facsimile: (216) 472-2210
flevenson@acluohio.org

Paul Moke (0014099)
Cooperating Attorney for ACLU of Ohio
Wilmington College*
1252 Pyle Center
Wilmington, OH 45177
Tel.: 937-725-7501
paul.moke@gmail.com
* Institutional affiliation for the purpose of identification only

Robert Fram
Nitin Subhedar
Jeremy Goldstein
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
Tel.: (415) 591-6000
rfram@cov.com
nsubhedar@cov.com
jgoldstein@cov.com

Michael Baker
Perrin Cooke
Peter Rechter
Isaac Wood
Covington & Burling LLP
850 Tenth Street, NW
Washington, DC 20001
Tel.: (202) 662-6000
mbaker@cov.com
pcooke@cov.com
prechter@cov.com
iwood@cov.com

*Attorneys for Plaintiffs*

10

By: /s/Michael D. McKnight
Michael McKnight
N.C. State Bar No. 36932
michael.mcknight@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
4208 Six Forks Road, Suite 1100
Raleigh, NC 27609
Tel.: (919) 787-9700
Facsimile: (919) 783-9412

*Attorney for Defendants Householder & Obhof*

37183650.1