# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| OHIO A. PHILIP RANDOLPH INSTITUTE, *et al.*, | Case No. 1:18-cv-357 |
| Plaintiffs, | ORDER DENYING MOTIONS TO EXCLUDE |
| v. | |
| LARRY HOUSEHOLDER, Speaker of the Ohio House of Representatives, *et al.*, | |
| Defendants. | |

_____

**Before: Moore, Circuit Judge; Black and Watson, District Judges.**

Pending before the Court are Plaintiffs', Defendants', and Intervenors' various motions to exclude expert testimony and reports under Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).  (Mots., Docs. 148, 150–156).

The primary "gatekeeping" role of the district court is largely inapplicable when the matter is proceeding to a bench trial.  *See Deal v. Hamilton Cty. Bd. of Educ.*, 392 F.3d 840, 852 (6th Cir. 2004) ("The 'gatekeeper' doctrine was designed to protect juries and is largely irrelevant in the context of a bench trial."); *see also United States v. Demjanjuk*, 367 F.3d 623, 633 (6th Cir. 2004) (noting that the trial court's discretion to admit or exclude expert testimony is "particularly broad" in the context of a bench trial); *United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005) ("There is less need for the

gatekeeper to keep the gate when the gatekeeper is keeping the gate only for himself [or herself].");  *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000) (concluding that "[m]ost of the safeguards provided for in *Daubert* are not as essential in a case such as this where a district judge sits as the trier of fact in place of a jury.").  Moreover, after reviewing the parties' various briefs on these motions, the Court finds that many of the arguments to exclude go to the credibility of the expert witnesses' opinions, rather than to admissibility.  The Court will be in a better position after trial to determine the merits of those credibility arguments.

Accordingly, this Court prefers to "admit the evidence and then afford it whatever weight the Court deems appropriate."  *See League of Women Voters of Mich. v. Benson*, No. 2:17-cv-14148, 2019 U.S. Dist. LEXIS 6914, at *2 (E.D. Mich. Jan. 15, 2019) (quoting *Mich. State A. Philip Randolph Inst. v. Johnson*, No. 16-CV-11844, 2018 WL 1180886, at *2 (E.D. Mich. Mar. 7, 2018)).  At this time, all motions to exclude are, therefore, **DENIED**.

**IT IS SO ORDERED.**

Date:  2/6/19

/s/ *Michael H. Watson*
Michael H. Watson
United States District Judge

/s/ *Karen Nelson Moore*
Karen Nelson Moore
United States Circuit Judge

/s/ *Timothy S. Black*
Timothy S. Black
United States District Judge