IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| OHIO A. PHILIP RANDOLPH INSTITUTE, LEAGUE OF WOMEN VOTERS OF OHIO, THE OHIO STATE UNIVERSITY COLLEGE DEMOCRATS, NORTHEAST OHIO YOUNG BLACK DEMOCRATS, HAMILTON COUNTY YOUNG DEMOCRATS, LINDA GOLDENHAR, DOUGLAS BURKS, SARAH INSKEEP, CYNTHIA LIBSTER, KATHRYN DEITSCH, LUANN BOOTHE, MARK JOHN GRIFFITHS, LAWRENCE NADLER, CHITRA WALKER, TRISTAN RADER, RIA MEGNIN, ANDREW HARRIS, AARON DAGRES, ELIZABETH MYER, BETH HUTTON, TERESA THOBABEN, and CONSTANCE RUBIN, <br><br>    Plaintiffs, <br><br> v. <br><br> LARRY HOUSEHOLDER, Speaker of the Ohio House of Representatives, LARRY OBHOF, President of the Ohio Senate, and FRANK LAROSE, Secretary of State of Ohio, in their official capacities, <br><br>    Defendants. | No. 1:18-cv-00357-TSB <br><br> Judge Timothy S. Black <br> Judge Karen Nelson Moore <br> Judge Michael H. Watson <br> Magistrate Judge Karen L. Litkovitz |

## **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY TRIAL**

### **INTRODUCTION**

The trial in this matter should be stayed. Next month the Supreme Court is hearing two cases, *Common Cause v. Rucho* (Sup. Ct. No. 18-422) and *Benisek v. Lamone* (Sup. Ct. No. 318-726) that involve claims identical to the claims Plaintiffs have brought here. Despite Plaintiffs' arguments, this circumstance justifies a stay.

1

The U.S. District Court for the Western District of Wisconsin recognized this and recently stayed the upcoming trial in *Whitford v. Gill*, No. 15-cv-421 & 18-cv-763, 2019 WL 294800 (W.D. Wis. Jan. 23, 2019), under the same circumstances presented here. There the Court noted that the Supreme Court has not yet provided a standard for determining whether claims such as these violate the First and Fourteenth Amendments "or even determined whether such claims are justiciable." *Id*. at *1. Because of this, the *Whitford* Court was persuaded that "judicial economy and the balance of equities favor delaying a trial and any decision on the merits until the Supreme Court decides *Rucho* and [*Benisek*]." *Id*. at *2.

Denying Defendants' stay request in this case does not mean that Plaintiffs will necessarily receive the relief and final remedy that they seek—that is simply an assumption they make. However, if a stay is *not* granted, Defendants and taxpayers *will* suffer irreparable injury. This case does not involve two corporations preparing for battle, funded by their own private treasuries. The upcoming trial will be funded by the taxpaying citizens of Ohio. If the Supreme Court rules that these claims are not justiciable in *Rucho* and *Benisek*, then the trial will have been a substantial waste of money and resources for the litigants, the Court, and, most significantly, the people of Ohio.

Alternatively, if the Supreme Court finds Plaintiffs' claims are justiciable, a stay remains in the interests of all parties and the Court. There are extremely few scenarios in which the Supreme Court's decisions in *Rucho* and *Benisek* do not provide guiding and controlling principles to the case at hand. The decisions will undoubtedly alter what evidentiary presentations are needed to maintain or defend this case.

A stay ensures that the interests of judicial economy, the public welfare, and fairness are all upheld. A stay is also more likely to provide Plaintiffs an opportunity for meaningful, *lasting*

relief, should they be able to prove liability, than proceeding without guidance from the Supreme Court.

## ARGUMENT

### I. This Court should follow the recent, well-reasoned decision by the U.S. District Court for the Western District of Wisconsin in *Whitford v. Gill* and stay the trial.

