UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

OHIO A. PHILIP RANDOLPH INSTITUTE, )
*et al.*, )
                                             )          No. 1:18-cv-357
                                             )
        **Plaintiffs,**                     )          ORDER DENYING MOTION TO
                                             )          STAY TRIAL
v.                                                 )
                                             )
LARRY HOUSEHOLDER, *et al.*,       )
                                             )
        **Defendants.**                  )

**Before: Moore, Circuit Judge; Black and Watson, District Judges.**

Before the Court is the Defendants' motion to stay the trial in this case, set for March 4, 2019 (Dkt. 185). The Defendants' argument for a stay is premised on two pending cases before the Supreme Court of the United States. *See Common Cause v. Rucho* (S. Ct. No. 18-422); *Benisek v. Lamone* (S. Ct. No. 18-726). For the reasons that follow, we **DENY** the motion.

### I.    STANDARD

This Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). And "[t]he proponent of a stay bears the burden of establishing its need." *Id.* at 708. Whether a stay is appropriate, and thus whether the proponent has met its burden, "requires examining 'the circumstances of the particular case.'" *Ohio State Conference of N.A.A.C.P. v. Husted*, 769 F.3d 385, 387 (6th Cir. 2014) (quoting *Nken v. Holder*, 556 U.S. 418, 433 (2009)). In the context of a motion to stay a trial such as the one before us, "it is also clear that a court must tread carefully in granting a stay of proceedings, since

1

a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Envtl. Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977).

The party seeking a stay must "show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Id.* The Sixth Circuit has recognized that "[t]he most important factor is the balance of the hardships[.]" *FTC v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627–28 (6th Cir. 2014) (further noting the need to consider judicial economy). The Defendants point to district court cases that summarize the relevant factors in this context as follows: "the potential dispositive effect of the other case, judicial economy achieved by awaiting adjudication of the other case, the public welfare, and the relative hardships to the parties created by withholding judgment." *Caspar v. Snyder*, 77 F. Supp. 3d 616, 644 (E.D. Mich. 2015) (denying the motion to stay a case pending the resolution of a Supreme Court case); *see also Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936), and outlining the same four factors).

In *Landis*, the Supreme Court stated,

> [T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. True, the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both. Considerations such as these, however, are counsels of moderation rather than limitations upon power.

*Landis*, 299 U.S. at 254–55 (citations omitted).

## II.  ANALYSIS

Turning to the "potential dispositive effect" factor, whether *Rucho* and *Benisek* will be dispositive in this case is unclear and will be an unknown for several months. This unknown must be weighed against the other factors, which ultimately weigh in favor of denying the stay.

On the one hand, considerations of judicial economy might weigh in the Defendants' favor. But such a conclusion partially requires predicting what the Supreme Court might do in *Rucho* and *Benisek*. For example, the Supreme Court might set out a new substantive standard for partisan gerrymandering claims, it might endorse the tests adopted by several three-judge panels, or other issues might arise like the standing issue that arose in *Gill v. Whitford*, 138 S. Ct. 1916 (2018). The strength of judicial-economy concerns in favor of the Defendants is thus unclear—it is possible that nothing changes. On the other hand, discovery is now complete, and this case is less than one month away from trial. The parties have filed scores of briefs on various issues (e.g., summary judgment, *Daubert* motions, etc.). The only cost to be saved is that of the trial itself. Any weight of judicial-economy considerations in favor of Defendants is overcome by other factors.

The public welfare and the relative hardship factors weigh clearly and strongly against a stay. The Plaintiffs allege that the current Ohio congressional districts cause significant and systematic constitutional harms under the First and Fourteenth Amendments, as well as Article I of the Constitution. *See, e.g.*, *Reynolds v. Sims*, 377 U.S. 533, 555 (1964) ("The right to vote freely for the candidate of one's choice is of the essence of a democratic society, and any restrictions on that right strike at the heart of representative government. And the right of suffrage can be denied by a debasement or dilution of the weight of a citizen's vote just as effectively as by wholly prohibiting the free exercise of the franchise."). If these allegations are proven at trial, then a new

3

map will need to be drawn quickly; the parties indicate that a new map must be submitted by September 20, 2019 for the upcoming 2020 election. (Dkt. 185-1) (Wolfe Decl. at ¶ 5) (Page ID #11071). Given these tight time constraints, a stay could pose a potentially severe hardship for the Plaintiffs (and Ohio voters generally)—that is, an unremedied constitutional violation. Moreover, the litigants and voters would benefit from a timely resolution of this trial, no matter the outcome, because as the September deadline approaches, the risk of confusion and uncertainty increases. *See Purcell v. Gonzalez*, 549 U.S. 1, 4–5 (2006) ("Court orders affecting elections . . . can themselves result in voter confusion and consequent incentive to remain away from the polls. As an election draws closer, that risk will increase."); *see also Benisek v. Lamone*, 138 S. Ct. 1942, 1944–45 (2018) (recognizing that time constraints factored into the public interest and that such constraints counseled in favor of denying a preliminary injunction because the district court could not "ensure the timely completion of a new districting scheme in advance of the 2018 election season."); *Ohio Envtl. Council*, 565 F.2d at 396 ("A court should be particularly hesitant [in granting a stay] when, as here, the stay will disrupt a statutory or administrative timetable."). We therefore conclude that the public interest strongly weighs against a stay, and the Plaintiffs could suffer a potentially severe hardship if a stay were granted.

In sum, the balance of the factors weighs against granting a stay. The benefits of a stay are uncertain, but the impending September deadline for a new map is set. The timely resolution of this case will provide certainty to all parties and the public as to whether any districts need to be redrawn. Accordingly, the Plaintiffs will not "be compelled to stand aside" while other litigants from other states pursue their claims on appeal. *See Landis*, 299 U.S. at 255.

Finally, we note that Justice Sotomayor denied an application for a stay in another partisan gerrymandering case on February 4, 2019. *See In re Lee Chatfield*, (S. Ct. No. 18-973) (Feb. 4,

2019) (Sotomayor, J., denying application for a stay). The applicants for the stay in that case advanced essentially the same arguments as those before us, but the stay was denied. After reviewing the parties' briefs and examining the particular circumstances of this case, we follow the same course.

### III. CONCLUSION

For the foregoing reasons, we **DENY** the motion to stay trial.


ENTERED: February 8, 2019

        s/ Karen Nelson Moore
        HONORABLE KAREN NELSON MOORE
        United States Circuit Judge

        s/ Timothy S. Black
        HONORABLE TIMOTHY S. BLACK
        United States District Judge

        s/ Michael H. Watson
        HONORABLE MICHAEL H. WATSON
        United States District Judge