UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| OHIO A. PHILIP RANDOLPH INSTITUTE, *et al.*, | Case No. 1:18-cv-357 |
| Plaintiffs, | Judge Timothy S. Black<br>Judge Karen Nelson Moore<br>Judge Michael H. Watson |
| v. | |
| LARRY HOUSEHOLDER Speaker of the Ohio House of Representatives, *et al.*, | |
| Defendants. | |

**ORDER GRANTING PLAINTIFFS' MOTION
TO OFFER TRIAL TESTIMONY OF
U.S. CONGRESSWOMAN MARCIA FUDGE
IN OPEN COURT BY LIVE VIDEOCONFERENCE**

This case is before the Court upon Plaintiffs' motion to permit the testimony of Congresswoman Marcia L. Fudge, United States Representative for Ohio's 11th Congressional District, by way of live videoconference in open court (Doc. 220). The Intervenors have filed a memorandum in opposition (Doc. 223) as to which Plaintiffs have filed a reply memorandum (Doc. 225). Defendants have recently filed a memorandum in opposition (Doc. 229).

Federal Rule of Civil Procedure 43(a) provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." The Rule's 1996 Advisory Committee Notes caution that "[t]ransmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial."

1

Plaintiffs argue that the exceedingly demanding occupation and newly unpredictable schedule of a member of the U.S. Congress, the unexpected compacting of the legislative calendar due to the Government's recent 34-day shut-down, and the burdens of interstate travel provide good cause under compelling circumstances for the Court to exercise its discretion and permit the Congresswoman's testimony to occur live during trial via videoconference. The Intervenors and Defendants urge the Court to reject such reasoning.

Whether and how to conduct testimony by video transmission is within the sound discretion of the trial court, reviewable only for abuse of that discretion. *See, e.g.*, *Palmer v. Valdez*, 560 F.3d 965, 968-69 (9th Cir. 2009) (reviewing for abuse of discretion only); *Air Turbine Tech. Inc. v. Atlas Copco AB*, 410 F.3d 701, 714 (Fed. Cir. 2005). The trial court's determination is highly fact specific and can be based on concerns as varied as the difficulty of long-distance travel, to security or medical issues. *See, e.g.*, *Beltran-Tirado v. INS*, 213 F.3d 1179, 1185-86 (9th Cir. 2000) (affirming decision to allow a Missouri resident to testify telephonically at a deportation proceeding held in California); *FTC v Swedish Match N. Am., Inc.* 197 F.R.D. 1, 1-2 (D.D.C. 2000) (finding "serious inconvenience" in requiring a resident of Oklahoma to appear as a witness in Washington D.C.). In evaluating the good cause for testimony by videoconference, this Court is mindful that Congresswoman Fudge "will testify through live video in open court, under oath, and defendants will have the opportunity to cross-examine the witness." *See Swedish Match,* 197 F.R.D. at 2.

Here, live transmission will allow the Court to observe not only Congresswoman Fudge's words but also her demeanor, and it will also give the Panel the opportunity to ask Congresswoman Fudge questions directly, ensuring useful testimony for our consideration. Indeed, videoconferencing simulates in-person trial testimony more closely than would a deposition, and thus better serves the fact gathering purpose of testimony. This case also presents issues of great public concern, and the interests of the community in open, contemporaneous, public testimony would be best served by live video testimony. Finally, deposition testimony at this point in time would be a far more burdensome proposition for the parties and the Court.

Here, an important witness is likely to be unavailable at this trial, and live transmission is both the most reliable and the least burdensome substitute manner of securing her testimony. Videoconferencing will allow this Court to assess the Congresswoman's credibility and demeanor firsthand and contemporaneously in a courtroom proceeding, and to ask any questions that may arise. A recorded deposition would do neither, and is no substitute for live, interactive testimony. Accordingly, in this particular case, Congresswoman Fudge's extremely demanding profession, newly unpredictable schedule, and the burdens of interstate travel together constitute good cause under Rule 43.

The Court therefore **GRANTS** Plaintiffs' motion (Doc 220). Plaintiffs' counsel shall communicate immediately with the Court's IT representative

(Richard_St.John@ohsd.uscourts.gov or (513) 564-7533)

to coordinate the presentation of the testimony by live videoconference.

**IT IS SO ORDERED.**

Date:  February 25, 2019

                                                        s/ *Timothy S. Black*
                                                        TIMOTHY S. BLACK
                                                        United States District Judge

                                                        s/ *Karen Nelson Moore*
                                                        KAREN NELSON MOORE
                                                        United States Circuit Judge

                                                        s/ *Michael H. Watson*
                                                        MICHAEL H. WATSON
                                                        United States District Judge