# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| OHIO A. PHILIP RANDOLPH INSTITUTE, *et al.,* | Case No. 1:18-cv-357 |
| | |
| Plaintiffs, | Judge Timothy S. Black |
| | Judge Karen Nelson Moore |
| | Judge Michael H. Watson |
| v. | |
| | |
| LARRY HOUSEHOLDER, Speaker of the Ohio House of Representatives, *et al.,* | |
| | |
| Defendants. | |

## ORDER ESTABLISHING TIME LIMITS FOR TRIAL

This case is before the Court regarding the parties' cross-proposals for allocation of time at trial (Docs. 228 & 231).

Since day one of this litigation, the parties have represented that this case would take two weeks (10 days; 60 hours) to try. The Court has expressed its inclination from the beginning to impose time limits on both sides in order to accomplish that timetable.

Plaintiffs first expressed concern at the Final Pretrial Conference that they would need more time than five days to present their case. Plaintiffs therefore proposed splitting the total trial time of 60 hours, with Plaintiffs permitted 60% of the time available and Defendants/Intervenors being accorded 40% of the available trial time. Defendants/ Intervenors object strenuously to a 60%/40% split of trial time. The Court has therefore required the parties to identify their witnesses and to propose time limits for direct examination and cross examination of all witnesses. *See* Docs. 228 & 231.

Plaintiffs now represent that they can accommodate a timetable that affords them 2,080 minutes, or c. 35 hours, to conduct their portions of trial. Defendants/Intervenors object to being left with only 1,480 minutes of time. Defendants/Intervenors indicate that they require 900 minutes for direct examination and 840 minutes for cross-examination, *i.e.,* a total of c. 29 hours of trial time. They request, however, that the trial time be split evenly between Plaintiffs and Defendants/Intervenors.

To resolve the dilemma presented, the Court has agreed to make the three Panel Judges available for two additional days of trial, to wit: Monday, March 18, and Tuesday, March 19. This resolution permits Plaintiffs their 2,080 minutes, *i.e.*, 35 hours, and the Court grants Defendants/Intervenors the **equal** amount of time of 35 hours. With 12 six-hour trial days (70 hours), the case can be completed by March 19, 2019.

Accordingly, given the Court's authority and discretion to establish reasonable time constraints in a civil trial,[1] the Court hereby **ORDERS** that (1) Plaintiffs and (2) Defendants/Intervenors shall both have 35 hours of time to present their direct and cross examinations. The parties are bound only by their 35 hour maximum: if a party spends more time with a witness than as anticipated in its filing (Docs. 228 & 231), then that party will have to spend less time than anticipated with other witnesses.

Trial shall commence on March 4, 2019 at 9:00 a.m. and shall conclude no later than Tuesday, March 19, 2019 at 5:00 p.m.

---

[1] *See, e.g., Ma v. Am. Elec. Power, Inc.*, 647 F. App'x 641, 645 (6th Cir. 2016); *Trepel v. Roadway Express, Inc.*, 40 F. App'x 104, 107-08 (6th Cir. 2002); *Sutkiewicz v. Monroe County Sheriff*, 110 F.3d 352, 361 (6th Cir. 1997).

**IT IS SO ORDERED.**

Date:  February 26, 2019

s/ *Timothy S. Black*
TIMOTHY S. BLACK
United States District Judge

s/ *Karen Nelson Moore*
KAREN NELSON MOORE
United States Circuit Judge

s/ *Michael H. Watson*
MICHAEL H. WATSON
United States District Judge