# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| OHIO A. PHILIP RANDOLPH INSTITUTE, *et al.*, | Case No. 1:18-cv-357 |
| Plaintiffs, | Judge Timothy S. Black |
| v. | Judge Karen Nelson Moore |
| | Judge Michael H. Watson |
| LARRY HOUSEHOLDER, Speaker of the Ohio House of Representatives, *et al.*, | |
| Defendants. | |

## ORDER GRANTING IN PART PLAINTIFFS' MOTION TO SEAL

This case is before the Court regarding the Plaintiffs' Motion to Seal Document, to wit: Exhibit 4 from Dr. Wendy K. Tam Cho's deposition, which exhibit displays Dr. Cho's algorithm identifying the steps of the map-drawing process, as well as their sequence, which algorithm Dr. Cho has translated into lines of actual code that a computer can understand and execute in order to run the desired process. (Doc. 161). According to Plaintiffs:

> The code that Dr. Cho used for her work in this case incorporates a significant amount of code that she developed and refined over the course of her career, with regard to which she invested countless hours writing, evaluating, debugging, revising, and optimizing to make sure that the code carries out the relevant functions in the most effective and efficient manner possible. Because this code represents a substantial amount of her life's work and embodies an enormous amount of time-value, Dr. Cho has carefully guarded the code and kept it confidential -- to prevent others from misappropriating all of this value. … Dr. Cho's code (as embodied in Exhibit 4 to her deposition) lay[s] bare a complete implementation of her algorithm – [which] constitutes nothing short of the "crown jewels" of her career.

*Id.* at PAGEID # 7336 (citation omitted).

Accordingly, Plaintiffs ask the Court to seal the Exhibit and order a narrowly tailored limitation on publication of Exhibit 4 at trial, to wit: "If more than a quarter of a page of Dr. Cho's code needs to be displayed for any purpose on the screen, it should be displayed only to the judges, lawyers and potentially any witnesses. …" (Doc. 227 at PAGEID # 11658).

Intervenors object. (*See* Doc. 216).

There is a "strong presumption in favor of openness as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (internal quotation marks and citation omitted); *see also Beauchamp v. Fed. Home Loan Mortg. Co.*, 658 F. App'x 202, 207 (6th Cir. 2016); *Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593-96 (6th Cir. 2016). As the Sixth Circuit instructs:

> The burden of overcoming that presumption [of openness] is borne by the party that seeks to seal them. *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001). The burden is a heavy one: "Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983). . . . And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason. *See, e.g.*, *Press-Enter. Co. v. Superior Court of California, Riverside Cnty.*, 464 U.S. 501, 509-11, 104 S. Ct. 819, 78 L. Ed. 2d 629 (1984). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter*, 297 F.3d at 548.

*Shane Grp.*, 825 F.3d at 305-06. Even when a litigant asserts a potentially cognizable interest in sealing court records, that interest does not automatically justify sealing; it must instead be balanced against the public's interest. *See, e.g.*, *United States*

*v. Doe*, 870 F.3d 991, 996 (9th Cir. 2017). "[T]he greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 305. "And even where a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason." *Id.*

Here, Plaintiffs argue that the "compelling reasons" supporting sealing are founded in the rule that documents containing proprietary and confidential information or trade secrets constitute a recognized exception to the general right of public access to judicial records and are properly filed under seal. *See In re Perrigo Co.*, 128 F.3d 430, 446 (6th Cir. 1997) (finding that the presumption of public access can be overcome by "a particularized special need for confidentiality, such as when trade secrets . . . are implicated"); *NetJets Ass'n of Shared Aircraft Pilots v. NetJets, Inc.*, No. 2:14-cv-2487, 2016 WL 5349793, at *2 (S.D. Ohio Sept. 23, 2016) (holding that sealing of information is warranted where it is "proprietary and would harm [a party's] business interests if released"); *LL NJ, Inc. v. NBC-Subsidiary (WCAU-TV), L.P.*, No. 06-14312, 2008 WL 1923261, at *27 (E.D. Mich. Apr. 28, 2008) ("[T]he presumption in favor of public access may be overcome when trade secrets are implicated.").

Source codes constitute trade secrets and confidential business information. *See Wisc. Alumni Research Found. v. Apple, Inc.*, No. 14–cv–062, 2015 WL 6453837, at *1 (W.D. Wis. Oct. 26, 2015) (granting motion to seal trial exhibit that contained confidential source code and holding that "[a] party's confidential source code falls within a trade secret or confidential business information warranting protection"); *Apple,*

3

*Inc. v. Samsung Elecs. Co.*, No. 11–CV–01846–LHK, 2012 WL 6115623, at *2 (N.D. Cal. Dec. 10, 2012) ("Confidential source code clearly meets the definition of a trade secret."); *LinkCo, Inc. v. Fujitsu Ltd.*, 230 F. Supp. 2d 492, 499 (S.D.N.Y. 2002) ("Computer programs have been found to constitute a trade secret where the source code is not easily copied or ascertainable by inspection of the program.").

