**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

OHIO A. PHILIP RANDOLPH INSTITUTE, *et al.*

Plaintiffs,

v.

LARRY HOUSEHOLDER, Speaker of the Ohio House of Representatives, *et al.*

Defendants.

Case No. 1:18-cv-357

Judge Timothy S. Black
Judge Karen Nelson Moore
Judge Michael H. Watson

Magistrate Judge Karen L. Litkovitz

**MOTION FOR LEAVE TO AMEND EXHIBIT LIST**

Plaintiffs Ohio A. Philip Randolph Institute, League of Women Voters of Ohio, the Ohio State University College Democrats, Northeast Ohio Young Black Democrats, Hamilton County Young Democrats, Linda Goldenhar, Douglas Burks, Sarah Inskeep, Cynthia Libster, Kathryn Deitsch, Luann Boothe, Mark John Griffiths, Lawrence Nadler, Chitra Walker, Tristan Rader, Ria Megnin, Andrew Harris, Aaron Dagres, Elizabeth Myer, Beth Hutton, Teresa Thobaben, and Constance Rubin ("Plaintiffs") hereby request leave to submit an amended exhibit list and introduce exhibits not listed on Appendix L to the Final Pretrial Order (Dkt. No. 234).

Pursuant to the Court's directive at the February 11, 2019, Final Pretrial Conference, Plaintiffs have cut 195 exhibits from their initial trial exhibit list. On February 15, 2019, the date on which they were to provide their revised exhibit list, they provided notice to Defendants and Intervenors of their intent to add 18 additional trial exhibits. Fifteen of those documents were exhibits in the reopened deposition of Adam Kincaid that took place on January 31, 2019—nearly two weeks after Plaintiffs submitted their initial trial exhibit list. Substantive and foundation testimony was taken regarding each of exhibits at the deposition, which only took place after multiple rounds of motions and an appeal to the Sixth Circuit. The other three

exhibits constitute stipulations and responses to requests for admission ("RFA") that were marked purely for identification.

Defendants and Intervenors were provided an opportunity to object to the admissibility of these 18 exhibits—and did so on February 21, 2019. Amongst those objections was the contention that the exhibits were improperly late disclosed. Plaintiffs provided their responses on this point, along with their responses to all of the outstanding objections, on the date set by the Court—February 25, 2019. Defendants and Intervenors continue to stand on these objections following the parties' meet and confer.

Plaintiffs accordingly bring this motion for leave to amend their trial exhibit list for good cause, as set forth below. A copy of the proposed Amended Appendix L to the Final Pretrial Order accompanies this motion.

### A. Procedural History: the Plaintiffs' Compliance and the Defendants' and Intervenors' Noncompliance with the Court's February 11, 2019, Directive Regarding Trial Exhibits and Evidentiary Objections.

On February 11, 2019, the Court issued an order directing: (1) Plaintiffs to provide an updated exhibit list to Defendants and Intervenors by February 15, 2019; (2) Defendants and Intervenors to review Plaintiffs' revised exhibit list and respond with their objections, "including an explanation of the basis for each objection," by February 21, 2019; (3) Plaintiffs to respond to Defendants' and Intervenors' objections by February 25, 2019; and (4) the parties to meet and confer in a good faith attempt to resolve any outstanding objections immediately thereafter. *See* Pretrial Conference Tr. at 82:9-85:7; Notation Order (Feb. 20, 2019).

Pursuant to the Court's order, Plaintiffs provided Defendants and Intervenors with a revised exhibit list on February 15, 2019, withdrawing 103 exhibits. In addition, on February 25, 2019, Plaintiffs withdrew an additional 92 trial exhibits in an effort to further streamline the trial of this case. *See* Declaration of Jeremy Michael P. Goldstein in Support of Plaintiffs' Motion to Amend the Trial Exhibit List ("Goldstein Decl.") ¶ 7. Thus, in total, Plaintiffs cut 195 exhibits from the Trial Exhibit List that appears as Appendix L in the Court's Pretrial Order.

As part of Plaintiffs' disclosures on February 15, Plaintiffs added 18 exhibits to the Plaintiffs' initial exhibit list. *See* Goldstein Decl. ¶ 3. Fifteen of those newly-added exhibits were exhibits to the January 31, 2019 deposition of Mr. Kincaid—which, due to litigation over Mr. Kincaid's, the Republican National Committee's ("RNC's"), and the National Republican Congressional Committee's ("NRCC's") invocation of First Amendment privilege, took place over a month after the close of discovery and nearly two weeks after Plaintiffs submitted their initial exhibit list. *See* Goldstein Decl. ¶ 4. The remaining three newly-added exhibits were a stipulation signed by Defendants in January 2018 and two of Defendants' responses to Plaintiffs' Requests for Admission, which Plaintiffs added for ease of reference during trial. *See* Goldstein Decl. ¶ 5.

