# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| OHIO A. PHILIP RANDOLPH INSTITUTE ET AL., | No. 1:18-cv-357 |
| Plaintiffs, | ORDER DENYING EMERGENCY MOTIONS TO STAY PENDING APPEAL |
| v. | |
| LARRY HOUSEHOLDER ET AL., | |
| Defendants. | |

**Before: Moore, Circuit Judge; Black and Watson, District Judges.**

Before the Court are Defendants' and Intervenors' motions to stay this Court's injunction pending appeal to the Supreme Court of the United States. *See* Dkt. 266 (Defs.' Mot. to Stay); Dkt. 268 (Intervenors' Mot. to Stay). Plaintiffs oppose the motion. *See* Dkt. 269 (Pls.' Opp'n). Defendants and Intervenors waived the opportunity for a reply brief, and the motions are now ripe for decision.

"A stay is not a matter of right . . . ." *See Nken v. Holder*, 556 U.S. 418, 433 (2009) (citation omitted). Courts evaluate four factors in considering a stay pending appeal:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay.

*See Mich. State A. Philip Randolph Inst. v. Johnson*, 833 F.3d 656, 661 (6th Cir. 2016); *see also Nken*, 556 U.S. at 434.

The Court has reviewed these motions and briefs, and the Court finds that the arguments raised in the motions mirror the issues considered and ruled upon when the Court previously denied

1

the motion to stay the trial in this matter. *See* Dkt. 213 (Order Denying Mot. to Stay Trial). No new arguments persuade the Court that a stay is now warranted, and therefore the Court adheres to its prior analysis. *See id.* (denying a stay of trial because any effect of *Common Cause v. Rucho* (S. Ct. No. 18-422) and *Benisek v. Lamone* (S. Ct. No. 18-726) on this case is unknown, and the public welfare, relative hardships, and time constraints of this case weigh strongly against a stay). Moreover, Defendants and Intervenors attempt to relitigate the merits of the case in these motions and avoid the Court's finding and conclusion that the current map is unconstitutional and has thus harmed voters. For the reasons stated in the Opinion and Order, we reject the arguments that attempt to relitigate the merits of this case. *See* Dkt. 262 (Op. & Order).

The Court also takes this opportunity to emphasize and clarify two points. First and foremost, Defendants have not changed their position that a new map would need to be in place no later than September 20, 2019. *See* Dkt. 185-1 (Wolfe Decl. at 2). The Court needs sufficient time to assess properly whether any potential State-enacted remedial plan is constitutionally acceptable, and, if a remedial plan is not constitutionally acceptable, the Court needs adequate time to work with a special master to draw a map and consider any objections from the parties to such a plan. This may take time, and the Court will carefully analyze any remedial plan so that the voters in Ohio can avoid another election with unconstitutionally drawn districts. Ensuring a remedial plan is in place prior to the deadline is the optimal way to avoid voter confusion. Presently, Defendants maintain that deadline is September 20, 2019. (Again, we observe that H.B. 369, the actual plan that was used in the 2012 elections, was signed into law on December 15, 2011.) The Court is committed to working with Defendants' deadline while also discharging its "own duty to cure illegally gerrymandered districts . . . ." *See North Carolina v. Covington*, 138 S. Ct. 2548, 2553–54 (2018).

Second, the Court's Order does not "require[] both houses of the General Assembly to *separately* introduce . . . a new congressional districting plan . . . ."  See Dkt. 266 (Defs.' Mot. to Stay at 12) (emphasis added).  One house of the General Assembly could introduce one new plan, which could then pass both houses and be signed by the Governor; the State House of Representatives and State Senate need not introduce *separate* and different plans for consideration.  The Court's Order, however, requires Defendants to submit alternative plans (if any) considered by the General Assembly or any constituent committee.  See Dkt. 262 (Op. & Order at 295).  In fact, the Court's Order does not *require* the State to draw its own remedial plan at all, but the Court has allowed the State the *opportunity* to cure its own unconstitutional gerrymander.  Id. at 294–96.  The Court continues to hope that the State will take that opportunity.

Accordingly, the relevant factors and circumstances of this case continue to weigh against granting a stay.  The Court therefore **DENIES** the motions to stay this Court's Order.

ENTERED: **May 9, 2019**

> *s/ Karen Nelson Moore*
> HONORABLE KAREN NELSON MOORE
> United States Circuit Judge
>
> *s/ Timothy S. Black*
> HONORABLE TIMOTHY S. BLACK
> United States District Judge
>
> *s/ Michael H. Watson*
> HONORABLE MICHAEL H. WATSON
> United States District Judge