**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| OHIO A. PHILIP RANDOLPH INSTITUTE, *et al.*, | No. 1:18-cv-357 |
| **Plaintiffs,** | ORDER DENYING COSTS |
| v. | |
| LARRY HOUSEHOLDER, *et al.*, | |
| **Defendants.** | |

**Before: Moore, Circuit Judge; Black and Watson, District Judges.**

Before the Court is Defendants Larry Householder and Larry Obhof's ("Legislative Defendants") Bill of Costs (Dkt. 290). Pursuant to the briefing schedule established by the Court, Plaintiffs filed a response in opposition (Dkt. 293), and Defendants filed a reply in support of their request for costs (Dkt. 295). For the reasons that follow, we **DENY** the Legislative Defendants' request for costs.

### I. BACKGROUND

Plaintiffs, individual Democratic voters from each of Ohio's sixteen congressional districts, two non-partisan pro-democracy organizations, and three Democratic-aligned organizations, initiated this action to challenge the constitutionality of Ohio's 2012 redistricting map. After a two-week trial, the Court entered an Order ruling in Plaintiffs' favor, declaring Ohio's 2012 map an unconstitutional partisan gerrymander and enjoining its use in the 2020 election. *See Ohio A. Philip Randolph Inst. v. Householder*, 373 F. Supp. 3d 978 (S.D. Ohio 2019). The Legislative Defendants, Speaker of the Ohio House of Representatives Larry Householder and President of the Ohio State Senate Larry Obhof, appealed the decision directly to the Supreme

Court.[1]  Dkt. 265.  While the appeal was pending, the Supreme Court issued a ruling in *Rucho v. Common Cause*, 139 S. Ct. 2484 (2019), in which the Court held that partisan gerrymandering claims present political questions beyond the scope of federal jurisdiction.  Subsequently, the Supreme Court vacated this Court's judgment and remanded the case for further consideration in light of *Rucho v. Common Cause*.  Dkt. 283; Dkt. 284.  Pursuant to the Supreme Court's order, this Court dismissed the case for lack of jurisdiction on October 29, 2019.  Dkt. 287.

On November 8, 2019, the Supreme Court issued a certified copy of its judgment, which vacated this Court's judgment, remanded the case, and awarded $300 to the Legislative Defendants for costs incurred therein.  Dkt. 288.  On December 9, 2019, the Legislative Defendants filed a Bill of Costs in this Court seeking a total of $71,179.27.  Dkt. 290.  Plaintiffs oppose the request for costs, asserting that an award of "just costs" would not be appropriate under 28 U.S.C. § 1919, as Plaintiffs reasonably pursued their case in the district court based on existing Supreme Court precedent.  Dkt. 293 at 5-6.  In support of their Bill of Costs, the Legislative Defendants argue that an award of costs in this case is governed by Federal Rule of Civil Procedure 54(d)(1), rather than 28 U.S.C. § 1919, which carries a presumption of costs to the "prevailing party."  Dkt. 295 at 3-4.  Alternatively, Defendants argue that if § 1919 applies, the costs it seeks are "just."  *Id.* at 4.  Defendants further assert that the Court should apply the "law of the case" doctrine and award costs in this case based on the Supreme Court's prior award of costs in its order vacating this Court's judgment.  *Id.* at 2.

## II.    ANALYSIS

The Legislative Defendants assert that they are entitled to costs under Federal Rule of Civil Procedure 54(d).  Rule 54(d) creates a presumption in favor of awarding costs to the "prevailing

---

[1] Ohio's Secretary of State, Frank LaRose, joined Larry Householder and Larry Obhof in their appeal to the Supreme Court; however, the Bill of Costs was filed on behalf of Householder and Obhof only.  *See* Dkt. 265; Dkt. 295.  The Intervenors filed a separate appeal to the Supreme Court (Dkt. 267) and have not requested costs.

party," stating that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." However, several courts have found that when a case is dismissed for lack of jurisdiction, 28 U.S.C. § 1919 controls the question of costs, rather than Rule 54(d). *See Otay Land Co. v. United Enters. Ltd.*, 672 F.3d 1152, 1157 (9th Cir. 2012); *Miles v. California*, 320 F.3d 986, 988 n.2 (9th Cir. 2003); *Hygienics Direct Co. v. Medline Indus., Inc.*, 33 F. App'x 621, 624-26 (3d Cir. 2002); *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1338-39 (10th Cir. 1998); *Commodity Futures Trading Comm'n v. Ross Erskine, and Goros, LLC*, No. 1:04-cv-0016, 2006 WL 3526930, at *1 (N.D. Ohio Dec. 6, 2006).[2] Section 1919 provides that "[w]henever any action or suit is dismissed in any district court . . . for want of jurisdiction, such court may order the payment of just costs." 28 U.S.C. § 1919. Unlike under Rule 54(d), an award of costs under § 1919 is permissive, not presumptive, and does not depend on "prevailing party" status. *See Miles*, 320 F.3d at 988 n.2. The Sixth Circuit has not yet addressed whether § 1919 applies in lieu of Rule 54(d) to a request for costs when a case is dismissed for lack of jurisdiction. Regardless of which standard applies, an award of costs to the Legislative Defendants is not warranted in this case.