This Court should follow the well-reasoned opinion by the court in *Whitford v. Gill,* which decided to stay its upcoming trial under the exact same circumstances that are present here. *See Whitford*, 2019 WL 294800.[1]

The *Whitford* Court rightfully recognized that *Rucho* and *Benisek* "have important implications for these cases," because the Supreme Court has not yet provided a standard for determining when use of election data in districting "violates the First and Fourteenth Amendments or even determined whether such claims are justiciable." *Id*. at *1. Importantly, the Court noted that if the Supreme Court decides these claims are not justiciable, all cases involving them, including the instant case, "will have to be dismissed." *Id*.

In making that decision, the *Whitford* Court analyzed arguments, similar to the arguments advanced by Plaintiffs here, regarding alleged prejudice that would be suffered if trial was delayed. The Court acknowledged these concerns as "valid," but reasoned that if it did hold a trial, and it articulated a standard that departed from any standard applied by the Supreme Court in *Rucho* or *Benisek*, then a second, "new trial under the correct standard" would be required. Thus, the

---

[1] Plaintiffs' complaint that this motion should have been filed when *Rucho* and *Benisek* were appealed is without merit. The *Whitford* Court entered its stay on January 23, 2019 on a motion that was filed after the Supreme Court set those cases for argument. (Doc. 230 in Case No. 15-421 (W.D. Wisc.)). Until the Supreme Court set the cases for argument, there was no way to know what type of action the Supreme Court would take in the cases. For instance, if the Supreme Court had summarily affirmed or reversed, such action would be of limited precedential value and would have been a much less persuasive reason for a stay of this action. *See e.g. Connecticut v. Doehr*, 501 U.S. 1, & n.4 (1991) (citing *Edelman v. Jordan,* 415 U.S. 651, 671 (1974) ("A summary disposition does not enjoy the full precedential value of a case argued on the merits and disposed of by a written opinion.")). Instead, the Supreme Court has more significantly postponed the question of jurisdiction in both cases and set them for oral argument.

plaintiffs' interest in a meaningful remedy would not be helped, "[e]ven assuming the Supreme Court concluded that [these] claims are justiciable…if this court has to retry the case under a new standard." *Id*. at *2. Here, "judicial economy and the balance of equities favor delaying a trial and any decision on the merits until the Supreme Court decides *Rucho* and [*Benisek*]." *Id*.

## II. The likelihood that Defendants will suffer irreparable injury if a stay is not granted outweighs any concerns raised by Plaintiffs.

Plaintiffs wrongly claim that alleged hardships they will experience by continuing the trial "outweigh" any benefit of staying the case. (*See generally* Doc. 201). Plaintiffs claim that "this case has been litigated from the start with full awareness that there were other" similar cases and as such Defendants' Motion to Stay is nothing more than an "eleventh-hour attempt to block the trial." (*Id*. at PAGEID #11318-19, pp.1-2). However, Plaintiffs controlled when the litigation would be initiated, knowing other similar cases existed which could potentially be ripe for Supreme Court consideration prior to the culmination of their own case. They waited seven years and three election cycles to do so. Plaintiffs, not Defendants, have created the need for a stay now.

The significant application that *Rucho* and *Benisek* will have on this matter is indisputable. Plaintiffs have virtually conceded the enormous impact *Rucho* and *Benisek* have on the outcome of this case in that they cite *Rucho* and/or *Benisek* dozens of time in their response to Defendants' Motion for Summary Judgment to argue that their claims are justiciable and that the "standard" they champion should be utilized here. (*See generally* Doc. 177). Plaintiffs' claims succeed or fail depending on how the Supreme Court rules in these cases. There is little value in proceeding with a trial before the Supreme Court does so. (*See* Doc. 185, PAGEID # 11063, p. 10).

4

A. <u>There is no certainty that Plaintiffs will even be able to obtain the relief they seek if the Court denies a stay because the Supreme Court will likely vacate any ruling by this Court following its opinions in *Rucho* and *Benisek.*</u>

Plaintiffs argue against a stay by contending that any delay of a trial in this matter will prohibit them from being able to obtain meaningful relief for the 2020 election cycle. (*See* Doc. 201, PAGEID # 11319-21, pp. 2-4). However, even if the Court denies Defendants' request for a stay, there is no certainty that Plaintiffs will obtain the relief they seek, or within the time frame they have set forth.