Moreover, here, Exhibit 4 to Dr. Cho's deposition—which represents the entirety of Dr. Cho's source code for generating her simulated maps using a supercomputer—is as valued and closely guarded a piece of intellectual property as any an academic can possess. Dr. Cho's code is a culmination of interdisciplinary academic work and research spanning 30 years. Publishing Dr. Cho's code in the public record would be akin to giving away "'information which is used in [her] business, and which gives [her] an opportunity to obtain an advantage over competitors who do not know or use it.'" *Kentucky v. Marathon Petroleum Co.*, Case No. 3:15-CV-354-DJH, 2018 WL 3130945, at *6 (W.D. Ky. June 26, 2018) (quoting *Apple, Inc.*, 2012 WL 6115623, at *1) (granting motion to seal, even when the documents at issue did not constitute trade secrets "in the technical sense").

Intervenors argue that Dr. Cho's source code is not a trade secret under the laws of Ohio. Under Ohio law, a "trade secret" is defined as:

> information, including the whole or any portion or phase of any scientific or technical information, design, process, procedure, formula, pattern, compilation, program, device, method, technique, or improvement, or any business information or plans, financial information, or listing of names, addresses, or telephone numbers, that satisfies both of the following:

4

> (1) It derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use;
>
> (2) It is the subject of efforts that are reasonable under the circumstances to maintain its secrecy

Ohio Rev. Code § 1333.61(D). Moreover, the Supreme Court of Ohio has adopted a six-factor test to determine the existence of a trade secret. The factors are: (1) the extent to which the information is known outside the business; (2) the extent to which [the information] is known to [employees] inside the business; (3) the precautions taken by the holder of the trade secret to guard the secrecy of the information; (4) the savings effected and the value to the holder in having the information as against competitors; (5) the amount of effort or money expended in obtaining and developing the information; and (6) the amount of time and expense it would take for others to acquire and duplicate the information." *State ex rel. The Plain Dealer v. Ohio Dep't of Ins.,* 80 Ohio St.3d 513, 524–25, 687 N.E.2d 661 (1997).

Here all of the factors weigh in favor of finding that Dr. Cho's source code is a trade secret. Pursuant to her affidavit (Doc. 227-3), Dr. Cho has evidenced the twin foundations of trade secret protection: secrecy and value. The Court accepts all of her representations in her affidavit and incorporates them herein as if fully re-written here; they provide evidence which satisfies the six-factor test of the Supreme Court of Ohio. Moreover, even if the source code were determined not to be a trade secret, the secrecy attached to the source code and the substantial value of the source code warrant sealing it. *Marathon Petroleum,* 2018 WL 3130945, at *6 (granting motion to seal, even when the

documents at issue did not constitute trade secrets "in the technical sense").

Intervenors' other primary argument against sealing is that when one balances the public's interest in court records against the need for protection of proprietary information, here the public interest in openness should preclude sealing. Intervenors point out that "the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 305. Here, however, on this case's unique facts, the presumption of access is rebutted by Plaintiffs.

At trial, as during her deposition, Dr. Cho can be freely asked question about her code and the public is free to hear any of those questions and answers. Presentation of the code in such a way will not hamper Plaintiffs' ability to present Dr. Cho's algorithm, nor opposing counsels' ability to vet it, in Court, and in the presence of the public. Dr. Cho did share her code with the litigants during discovery pursuant to the Protective Order. Therefore, she subjected everything she used to conduct her analysis, including her code, to the adversarial process by sharing her code with Defendants and Intervenors (subject to the Protective Order), and by permitting it to be analyzed while opposing experts wrote their reports and used as an exhibit to her deposition. Accordingly, disclosure—and assessment—of methodologies and practices has been and can be fully achieved without revealing to the public the nuts and bolts—and the valuable intellectual property—behind how they work. *See Marathon Petroleum*, 2018 WL 3130945, at *6

On the other hand, publication of the code in a .pdf document on PACER, a public website, without any restriction on visibility or use, would fully display to the public the

nuts and bolts of Dr. Cho's trade secret. And the fact that Dr. Cho's trade secret is computer code written in C++ makes it especially vulnerable to appropriation: "any member of the public could run Dr. Cho's code with nothing more than a functioning computer; no additional assembly is required." (Doc. 227 at PAGEID ## 11660-61). And once the code is published, its use is entirely untraceable.

Accordingly, the Court accepts the proposal Plaintiffs proffer: As in Dr. Cho's deposition, opposing counsel are free to ask Dr. Cho about her code, and similarly for other relevant witnesses. However, Exhibit 4 will be sealed from the public record. Moreover, if more than a quarter of a page of Dr. Cho's code needs to be displayed for any purpose on the screen, it should be displayed only to the judges, lawyers and potentially any witnesses, exactly as the Court's visual settings allow, and not to the public. The restrictions on publication of the code to the public at trial are narrowly tailored to serve the competing interests which present.

**IT IS SO ORDERED.**

Date: March 2, 2019

s/ *Timothy S. Black*
TIMOTHY S. BLACK
United States District Judge

s/ *Karen Nelson Moore*
KAREN NELSON MOORE
United States Circuit Judge

s/ *Michael H. Watson*
MICHAEL H. WATSON
United States District Judge