Defendants and Intervenors jointly responded to Plaintiffs' revised exhibit list on February 21, 2019, and provided bases for their authentication and foundation objections. However, contrary to the Court's order to specify the nature and basis for each of Defendants' and Intervenors' remaining objections, they provided no basis for any of the 138 hearsay objections that remained. Notation Order, Feb. 20, 2019 (directing Defendants and Intervenors to "respond with their objections[—]including an explanation *of the basis for each objection*") (emphasis added); Pretrial Conference Tr. at 78:4-7 ("I need you to get to work on your specific objections to the specific exhibits, not 'I object based on authenticity, foundation and *hearsay*.' *Those objections are not acceptable*.") (emphasis added). On February 22, 2019, Plaintiffs requested that Defendants and Intervenors remedy their failure by February 24, 2019. Defendants and Intervenors refused, contending that the Court's order did not require them to provide a basis for their 137 hearsay objections.

Nonetheless, on February 25, 2019, Plaintiffs provided responses to each of Defendants' and Intervenors' objections, including the 137 hearsay objections they failed to substantiate.[1]

[1] Plaintiffs contend that Defendants and Intervenors have waived all such hearsay objections.

Thereafter, Plaintiffs and Defendants met, which resulted in the withdrawal of some foundation and authentication objections and the resolution of other outstanding issues. A substantial number of objections, however, remain at issue, the great bulk of which are hearsay objections as to which Defendants and Intervenors have *still* failed to provide the specific bases for their objections, as required by the Court (and even after Plaintiffs provided their own detailed responses as to why their hearsay objections are not well taken).

### B. Good Cause Exists For Plaintiffs to Amend Their Exhibit List to Add the 15 Deposition Exhibits from the Reopened Kincaid Deposition.

Good cause exists for Plaintiffs to submit a revised exhibit list to the Court and introduce exhibits not listed in Appendix L of the Court's Final Pretrial Order.

#### 1. The Kincaid Deposition Exhibits Could Not Be Placed Before the Witness Until January 31, 2019.

The 15 Kincaid deposition exhibits were not put before a witness until January 31—weeks after Plaintiffs submitted their initial exhibit list to the Court. They could not have been put before Mr. Kincaid at the time of his initial December 4, 2018, deposition, given that they were not produced until January 4, 2019.

As the Court is well-aware, Adam Kincaid, the RNC, and the NRCC engaged in over six months of intense motions practice in their strident efforts to avoid compliance with Plaintiffs' document subpoenas and deposition notices and subpoenas. Those efforts included numerous motions, a trip to the Sixth Circuit, and more than a dozen briefs. The Court repeatedly denied the relief sought by Kincaid, the RNC, and the NRCC, and the discovery dispute culminated with their production of previously withheld documents on January 4, 2019, and Mr. Kincaid sitting for a re-opened deposition on January 31, 2019. By the time of Mr. Kincaid's re-opened deposition, Plaintiffs had submitted their initial exhibit list to the Court on January 18.

Ironically, in Defendants' and Intervenors' view, placing the documents before a witness in a deposition is a predicate to their admissibility, given that they have objected no less than 25 times to the admissibility of various trial exhibits on the grounds that no deposition testimony

was taken regarding such exhibits.  *See* Goldstein Decl. ¶ 10.  Plaintiffs do not agree, but note that Defendants and Intervenors cannot have it both ways.

### 2. The Re-Opened Kincaid Deposition Yielded Testimony Pertinent to the Admissibility and Relevance of the 15 Exhibits.

When the exhibits were placed before Mr. Kincaid, Plaintiffs elicited useful testimony pertinent to their relevance and admissibility.

- **P599** is a spreadsheet with historical election results and PVI scores for sixteen Congressional districts.  Mr. Kincaid testified that he created P599 as part of his normal responsibility as NRCC Redistricting Coordinator.  Goldstein Decl. Ex. Q ("Kincaid Dep.") at 460:22-24, 516:2-10.  *See* Goldstein Decl. ¶ 4; Goldstein Decl. Ex. B.

- **P600** is an image depicting the state of Ohio and its sixteen congressional districts.  Mr. Kincaid testified that he received P600 as an attachment to an email from Heather Mann that was then forwarded to Thomas Hofeller and Mike Wild on the same day.  Kincaid Dep. at 471:4-16, 477:13-20.  *See* Goldstein Decl. ¶ 4; Goldstein Decl. Ex. C.

- **P601** is a screenshot of a Maptitude file that depicts an Ohio congressional district map.  Mr. Kincaid testified that he received P601 as an attachment to an email from Ms. Mann, that was then forwarded to Mr. Hofeller and Mr. Wild on the same day.  Kincaid Dep. at 318:11-319:25, 481:3-7.  *See* Goldstein Decl. ¶ 4; Goldstein Decl. Ex. D.