As an initial matter, under Sixth Circuit precedent, it is at best unclear whether the Legislative Defendants could be considered "prevailing parties" under Rule 54(d). To be a prevailing party, a party must have achieved "at least some relief on the merits of his claim." *Andretti v. Borla Performance Indus.*, 426 F.3d 824, 835 (6th Cir. 2005) (applying meaning of "prevailing party" developed in the context of fee-shifting statutes to Rule 54(d) analysis) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health and Human Res.*, 532 U.S. 598, 603 (2001)); *see also Maker's Mark Distillery, Inc. v. Diageo N. Am., Inc.*, 679 F.3d 410, 425

---

[2] *See also Whitford v. Gill*, 402 F. Supp. 3d 529, 531 (W.D. Wis. 2019) (collecting cases).

(6th Cir. 2012). Further, there must have been a "judicially sanctioned change in the legal relationship of the parties." *Andretti*, 426 F.3d at 835 (quoting *Buckannon*, 532 U.S. at 605).

After Plaintiffs achieved initial success on the merits, and while the appeal of this Court's decision was pending before the Supreme Court, the Supreme Court held in *Rucho* that political gerrymandering claims are nonjusticiable. Consequently, the Supreme Court vacated our prior judgment, and we dismissed the case for lack of jurisdiction. Defendants did not prevail on the merits, which the Supreme Court deemed to involve political questions beyond the scope of federal courts. For that reason alone, it is unlikely the Legislative Defendants are eligible for costs under Rule 54(d). *Assoc. Gen. Contractors of Tenn., Inc. v. Cty. of Shelby*, 5 F. App'x 374, 376-78 (6th Cir. 2001) (affirming district court's finding that plaintiff was not a prevailing party where the court never reached the merits of the case due to an intervening court of appeals decision finding the district court lacked jurisdiction).

Even assuming the Legislative Defendants are prevailing parties, an award of costs is not warranted under Rule 54(d). Although Rule 54(d) creates a presumption in favor of awarding costs to the prevailing party, district courts retain discretion to deny costs when such an award "would be inequitable under all of the circumstances of the case." *Andretti*, 426 F.3d at 836 (citing *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 730 (6th Cir. 1986)); *accord Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001). Factors courts consider when exercising this discretion include the losing party's good faith, the difficulty of the case, the winning party's behavior, and the necessity of the costs. *Singleton*, 241 F.3d at 539.

Plaintiffs' good faith in initiating and litigating this action to challenge Ohio's 2012 redistricting map is readily apparent. Initially ruling in Plaintiffs' favor on the merits, this Court held that the 2012 redistricting map unconstitutionally burdened Plaintiffs' right to associate and advance their political beliefs, concluding that "the dominant party in State government

4

manipulated district lines in an attempt to control electoral outcomes and thus direct the political ideology of the State's congressional delegation." *Ohio A. Philip Randolph Inst.*, 373 F. Supp. 3d at 1163. Moreover, we repeatedly rejected Defendants' jurisdictional challenges to find the claims justiciable. *See Ohio A. Philip Randolph Inst. v. Householder*, 367 F. Supp. 3d 697, 704-08 (S.D. Ohio 2019); *Ohio A. Philip Randolph Inst.*, 373 F. Supp. 3d at 1076-92. Up until its decision in *Rucho*, the Supreme Court grappled with the question of the justiciability of partisan gerrymandering claims, leaving open the possibility that such claims could be justiciable under a workable standard. *See Gill v. Whitford*, 138 S. Ct. 1916 (2018); *Vieth v. Jubelirer*, 541 U.S. 267 (2004); *Davis v. Bandemer*, 478 U.S. 109 (1986); *League of United Latin Am. Citizens v. Perry*, 548 U.S. 399 (2006). In addition, shortly after the Supreme Court issued its opinion in *Rucho*, Plaintiffs moved to voluntarily dismiss the case. Dkt. 285. Accordingly, an award of costs to the Legislative Defendants would be inequitable under the totality of the circumstances, considering Plaintiffs' good faith, as demonstrated by their initial success on the merits and motion to voluntarily dismiss the case, as well as the closeness of the case and intervening change in the law. *See, e.g.*, *Knology, Inc. v. Insight Commc'ns Co.*, 460 F.3d 722, 728 (6th Cir. 2006) (rejecting request for costs based on plaintiff's partial success on the merits, the closeness of the case, and plaintiff's good-faith prosecution of the case).