If the Supreme Court finds that these claims are non-justiciable in *Rucho* and *Benisek*, Plaintiffs' cases will have to be dismissed. This will mean that a trial held in this matter would have been for naught. If the Supreme Court does recognize these claims (which is not a given), pressing ahead with a trial and post-trial briefing is simply an invitation for the Supreme Court to later vacate this Court's decision and require new proceedings. There is no reason to believe that after the Supreme Court issues further guidance in *Rucho* and *Benisek*, it would not summarily vacate and remand any related similar cases, including this case, just like it did last term following its decision in *Gill*. *See e.g. Rucho v. Common Cause*, 138 S.Ct. 2679 (2018) (Mem.) (vacating and remanding for further consideration in light of *Gill*). In this likely scenario, Plaintiffs still will not have their desired remedy in time for the 2020 election cycle, but the Court's valuable time and resources will certainly have been wasted. *See Garland v. Orlans PC*, No. 18-11562, 2018 WL 6074933, (E.D. Mich. Nov. 11, 2018) (staying case where Supreme Court ruling risks "requiring the parties and the Court to unnecessarily expend significant resources.").

B. <u>Contrary to Plaintiffs' claims, judicial economy and the public welfare favor granting a stay.</u>

In deciding whether to grant a stay, the Court must weigh the costs and benefits "*to each side.*" *Whitford*, 2019 WL 294800, at *1 (internal citations omitted) (emphasis added). The slight

5

chance that somehow the Supreme Court's rulings do not vacate or otherwise upend a potential trial ruling by this Court[2] does not outweigh the very likely harm that Defendants will suffer if required to go to trial as planned. (*See* Doc. 185, PAGEID # 11063-11064, pp. 10-11). As stated, this case is not being litigated by two private corporations who have made a conscious decision to spend their own money and resources on litigation. Defendants represent the citizens of the State of Ohio and the defense of this case is paid for with taxpayer dollars. Similarly, the costs to the Court for holding the trial will be paid by U.S. tax dollars. If this Court presses forward with trial—and the Supreme Court establishes in *Rucho* and *Benisek* that these claims are not justiciable—then the trial will waste time, money, and resources for the litigants, the Court, and the taxpayers alike. If, on the other hand, the Supreme Court finds that these claims are justiciable, the Supreme Court will likely vacate this Court's previous trial ruling, and order new proceedings. Any trial held prior to the Supreme Court's rulings will have been in vain. Defendants and taxpayers would both suffer irreparable injury since there will be no way for them to recoup the expenditures associated with the unnecessary trial.

Plaintiffs also cite *Common Cause v. Rucho* to advance the argument that because the parties have completed discovery and submitted pretrial motions "a stay now would at best, only minimally advance the interests of judicial economy" and the public welfare. (Doc. 201, PAGEID # 11323-24, pp. 6-7 (citing *Common Cause v. Rucho*, No. 1:16-cv-1026 2017 WL 3981300, at *7 (M.D.N.C. Sept. 8, 2017))). Plaintiffs also argue against a stay by claiming that their claims are "analytically distinct" from the claims in *Rucho* and *Benisek*. (Doc. 201, PAGEID # 11324, p. 7).

---

[2] Plaintiffs claim they will suffer irreparable "harm" if the Court grants Defendants' stay request because "relief" will not be in effect prior to the 2020 election. But they were not worried about such "harm" while they waited seven (7) years and three (3) election cycles before bringing this action. The "fire drill" allegedly requiring the Court to deny Defendants' stay request was caused by Plaintiffs.