- **P602** is a spreadsheet with historical election results for a congressional district labelled "12 - Tiberi."  Mr. Kincaid testified that he created P602 as part of his normal responsibilities as NRCC Redistricting Coordinator.  Kincaid Dep. at 527:21-528:13, 532:11-7.  *See* Goldstein Decl. ¶ 4; Goldstein Decl. Ex. E.

- **P603** is a spreadsheet with historical election results for a congressional district labelled "8 - Boehner."  Mr. Kincaid testified that he created P603 as part of his normal responsibilities as NRCC Redistricting Coordinator.  Kincaid Dep at 533:11-15.  *See* Goldstein Decl. ¶ 4; Goldstein Decl. Ex. F.

- **P604** is a spreadsheet with historical election results for congressional district labelled "4 - Jordan." Mr. Kincaid testified that he created P604 as part of his normal responsibilities as NRCC Redistricting Coordinator. Kincaid Dep. at 537:20-538:5. *See* Goldstein Decl. ¶ 4; Goldstein Decl. Ex. G.
- **P605 through P613** are spreadsheets with historical election results for congressional districts. Mr. Kincaid testified that he created P605 through P613 as part of his normal responsibilities as NRCC Redistricting Coordinator. Kincaid Dep. at 541:17-542:8. Mr. Kincaid further testified that all of these documents (along with P602 through P604) were kept on the NRCC's server and would be made available to members of congress if requested. *See* Kincaid Dep. at 536:16-537:9, 538:19-22. *See* Goldstein Decl. ¶ 4; Goldstein Decl. Exs. H-P.

#### 3. Defendants and Intervenors Will Suffer No Prejudice From the Addition of These Exhibits to Plaintiffs' Exhibit List.

Counsel for Defendants and Intervenors attended Mr. Kincaid's deposition, in person and telephonically, and thus had notice of his testimony concerning 15 of the 18 documents. *See* Kincaid Dep. at 251 (listing appearances). Moreover, Defendants and Intervenors already reviewed all 18 of the exhibits, provided their objections, and received Plaintiffs' responses to those objections. Accordingly, Defendants and Intervenors are not unduly surprised by the inclusion of these documents, nor hampered from objecting to their admissibility at trial.

### C. Defendants' and Intervenors' Objection to the Inclusion of their Own Stipulations and RFA Responses Marked for Identification is Inexplicable.

At the February 26, 2019, meet and confer, Plaintiffs pointed out that Defendants and Intervenors had objected to the inclusion of their RFA responses and a stipulation signed by Defendants. They were offered a chance to rescind their "late identified" objection by Thursday, February 28, 2019. They did not do so. Their position is untenable. In particular, they cannot contend that they are prejudiced by the introduction into evidence of their own admissions and/or stipulations.

## CONCLUSION

For the reasons above, Plaintiffs request the Court grant them leave to amend their exhibit list, substituting the attached Amended Appendix L in place of Appendix L to the Final Pretrial Order.

Dated: March 2, 2019

Respectfully submitted,
/s/ *Jeremy Goldstein*

Michael Baker
Perrin Cooke
Robert Day
Peter Rechter
Jacob Canter
Covington & Burling LLP
850 Tenth Street, NW
Washington, DC 20001
Tel.: (202) 662-6000
mbaker@cov.com
pcooke@cov.com
rday@cov.com
prechter@cov.com
jcanter@cov.com

Jeremy Goldstein
Robert Fram
Nitin Subhedar
Covington & Burling LLP
One Front Street
San Francisco, CA 94111
Tel.: (415) 591-6000
rfram@cov.com
nsubhedar@cov.com
jgoldstein@cov.com

T. Alora Thomas-Lundborg
Dale E. Ho
Theresa J. Lee
Emily Rong Zhang
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
Tel.: (212) 549-2500
athomas@aclu.org
dho@aclu.org
tlee@aclu.org
erzhang@aclu.org

Freda J. Levenson (0045916)
Elizabeth Bonham (0093733)
David Carey (0088787)
American Civil Liberties Union of Ohio Fdtn.
4506 Chester Avenue
Cleveland, OH 44103
Tel.: (614) 586-1958
Facsimile: (216) 472-2210
flevenson@acluohio.org
ebonham@acluohio.org
dcarey@acluohio.org

Paul Moke (0014099)
Cooperating Attorney for ACLU of Ohio
Wilmington College*
1252 Pyle Center
Wilmington, OH 45177
Tel.: 937-725-7501
paul.moke@gmail.com
* Institutional affiliation for the purpose of identification only

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 2, 2019, a true and correct copy of the foregoing was served via ECF to all counsel of record in the above-captioned case.

/s/ *Jeremy Goldstein*
Jeremy Goldstein

*Attorney for Plaintiffs*