The Legislative Defendants are also not entitled to "just costs" under 28 U.S.C. § 1919. As discussed, courts applying § 1919 to determine costs following dismissal for lack of jurisdiction do not begin with a presumption in favor of awarding costs to the "prevailing party," nor must they decide which party, if any, should be considered "prevailing." Rather, to determine "just costs," courts consider "what is most fair and equitable under the totality of the circumstances." *Otay*, 672 F.3d at 1157. While seemingly open-ended, this standard reflects the broad discretion traditionally afforded trial courts in awarding costs. *Id.* In *Whitford v. Gill*, a three-judge panel of

5

the Western District of Wisconsin applied § 1919 to determine "just costs" after dismissing a partisan gerrymandering case for lack of jurisdiction following the outcome in *Rucho*. 402 F. Supp. 3d 529, 530-31 (W.D. Wis. 2019). In that case, the district court had similarly ruled in favor of the plaintiffs, declaring a state redistricting map an unconstitutional gerrymander. *Id.* at 530. On appeal, the Supreme Court vacated the district court's decision and remanded the case, giving the plaintiffs an opportunity to establish standing. *Id.* While on remand, the Supreme Court issued its opinion in *Rucho*, prompting the district court to dismiss the case for lack of jurisdiction. *Id.* at 531. Applying the "totality of the circumstances" test, the court found that the defendants were not entitled to "just costs" in light of the plaintiffs' good faith and initial success on the merits, further noting that "it was not unreasonable for Plaintiffs to seek redress in the federal court" based on existing Supreme Court precedent which left "interested parties and lower courts [ ] to continue their search for a judicially discernable and manageable standard for identifying unconstitutional partisan gerrymanders."[3] *Id.* at 533. The same rationale applies here. For the reasons outlined above in application of the totality-of-the-circumstances test under Rule 54(d), namely, Plaintiffs' good faith in pursuing the case under existing precedent and the closeness of the case, the Legislative Defendants are not entitled to "just costs" under § 1919. Under the circumstances presented, it is most fair and equitable for each party to bear their own costs.

Moreover, the Legislative Defendants' argument that under the "law of the case" doctrine, they are entitled to costs in the district court because the Supreme Court awarded them costs for expenses incurred before it is not persuasive. The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in

---

[3] The Legislative Defendants argue that *Whitford* is distinguishable because in that case, the Supreme Court did not order costs when it vacated the district court's decision. Dkt. 295 at 4. Defendants are mistaken. While the Supreme Court's published opinion does not reference costs, the certified copy of the judgment filed in the case record reflects that the Supreme Court did award costs to the appellants for costs expended before it in the amount of $10,767.20. Certified Copy of Judgment from Supreme Court, *Whitford v. Gill*, No. 3:15-cv-421 (W.D. Wis. July 25, 2018) (No. 195).

subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988). An award of costs by the Supreme Court is governed by Supreme Court Rule 43, which states:

> 1. If the Court affirms a judgment, the petitioner or appellant shall pay costs unless the Court otherwise orders.
>
> 2. If the Court reverses or vacates a judgment, the respondent or appellee shall pay costs unless the Court otherwise orders.

Thus, the Supreme Court awards costs in an automatic fashion based solely on whether the Court affirms a judgment or reverses/vacates a judgment; whereas district courts must consider whether cost shifting is warranted under either Federal Rule of Civil Procedure 54(d) or 28 U.S.C. § 1919. Although Supreme Court Rule 43 and Federal Rule of Civil Procedure 54(d) both carry a presumption of cost shifting, as demonstrated by the above discussion, determining which party, if any, is a "prevailing party" under Rule 54(d) requires more than simply looking to which party achieved reversal of a previous judgment. Further, 28 U.S.C. § 1919 does not carry a presumption of costs and supplies a discretionary "just costs" standard. *See Miles*, 320 F.3d at 988 n.2. In short, the Supreme Court did not analyze whether costs are appropriate under either the "prevailing party" standard of Federal Rule of Civil Procedure 54(d)(1) or the "just costs" standard of 28 U.S.C. § 1919, which remained an open question for this Court. *Cf. Exxon Valdez v. Exxon Mobil Corp.*, 568 F.3d 1077, 1081 (9th Cir. 2009) (rejecting argument that costs were appropriate based on the Supreme Court's award of costs due to the different standards under Supreme Court Rule 43.2 and Federal Rule of Appellate Procedure 39(a)(4)); *see also Planned Parenthood of N. New Eng. v. Ayotte*, 571 F. Supp. 2d 265, 272 (D.N.H. 2008) ("The [Supreme] Court's decision to award costs was a ministerial application of its rule and not a considered analysis of prevailing party status [for purposes of 42 U.S.C. § 1988].").

Finally, the Legislative Defendants request $300 in their Bill of Costs for "Costs as shown on Mandate of Court of Appeals." Dkt. 290 at 1. However, the Supreme Court has already awarded that amount for costs incurred therein. *See* Dkt. 288. This Court need not award that amount for a second time. *See, e.g.*, *Herdrich v. Pegram*, 6 F. App'x 480, 481 (7th Cir. 2001).

### III. CONCLUSION

For the forgoing reasons, we **DENY** the Legislative Defendants' request for costs (Dkt. 290).

ENTERED: February 4, 2020

*s/ Karen Nelson Moore*
KAREN NELSON MOORE
United States Circuit Judge

*s/ Timothy S. Black*
TIMOTHY S. BLACK
United States District Judge

*s/ Michael H. Watson*
MICHAEL H. WATSON
United States District Judge