However, *Rucho's* protracted procedural history demonstrates that these arguments are unpersuasive and a stay is warranted. When *Rucho* was in the same procedural situation as this case is now, the *Rucho* Court refused to stay proceedings pending the Supreme Court's decision in *Gill*. It did so because of distinctions between *Rucho* and *Gill* and so discovery and trial preparation could be completed *See Rucho*, 2017 WL 3981300, at *1; *Common Cause v. Rucho*, 284 F.Supp. 3d 708, 783 (M.D.N.C. 2018). A trial was held and the Court then enjoined North Carolina's redistricting plan and denied defendants' motion for a stay pending appeal. *Id*. at 782; *but see Common Cause v. Rucho*, 138 S.Ct. 923 (2018) (Mem.) (granting a stay pending appeal). After all of that, the Supreme Court vacated the district court's decision and remanded for further consideration in light of *Gill v. Whitford*, 138 S.Ct. 2679 (2018) (Mem.), and now the case is once again back before the Supreme Court. The whole process was a waste of the resources of both the Court and the litigants. And the "analytical distinctions" between claims in *Gill* and *Rucho* did not save the *Rucho* plaintiffs from having the trial opinion overturned by the Supreme Court in light of the *Gill* ruling. The same scenario will likely happen to Plaintiffs here if the Court proceeds to trial.

The far more sensible course was taken by the *Benisek* Court. There, the Court *sua sponte* stayed proceedings after the Supreme Court set *Gill* for argument. *See Benisek v. Lamone*, 266 F. Supp. 3d 799, 801 (D. Md. 2017). Plaintiffs there, just like Plaintiffs here, contended that their claims were sufficiently distinct from those before the Supreme Court such that a stay was not warranted. (*See* Doc. 201, PAGEID # 11324, p. 7 (Plaintiffs contending that their claims are so "analytically distinct" from those in *Rucho* and *Benisek* that it is "unlikely that the Supreme Court decision[s] will give dispositive guidance resolving [their] claims.")). But the *Benisek* Court correctly rejected this argument. Acknowledging some distinctions between the cases, the Court

nonetheless concluded that the ultimate question in both cases, as it is here, was the same: whether the challenged districts "actually inflicted a constitutional injury on [plaintiffs], one that is sufficiently personal so as to satisfy the threshold requirements of Article III and sufficiently definite and clear so as to justify the dramatic remedy of an injunction against enforcement of an otherwise lawfully enacted map." *Id*. at 814. The Court also recognized that the stay would have benefits even if the Supreme Court's decision did not resolve all of the outstanding issues in *Benisek*. Specifically, the Court held, "[w]hile the Supreme Court's decision in *Whitford* may not prove dispositive of *Benisek*, the Court's analysis will undoubtedly shed light on critical questions in this case, and the parties and the panel will be served by awaiting that guidance." *Id*. at 815, 806 ("guidance of some sort (maybe dispositive guidance) is forthcoming" and to proceed without that guidance "would place the cart far ahead of the horse."). The Court further noted: "as the divergent opinions in *Vieth* illustrate, the Justices are not bound to decide [these] cases along the lines that the [district courts] found persuasive." *Benisek*, 266 F. Supp.3d at 815-16. Awaiting the Supreme Court's decisions in *Rucho* and *Benisek* "insure[s] that [this Court] is proceeding on the correct legal foundation" and on a "proper legal standard" which seems to be the only prudent way to tackle an issue of this magnitude. *Id*. at 816; *see also Fisher v. Univ. of Tx.,* 570 U.S. 297, 314 (2013) ("fairness to the litigants and the courts" requires that a case be "considered and judged" under the correct legal standard.).

Ultimately, judicial economy and the public welfare weigh decisively in favor of a stay. Plaintiffs' desire to proceed is "greatly outweighed by the efficiency costs of charging ahead only to later learn that Plaintiffs must return to square one (or, perhaps, that their action is no longer viable)." *Benisek*, 266 F.Supp.3d at 816. A stay here "avoid[s] unnecessary duplication of judicial

machinery" and an unnecessary waste of tax dollars by the litigants and this Court. *Tx. Ind. Producers v. E.P.A.*, 410 F. 3d 964, 980 (7th Cir. 2005).

Alternatively, in light of Plaintiffs' complaints about timing and if this Court is not inclined to grant a complete stay, it should limit the parties' March 2019 trial to fact witnesses and Plaintiffs only. The Court should then bifurcate the proceedings and have the parties' expert witnesses testify at a proceeding after the Supreme Court has issued its opinions in *Rucho* and *Benisek*. The Supreme Court's rulings, as explained *supra,* will undoubtedly alter the testimony and theories of the parties' expert witnesses depending on what judicial standard the Court adopts, if any. Judicial economy and the public welfare will be served by saving Defendants, and the taxpayers, from paying for experts to testify in a proceeding that may be vacated. If the Court hears testimony from at least some witnesses, Plaintiffs' interests will also be served because they will "stay on track" to obtain the remedy they seek.

## **CONCLUSION**

Based on the foregoing, Defendants respectfully request that the Motion to Stay be granted.

    Respectfully submitted

    DAVE YOST
    Ohio Attorney General


    By: /s/Phillip J. Strach
    Phillip J. Strach*
    N.C. State Bar No. 29456
    phil.strach@ogletree.com
    *Lead and Trial Counsel*

    By: /s/Michael D. McKnight
    Michael McKnight
    N.C. State Bar No. 36932
    michael.mcknight@ogletree.com

    Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

                                      4208 Six Forks Road, Suite 1100
                                      Raleigh, NC 27609
                                      Tel.: (919) 787-9700
                                      Facsimile: (919) 783-9412
                                      *Attorneys for Defendants Householder & Obhof*


                                      /s/Steven T. Voigt
                                      Steven T. Voigt (0092879)
                                      Principal Assistant Attorney General
                                      Ohio State Bar No. 0092879
                                      Nicole M. Koppitch
                                      Ohio State Bar No. 0082129
                                      Ann Yackshaw
                                      Ohio State Bar No. 0090623
                                      Ohio Attorney General's Office
                                      Constitutional Offices Section
                                      30 E. Broad Street, 16th Floor
                                      Columbus, Ohio 43215
                                      Tel: (614) 466-2872
                                      Fax: (614) 728-7592
                                      steven.voigt@ohioattorneygeneral.gov
                                      *Attorneys for Defendants*

Date:  February 7, 2019

# CERTIFICATE OF SERVICE

      I, Michael D. McKnight, hereby certify that I have this 7th day of February, 2019 filed the foregoing document with the CM/ECF system which will provide notice to all counsel of record in this matter including the following:

T. Alora Thomas-Lundborg
Dale E. Ho
Theresa J. Lee
Emily Rong Zhang
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
athomas@aclu.org
dho@aclu.org
tlee@aclu.org
erzhang@aclu.org

Freda J. Levenson (0045916)
American Civil Liberties Union of Ohio Fdtn.
4506 Chester Avenue
Cleveland, OH 44103
Tel.: (216) 472-2220
Facsimile: (216) 472-2210
flevenson@acluohio.org

Paul Moke (0014099)
Cooperating Attorney for ACLU of Ohio
Wilmington College*
1252 Pyle Center
Wilmington, OH 45177
Tel.: 937-725-7501
paul.moke@gmail.com
* Institutional affiliation for the purpose of identification only

Robert Fram
Nitin Subhedar
Jeremy Goldstein
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
Tel.: (415) 591-6000
rfram@cov.com
nsubhedar@cov.com
jgoldstein@cov.com

Michael Baker
Perrin Cooke
Peter Rechter
Isaac Wood
Covington & Burling LLP
850 Tenth Street, NW
Washington, DC 20001
Tel.: (202) 662-6000
mbaker@cov.com
pcooke@cov.com
prechter@cov.com
iwood@cov.com

*Attorneys for Plaintiffs*

By: /s/Michael D. McKnight
Michael McKnight
N.C. State Bar No. 36932
michael.mcknight@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
4208 Six Forks Road, Suite 1100
Raleigh, NC 27609
Tel.: (919) 787-9700
Facsimile: (919) 783-9412

*Attorney for Defendants Householder & Obhof*

37319794.1